JONATHAN SELBIN (Cal. Bar No. 170222)
jselbin@lchb.com
MICHELLE LAMY (Cal. Bar No. 308174)
mlamy@lchb.com
NIGAR A. SHAIKH (*pro hac vice* pending)
nshaikh@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

ELIZABETH A. FEGAN (admitted *pro hac vice*)
beth@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

LYNN A. ELLENBERGER (admitted *pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT LLC
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA,<br><br>Defendants. | Case No. 3:22-CV-01559-LB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY**<br><br>Date: April 21, 2022<br>Time: 9:30 A.M.<br>Court: Courtroom B, 15th Floor |

## I. INTRODUCTION

Plaintiffs hereby move to proceed in this case under the pseudonyms "John Doe 1," "John Doe 2," and "John Doe 3." As survivors of psychological abuse, repeated inappropriate sexual conduct, and retaliation within a premier sporting program and in a sport in which they still aspire to build careers, Plaintiffs reasonably fear that disclosure of their identities will bring them further ridicule and harm. The highly sensitive and personal nature of Plaintiffs' allegations, the public interest in protecting the identity of survivors of sexual abuse, and the lack of prejudice to Defendants, all weigh in favor of allowing Plaintiffs to proceed anonymously.

Because the Ninth Circuit routinely permits anonymous pleading in cases of this nature, Plaintiffs respectfully submit that this motion should be granted.

## II. BACKGROUND

For decades, the University of San Francisco ("USF") employed two baseball coaches despite an awareness that these coaches created an intolerable sexualized environment within USF's Division I baseball team that included persistent psychological abuse and repeated inappropriate sexual conduct. ECF No. 1 ("Compl."), ¶ 5. Head Coach Nino Giarratano ("Coach G") and Assistant Coach Troy Nakamura ("Coach Naks") (collectively, the "Coach Defendants") wielded their power over the student-athletes in their charge to psychologically abuse them, destroying their spirits to the point where multiple players have become suicidal. *Id*.

Within this environment, the Plaintiffs endured a culture where, in the light of day, it was "normal" to see Coach Naks naked on the field or in a window, swinging his penis in a helicopter fashion while the entire team—and Coach G—watched. *Id*. ¶ 6. They endured a culture where, under the guise of relaxing the student-athletes before practice, it was "normal" for Coach Naks to mime sexual acts with the players, and "normal" for the Coach Defendants to discuss their sexual preferences—including the sexual acts they would like to engage in, and the bodily fluids they would like to drink—with Plaintiffs and other members of the USF baseball team. *Id*. ¶¶ 7-8.

When Plaintiffs refused to condone or participate in this sexualized atmosphere, the Coach Defendants subjected each of them to extreme retaliation and psychological abuse. *Id*. ¶ 10. The Coach Defendants berated, belittled, and disparaged the Plaintiffs; threatened to take away their

1  playing time and their scholarships; and told them to leave USF and not come back. *Id*.

2  The Coach Defendants' retaliatory campaign was effective. Of the three Plaintiffs, only
3  one plans to remain at USF. *Id*. ¶ 12. But all three—each a committed and talented athlete in his
4  prime—still desire to make a collegiate and potentially professional career in baseball.

5  **III.    LEGAL STANDARD**

6  The Ninth Circuit instructs that a party "may preserve his or her anonymity in judicial
7  proceedings in special circumstances when the party's need for anonymity outweighs prejudice to
8  the opposing party and the public's interest in knowing that party's identity." *Does 1 Thru XXIII*
9  *v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Specifically, parties are allowed
10 to use pseudonyms "when nondisclosure of the party's identity 'is necessary . . . to protect a
11 person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quoting
12 *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The district court's decision to grant
13 or deny an application to proceed anonymously is reviewed for abuse of discretion. *Id*. at 1069.

14 "When a party requests 'Doe' status, the factors to be 'balance[d] . . . against the general
15 presumption that parties' identities are public information,' are: '(1) the severity of the threatened
16 harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's
17 vulnerability to such retaliation.'" *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015) (quoting
18 *Advanced Textile,* 214 F.3d at 1068) (internal citation omitted). Courts in this Circuit routinely
19 permit litigants bringing allegations of a sexual nature to proceed anonymously. *See, e.g.*, *Jane*
20 *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011
21 (holding that because plaintiff's allegations involved a sexual assault, she could proceed
22 anonymously); *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 595 (E.D. Cal. 2008) (permitting
23 victims of sexual harassment to participate in litigation anonymously); *Alyssa C. v. Palo Alto*
24 *Hous. Corp.*, No. C 07-1112 JW, 2007 WL 878524, at *1 (N.D. Cal. Mar. 20, 2007) ("Situations
25 where courts have found sufficient privacy concerns to warrant proceeding under a fictitious
26 name have included such matters as . . . rape."). Indeed, courts allow the use of pseudonyms even
27 in cases involving the "'sensitive and highly personal'" area of "human sexuality." *Jane Roes 1-2*
28 *v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015) (collecting cases).

