UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE 15, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNIVERSITY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case Nos. 22-cv-01559-LB, 25-cv-05311-LB<br><br>ORDER WITHDRAWING RELATED-CASE DETERMINATION AND REASSIGNMENT |

The court related this case to *Doe 1 v. National Collegiate Athletic Association*, 22-cv-01559-LB. (Order, *Doe 1*, No. 22-cv-01559-LB – No. 350.) But before that happened, the plaintiffs declined magistrate-judge jurisdiction in the new case, *Doe 15 v. University of San Francisco*, No. 25-cv-05331-LB. (Declination – ECF No. 14.) The court agrees that the two cases are related under Civil Local Rule 3-12(a) and that the movant's request is otherwise proper under that rule. Civil L.R. 3-12(a) (cases are related when they concern substantially the same parties, property, transaction, or event, and it is likely that there would be an unduly burdensome duplication of labor and expense or conflicting results if different judges presided over the cases).

But at least in some other cases, magistrate judges have determined that when a party has declined magistrate-judge jurisdiction, the court cannot order a case related and reassigned. Also, here, while it was easy for the undersigned to make a split-second call that the new case is related to the low-numbered case, maybe the determination is different for the newly assigned judge. For

ORDER – Nos. 22-cv-01559-LB, 25-cv-05311-LB

one, the new plaintiffs were part of the class before the court denied class certification without prejudice. Also, the new case apparently has contract claims that the plaintiffs abandoned after several rounds of motions to dismiss. (Mot. to Relate Cases, No. 22-cv-01559-LB – ECF No. 349 at 2.) The court shortcut the ordinary process under Rule 3-12(e), which requires compliance with Local Rule 7-11, which allows for a response to the administrative motion.

Because in these circumstances, it could be procedurally improper to relate and reassign a declined case, which can be reassigned only to a district judge, and because the related-case inquiry did not involve the ordinary process under rules 3-12(e) and 7-11, the court withdraws its related-case determination without prejudice to the parties' reasserting any renewed motion, which should be filed in both cases. Any renewed motion must address these issues, and the court will allow the full process, including a response to the renewed motion. The plaintiffs are free to change their mind and consent to magistrate jurisdiction, though of course, they need not do so,

For now, given the declination, case number 25-cv-05311-LB will be reassigned.

**IT IS SO ORDERED.**

Dated: July 12, 2025

LAUREL BEELER
United States Magistrate Judge