UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE 1, et al., | Case No. 22-cv-01559-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING ADMINISTRATIVE MOTION TO PROCEED ANONYMOUSLY** |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., | Re: ECF Nos. 53, 59 |
| Defendants. | |

## INTRODUCTION

The parties dispute whether the plaintiffs may proceed anonymously in this litigation.[1] The defendants oppose the motion on the grounds that the allegations are not, in the defendants' view, serious enough to warrant shielding the plaintiffs' identities from the public. The defendants also claim that maintaining the plaintiffs' anonymity will prejudice their ability to conduct discovery and investigate the plaintiffs' allegations.[2] The court grants the plaintiffs' motion to proceed anonymously because the nature of the allegations supports the plaintiffs' position that revealing their identities could cause mental or emotional harm and possible retaliation in the community.

---

[1] Admin. Mot. – ECF No. 53; Opp'n – ECF No. 55. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Opp'n – ECF No. 55.

ORDER – No. 22-cv-01559-LB

**STATEMENT**

The court previously granted the request of Does 1–3, who were all freshmen at defendant USF in 2020, to proceed anonymously.[3] Does 4–12, who were at USF before 2020, have now also asked for permission to proceed anonymously.[4] Defendants Anthony N. Giarratano and Troy Nakamura coached Does 4–12 at USF between 1999 to 2018.[5]

According to the plaintiffs, their allegations of inappropriate sexual conduct warrant a departure from the usual rule that litigants are identified by name.[6] To support their request to proceed anonymously, they cite the possibility that they will be subjected to humiliation, unwanted media attention, and possible retaliation.[7] The plaintiffs also state that they do not seek to prevent the defendants from learning their identities.[8]

Several defendants, including the National Collegiate Athletic Association (NCAA), Mr. Giarratano, and Mr. Nakamura, initially stipulated to allow Does 4–12 to proceed anonymously.[9] Defendants Mr. Giarratano and Mr. Nakamura, however, later withdrew their agreement to the stipulation because the plaintiffs demanded that Mr. Nakamura's counsel refrain from disclosing the Doe plaintiffs' identities when investigating the claims.[10] According to Mr. Giarratano and Mr. Nakamura, the plaintiffs' counsel has not revealed the identities of the Doe plaintiffs to them.[11] And as counsel for USF points out, the NCAA reserved the right to take a different position on plaintiffs' anonymity as a condition to its agreement to the stipulation.[12]

---

[3] Order – ECF No. 14; First Am. Compl. – ECF No. 38 at 12 (¶¶ 38–40).

[4] Admin. Mot. – ECF No. 53 at 2.

[5] *Id.* at 3.

[6] *Id.* at 4–5.

[7] *Id.* at 5.

[8] *Id.* at 6

[9] Stipulation – ECF No. 53–2 at 2.

[10] Nakamura Withdrawal – ECF No. 56; Giarratano Withdrawal – ECF No. 57.

[11] Nakamura Withdrawal – ECF No. 56 at 2; Giarratano Withdrawal – ECF No. 57 at 2; Selbin Suppl. Decl. – ECF No. 54 at 3 (¶¶ 7–8).

[12] Opp'n – ECF No. 55 at 6 n.4.

1    Defendants USF, Mr. Giarratano and Mr. Nakamura now oppose the plaintiffs' motion to
2    proceed anonymously.[13] These defendants argue that the plaintiffs' allegations are not severe
3    enough to warrant their request to proceed anonymously and that — because none of the plaintiffs
4    identified as Does 4–12 are current USF students — there is no chance of retaliation.[14] Defendant
5    USF also asks the court to strike the "Notice" filed by the plaintiffs, in which they asked for an
6    opportunity to respond to the defendants' opposition either through a hearing or reply brief.[15]

7    The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[16] The court held
8    a hearing on August 25, 2022.

## ANALYSIS

In litigation, the general presumption is "that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "This presumption is loosely related to the public's right to open courts . . . and the right of private individuals to confront their accusers." *Id.* (cleaned up).

When a plaintiff asks to proceed anonymously, the court must balance "the general presumption that parties' identities are public information" against "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to . . . retaliation." *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015). Regarding the first and second elements, courts have found that certain kinds of privacy interests support maintaining a plaintiff's anonymity.

For example, courts have found that allegations involving the following issues warrant protecting a plaintiff's identity: (1) a plaintiff's HIV-positive status (*Doe v. City & Cnty. of San Francisco*, No. 16-cv-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017)); (2) the sensitive nature of sexual assault allegations (*Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011)); and (3) "nude and semi-nude dancing" because it

---

[13] *Id.* at 2; Withdrawals of Stipulation and Joinders – ECF Nos. 56, 57.

[14] Opp'n – ECF No. 55 at 4, 6.

[15] Notice – ECF No. 58 at 2; Mot. to Strike – ECF No. 59.

[16] Consents – ECF Nos. 15, 30, 35, 42, 48.

ORDER – No. 22-cv-01559-LB                3

involves "the area of human sexuality" (*Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015)).

