CAROLYN HOECKER LUEDTKE (State Bar No. 207976)
Carolyn.Luedtke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

HAILYN J. CHEN (State Bar No. 237436)
Hailyn.Chen@mto.com
BRANDON E. MARTINEZ (State Bar No. 318749)
Brandon.Martinez@mto.com
ARIEL TESHUVA (State Bar No. 324238)
Ariel.Teshuva@mto.com
APRIL YOUPEE-ROLL (State Bar No. 331761)
April.Youpee-Roll@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendant The National Collegiate
Athletic Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, and JOHN DOE 12, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA,<br><br>Defendants. | Case No. 3:22-cv-01559-LB<br><br>**DEFENDANT NCAA'S REQUEST FOR APPLICATION OF THE INCORPORATION BY REFERENCE DOCTRINE OR JUDICIAL NOTICE OF DOCUMENTS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>*[Filed Concurrently with Defendant NCAA's Motion to Dismiss First Amended Class Action Complaint and Declaration of Kristopher L. Richardson in Support of Defendant NCAA's Motion to Dismiss First Amended Class Action Complaint]*<br><br>Judge: Hon. Magistrate Laurel Beeler<br>Trial Date: None Set<br>Hearing Date: December 8, 2022<br>Hearing Time: 9:30 a.m. |

**DEFENDANT NCAA'S REQUEST FOR APPLICATION
OF THE INCORPORATION BY REFERENCE DOCTRINE OR JUDICIAL NOTICE**

## I. INTRODUCTION

Defendant the National Collegiate Athletic Association ("NCAA") respectfully requests that the Court treat as incorporated by reference or take judicial notice of **Exhibit 1** to the Declaration of Kristopher L. Richardson ("Richardson Declaration" or "Richardson Decl.") in Support of Defendant the National Collegiate Athletic Association's Motion to Dismiss ("Motion," "Motion to Dismiss," or "Mot.") the First Amended Class Action Complaint ("FAC"). Exhibit 1 consists of excerpts of relevant sections of the NCAA Constitution, Operating Bylaws, and Administrative Bylaws for NCAA Division I (collectively, the NCAA Division I Manual, hereinafter "Manual") for 2021–2022 ("Manual"). The Manual is available on the NCAA's website,[1] and Plaintiffs cite in the FAC to specific provisions of the Manual on the NCAA's website.[2] *See* FAC ¶¶ 88 & n.52, 89–91 & nn.53–55, 94–96 & nn.57–58, 98, 124 n.93, 615, 617–620 & n.140, 632, 634 & n.141, 641, 657, 692, 694–697 & n.143, 711, 713 & n.144.

As the NCAA explains in its Motion (*see* Mot. at 6 n.1, 13 n.6), this Court can and should consider the Manual in resolving the NCAA's motion to dismiss the FAC for lack of personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2) and (3). Courts can consider evidence outside the pleadings in resolving motions to dismiss for lack of personal jurisdiction and venue. *E.g.*, *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (personal jurisdiction); *Kurisu v. Svenhard Swedish Bakery Supplemental Key Mgmt. Ret. Plan*, 2021 WL 2474439, at *2 (N.D. Cal. June 17, 2021) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004)) (venue). But the Court can also consider the Manual in resolving the NCAA's motion to dismiss the FAC for failure to state a claim under Rule 12(b)(6) for two reasons: the Manual is incorporated into the FAC by reference, and it is judicially noticeable under Federal Rule of Evidence 201.

---

[1] *See* http://fs.ncaa.org.s3.amazonaws.com/Docs/Manuals/2021-22GOVD1_Manual.pdf.
[2] Because the Manual is lengthy and deals largely with matters not at issue in the litigation, the NCAA provides only the relevant sections and only seek judicial notice or incorporation by reference of those relevant excerpts.

## II. ARGUMENT

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Because the Manual is referenced extensively in the FAC and it forms the basis of several causes of action, this Court should treat it as incorporated into the FAC by reference.