For example, in *Penzato*, the plaintiff-survivor sought anonymity on the grounds that the case involved matters of 'a highly sensitive and personal nature" to her, 'including the emotional and psychological impact of being a victim of . . . sexual battery." 2011 WL 1833007, at *3 (internal quotation marks omitted). The plaintiff further argued that publishing her name "would open her to inquiries from the press and other interested individuals, and that her ability to recover from her trauma would thus be compromised." *Id.* The *Penzato* court granted the plaintiff's application to proceed anonymously, noting the public's interest in protecting the identity of sexual assault survivors so that other survivors will "come forward and enforce their rights without fear of additional trauma and privacy violations." *Id*. at *5 (citation omitted).

## IV.   ARGUMENT

Given the highly sensitive and personal nature of Plaintiffs' allegations, the public interest in protecting the identity of survivors of sexual abuse, and the lack of prejudice to Defendants, Plaintiffs should be permitted to proceed anonymously.

### A.   Plaintiffs' Sexualized Abuse and Retaliation Provide Special Circumstances of a Highly Personal Nature.

Plaintiffs need to proceed anonymously because the risk of harm is severe: this litigation involves allegations of psychological abuse, repeated inappropriate sexual conduct that created an intolerable sexualized environment, and retaliation by the Coach Defendants. Plaintiffs bring claims against the National Collegiate Athletic Association ("NCAA"), USF, and the Coach Defendants. Being publicly identified would have a calamitous effect on Plaintiffs, including exacerbating the invasion of privacy, humiliation, distress, and emotional harm they have suffered because of Defendants' actions. It is well known that there is substantial stigma attached to sexual assault that can and does detrimentally affect educational, employment, and social prospects. *See* Paul Marcus & Tara L. McMahon, *Limiting Disclosure on Rape Victims Identities*, 64 S. Cal. L. Rev. 1020, 1030-36 (1991) (discussing the stigma attached to rape). Additionally, identification of Plaintiffs poses the risk of retaliatory mental harm to Plaintiffs, their families, and other innocent nonparties.

Furthermore, Plaintiffs fear that they will be the subject of unwanted media attention and

scrutiny if their identities are revealed, given the close media scrutiny that these incidents have received. Plaintiffs courageously refused to allow the attacks to dictate their lives and continue to go to school and/or work and maintain social and professional relationships. Revealing their identities and subjecting them to unwanted media attention may be devastatingly harmful to those social and professional relationships and future aspirations. *See Penzato*, 2011 WL 1833007, at *3 (finding such concerns relevant in granting plaintiff's application to proceed anonymously).

### B. Anonymity for Plaintiffs Is in the Public Interest.

For similar reasons, the public interest supports allowing Plaintiffs to proceed anonymously. *See, e.g.*, *Penzato*, 2011 WL 1833007, at *3 ("'[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'"); *Heineke v. Santa Clara Univ.*, No. 17-CV-05285-LHK, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017) ("[T]he public interest is served in allowing an alleged victim of sexual harassment to be sued under pseudonym to avoid deterring other victims from coming forward.").

Here, Plaintiffs were subjected to persistent psychological abuse and repeated inappropriate sexual conduct perpetuated by the Coach Defendants, a pattern of misconduct that our country has seen is part of a much larger and continuing cycle of abusive coaches who move unchecked among schools. This pattern has only begun to be dismantled through the courage of survivors such as Plaintiffs. As this case, and the many others like it, clearly illustrates, it is in the public interest to protect and encourage survivors of sexual misconduct, such as Plaintiffs, to come forward without the risk of humiliation, harassment, retaliation, and unwanted public attention, in order to prevent future victimization of vulnerable individuals. A contrary determination may result in deterring other survivors of sexual abuse and sexual harassment from coming forward to vindicate their rights, and in allowing predators to continue to harm others without fear of prosecution.

### C. There Is No Prejudice to Defendants in Allowing Plaintiffs to Proceed Anonymously.

Finally, Plaintiffs' need for anonymity does not present any prejudice to Defendants.

Plaintiffs do not seek to prevent Defendants from knowing their identities, but rather, only seek to shield their identities from the public. Courts have found that where defendants have access to plaintiffs' identities, there is no prejudice. *See, e.g.*, *Doe v. City & Cty. of San Francisco*, No. 16-CV-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017) ("Notably, Defendants identify no prejudice to allowing Plaintiff to proceed under a pseudonym, particularly where Defendants are aware of Plaintiff's real name."); *Heineke*, 2017 WL 6026248, at *23 (finding no prejudice "especially" where the party knows Doe's true identity). Here, Plaintiffs will disclose their identities to Defendants, so there is no prejudice.

Furthermore, Defendants' public exposure is not affected by whether Plaintiffs' identities are revealed to the public. *Penzato*, 2011 WL 1833007, at *4. As a result, Defendants will not be prejudiced by this Court's action to protect Plaintiffs from public identification, particularly at this early stage.

### V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court permit them to proceed with this action anonymously.

Dated: March 14, 2022              Respectfully submitted,

By:    */s/ Jonathan Selbin*

Jonathan Selbin (Cal. Bar No. 170222)
jselbin@lchb.com
Michelle Lamy (Cal. Bar No. 308174)
mlamy@lchb.com
Nigar A. Shaikh (*pro hac vice* pending)
nshaikh@lchb.com
LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Elizabeth A. Fegan (admitted *pro hac vice*)
beth@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

Lynn A. Ellenberger (admitted *pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT LLC
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100

*Attorneys for Plaintiffs and the Proposed Class*