Here, the plaintiffs' allegations relate to coaches' exposing themselves and asking about the plaintiffs' sex lives and their genitalia.[17] The allegations fall within "the area of human sexuality" and are not meaningfully different from the kinds of allegations that have supported requests to proceed anonymously in other cases. *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 994–97 (allowing nude dancers to proceed anonymously in a wage-and-hour class action); *see also William v. Morrison & Foerster LLP*, No. 18-cv-02542-JSC, 2021 WL 3012739, at *1 (N.D. Cal. Mar. 12, 2021) (summary-judgment order in case where gender-discrimination plaintiffs were allowed to proceed anonymously); Am. Min. Order; *William v. Morrison & Foerster LLP*, No. 18-cv-02542-JSC (N.D. Cal. Apr. 18, 2019), ECF No. 78 (granting plaintiffs' motion to proceed under pseudonyms).

The plaintiffs are not precluded from proceeding anonymously simply because the allegations do not appear to involve physical sexual assault. *See Doe v. Mass. Inst. of Tech.*, No. 22-1056, 2022 WL 3646028, at *9 (1st Cir. Aug. 24, 2022) (holding that "[a] reasonable fear of severe harm" is not the "sine qua non for allowing plaintiffs to seek Doe status") (quoting *Doe ex rel. Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 625 F.3d 1182, 1192 (9th Cir. 2010) (Reinhardt, J., dissenting from the denial of rehearing en banc)). Rather than falling short, the allegations involve sensitive topics such as the plaintiffs' sexuality that justify the plaintiffs' request to proceed anonymously.

Concerning retaliation, the Ninth Circuit has stated that, "[i]n this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment'" and then noted that in *Doe v. Madison Sch. Dist. No. 321*, 147 F.3d 832, 834 n.1 (9th Cir. 1998), *vacated on other grounds*, 177 F.3d 789 (9th Cir. 1999) (en banc), the "plaintiff filed [the] case as 'Jane Doe'

---

[17] Opp'n – ECF No. 55 at 3–4; First Am. Compl. – ECF No. 38 at 45–47, 87–88 (¶¶ 174, 178–80, 182, 418).

ORDER – No. 22-cv-01559-LB    4

because she feared retaliation by the community." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up). Accordingly, other kinds of retaliation, including community retaliation, may support a motion to proceed anonymously. *Id.*

Furthermore, the court in *Penzato* held that the retaliation analysis was inapplicable because the plaintiff was no longer employed by the defendant who was accused of sexually assaulting the plaintiff and failing to pay proper wages. 2011 WL 1833007, at *3–4. But the court ultimately allowed the plaintiff to proceed anonymously based on her privacy interest alone. *Id.* at *5. In other words, it is not necessary to prove a risk of retaliation to proceed anonymously. And in any event, the nature of the allegations here involving college athletics pose an apparent risk of retaliation given the interest college athletics often generate in communities and on college campuses.

Regarding the impact of anonymity on discovery, the Ninth Circuit has stated that when the defendants do not know the plaintiffs' identity, it may ultimately "be necessary to reveal [the] plaintiffs' identity" to allow the defendants to refute certain allegations. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d at 1072. But where the defendants know the plaintiffs' names, "anonymity need not, and should not, impede either party's ability to develop its case" even though it is "foreseeable that anonymity [will] raise problems for discovery." *Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d at 996.

The plaintiffs do not seek to prevent the defendants from learning their identities.[18] But the plaintiffs have asked that the plaintiffs' identities be maintained with "strict confidentiality."[19] The plaintiffs will need to disclose their identities to the defendants' counsel and the specific level of confidentiality the plaintiffs seek will need to be resolved in a protective order. Nevertheless, this issue is separate from the plaintiffs' ability to proceed under pseudonyms in court filings.

---

[18] Admin. Mot. – ECF No. 53 at 2.

[19] Rapkin Decl. – ECF No. 56-1 at 2–3 (¶¶ 3–7); Selbin Suppl. Decl. – ECF No. 54 at 3 (¶ 7).

1   Lastly, the defendants contend that the efforts of the plaintiffs' counsel to publicize the case
2   undercuts the basis for the plaintiffs to proceed anonymously.[20] This argument is not persuasive.
3   One reason to permit a plaintiff to proceed anonymously is "to forestall a chilling effect on future
4   litigants who may be similarly situated." *Doe v. Mass. Inst. of Tech.*, 2022 WL 3646028, at *8.
5   Accordingly, the comments of the plaintiffs' counsel in the media and on social media — which
6   do not reveal the plaintiffs' identities and may, of course, be subject to other limitations — are
7   consistent with the plaintiffs' request to proceed anonymously.

## CONCLUSION

The plaintiffs' motion to proceed anonymously is granted. After a protective order is in place (either based on a stipulation or order following a motion), the plaintiffs must provide the defendants' counsel with the identity of the Doe plaintiffs.

The court also grants the defendants' motion to strike the plaintiffs' "Notice" (ECF No. 58) because Local Rule 7-11 (governing motions for administrative relief) does not provide for the filing of a reply brief in support of an administrative motion.

**IT IS SO ORDERED.**

Dated: August 30, 2022

LAUREL BEELER
United States Magistrate Judge

---

[20] Opp'n – ECF No. 55 at 3.

ORDER – No. 22-cv-01559-LB            6