In the alternative, the Court should take judicial notice of the Manual under Federal Rule of Evidence 201. The Manual is "not subject to reasonable dispute" because its existence is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

### A. The FAC Incorporates the Manual by Reference.

Under the incorporation by reference doctrine, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled in part on other grounds*, *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1123–24 (9th Cir. 2002). A "defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. Courts will treat a document as incorporated by reference if it forms the basis of the plaintiff's claims or if it is repeatedly referenced in the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. The Down Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

The incorporation-by-reference doctrine applies here. Plaintiffs' FAC references and purports to quotes extensively from the Manual. *See, e.g.*, FAC ¶¶ 88 & n.52, 89–91 & nn.53–55, 94–95 & nn.57–58. The Manual (containing the NCAA's Constitution and Bylaws) serves as the basis for Plaintiffs' negligence and contract-related claims. *See, e.g.*, *id.* ¶¶ 641, 657 (alleging that the NCAA had a duty to act partially arising from "[t]he NCAA's Constitution and Bylaws"); *id.*

¶¶ 615, 617–621 & n.140 ("The Manual thus constitutes a contract between the NCAA and Plaintiffs . . . ."); *id.* ¶¶ 632–635 & n.141 ("As an express condition of its membership in the NCAA, each institution must agree to abide by its respective NCAA Division Manual, which expressly encompasses the NCAA Constitution, Operating Bylaws, and Administrative Bylaws. The Manual thus constitutes a contract between the NCAA and its member institutions. . . . Plaintiffs and the USF Baseball Subclass are third-party beneficiaries of the contract between the NCAA and its members . . . ."). However, Plaintiffs do not attach a copy of the Manual to the FAC. Instead, the FAC directs the Court to a website to find a copy of the Manual. *Id.* ¶ 88 & n.52.

The Court should treat the Manual, excerpts of which are attached as Exhibit 1 to the Richardson Declaration, as incorporated by reference because it is quoted and referenced extensively in the FAC and is available on the NCAA's website, which is also cited in the FAC. *See, e.g.*, *Parrino*, 146 F.3d at 706 (court could deem health-plan document incorporated by reference where complaint referenced the terms of the plan and plaintiff's claims "rest[ed]" on those terms, rendering the document "essential to his complaint"). Because Plaintiffs allege the contents of the Manual, the full Manual is incorporated by reference even though Plaintiffs cite only to some of its provisions. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (deeming full webpage incorporated by reference because complaint referenced parts of the webpage, even though complaint did not reference other parts of webpage); *Parrino*, 146 F.3d at 706 (deeming document governing employee health plan incorporated by reference where coverage claim was based on the contents and terms of the plan generally). This Court should therefore consider the Manual's contents in resolving the NCAA's motion to dismiss under Rule 12(b)(6), in addition to considering it in resolving the NCAA's motions under Rules 12(b)(2) and (3). *See, e.g.*, *Sumotext Corp. v. Zoove, Inc.*, 2017 WL 2774382, at *6 (N.D. Cal. June 26, 2017) (dismissing third-party-beneficiary claim as implausible because it was precluded by the language of the underlying contract, which was incorporated by reference); *Tessera, Inc. v. UTAC (Taiwan) Corp.*, 2012 WL 1067672, at *1 n.1 (N.D. Cal. Mar. 28, 2012) (in suit for breach of contract, deeming underlying contract not attached to the complaint as incorporated by reference); *Lucky*

1  *Leather, Inc. v. Mitsui Sumitomo Ins. Grp.*, 2013 WL 12139116, at *1 (C.D. Cal. Feb. 26, 2013)
2  (in suit for breach of contract, deeming underlying contract incorporated by reference because it
3  was referenced repeatedly throughout the complaint and formed the basis of two of plaintiff's
4  claims).

5        Plaintiffs' selective quotation from the Manual creates further policy grounds to treat it as
6  incorporated by reference. "The doctrine prevents plaintiffs from selecting only portions of
7  documents that support their claims, while omitting portions of those very documents that
8  weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th
9  Cir. 2018). These concerns apply here. As discussed in the NCAA's Motion to Dismiss,
10 Plaintiffs have extensively quoted from and referred to the Manual and rely on it to form the basis
11 of several of their causes of action, but Plaintiffs selectively quote the Manual, omitting portions
12 of it that accurately represent the relationship of the NCAA and its member institutions. *See* Mot.
13 at 31–32. In the FAC, Plaintiffs represent, for example, that the NCAA promised, for their
14 benefit, to *require* member institutions to "establish and maintain an environment that fosters a
15 positive relationship between the student-athlete and coach" and "establish and maintain an
16 environment in which a student-athlete's activities are conducted as an integral part of the student-
17 athlete's educational experience." FAC ¶ 634(f)–(g). But Plaintiffs omit that the Manual in fact
18 states that it is "*the responsibility of each member institution*," who oversees the day-to-day
19 operations of their respective athletic operations, to take those actions. *See* Richardson Decl., Ex.
20 1 at 2 (emphasis added) (NCAA Const. art. 2, §§ 2.2.1, 2.2.4). Read in its entirety without the
21 FAC's selective omissions, the Manual makes clear that it is "*the responsibility of each member*
22 *institution* to protect the health of, and provide a safe environment for, each of its participating
23 student-athletes," "to establish and maintain an environment that fosters a positive relationship
24 between the student-athlete and coach," and "to establish and maintain an environment in which a
25 student-athlete's activities are conducted as an integral part of the student-athlete's educational
26 experience." *Id.* (NCAA Const. art. 2, §§ 2.2.1, 2.2.4). Because the FAC mischaracterizes at least
27 some of the Manual provisions it purport to quote, treating the Manual as incorporated by
28 reference furthers the "policy concern" behind the incorporation-by-reference doctrine:

"Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino*, 146 F.3d at 706. Because at least some of the FAC's key references to the Manual are incomplete, recognizing that it is incorporated into the FAC by reference is appropriate.

**B.    The Manual Is Also Judicially Noticeable.**

Alternatively, this Court can and should take judicial notice of the Manual under Federal Rule of Evidence 201. "Judicial notice of contracts"—which is what Plaintiffs incorrectly contend the Manual is, *see, e.g.*, FAC ¶ 632—"is proper when contracts are integral to the complaint and no party disputes the contracts' identity and accuracy." *Am. Zurich Ins. Co. v. Country Villa Serv. Corp.*, 2014 WL 12588687, at *4 (C.D. Cal. Oct. 2, 2014). As discussed above, the Manual forms the basis of Plaintiffs' negligence and contract-based claims.

The Manual is "not subject to reasonable dispute," as its existence is a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Manual is publicly available on the NCAA's website[3]; courts often take notice of publicly available websites. *See Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of facts on the NFL's website). And the NCAA has authenticated the Manual as an NCAA document by declaration. *See* Richardson Decl. ¶¶ 10–11; *see also, e.g.*, *Knowles v. Pac. Gas & Elec. Co.*, 2007 WL 9711965, at *3 (N.D. Cal. Nov. 29, 2007) (in suit for breach of contract, taking judicial notice of agreements authenticated by declaration); *McColgan v. Mut. of Omaha Ins. Co.*, 4 F. Supp. 3d 1228, 1232–33 (E.D. Cal. 2014) (in suit for breach of insurance agreement, taking judicial notice of "the operative policy underlying the claims in this action and relied on in the Complaint" that defendant authenticated through declaration); *Clevenger v. Riviana Foods Inc.*, 2019 WL 8167916, at *3 (C.D. Cal. Oct. 22, 2019) (taking judicial notice of documents referenced in a complaint and holding that declaration authenticating them was "a source whose accuracy cannot reasonably be questioned").

---

[3] *See* http://fs.ncaa.org.s3.amazonaws.com/Docs/Manuals/2021-22GOVD1_Manual.pdf.

Moreover, the parties do not dispute the contents of the Manual or its "identity and accuracy," *Am. Zurich Ins.*, 2014 WL 12588687, at *4, but rather its independent legal effect.  As such, the sections of the Manual cited in the NCAA's Motion to Dismiss and attached to the Richardson Declaration are subject to judicial notice.  *See, e.g.*, *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019) ("A document which itself affects the legal rights of the parties is not introduced for the truth of the matter asserted because the significance of the offered statement lies solely in the fact that it was made." (cleaned up)); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (taking judicial notice of policy referenced throughout complaint because plaintiffs disputed only "the legal effect of the policy, which is outside the inquiry of judicial notice," and "[i]t would be unfair for Plaintiffs to reference this document to show the change in Facebook's Data Policy and suppress the actual policy").

## III.  CONCLUSION

For purposes of resolving the NCAA's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court should apply the incorporation by reference doctrine and consider the Manual as if it was attached to the FAC.  Alternatively, the Court should take judicial notice of the Manual.

DATED:  September 12, 2022                      MUNGER, TOLLES & OLSON LLP


                                                By:      /s/ Carolyn Hoecker Luedtke
                                                     CAROLYN HOECKER LUEDTKE

                                                Attorneys for Defendant The National Collegiate
                                                  Athletic Association