**DANIEL A. CROLEY (SBN: 154386)**
**KATHERINE O'NEAL (SBN: 124657)**
FUTTERMAN DUPREE DODD CROLEY MAIER LLP
601 Montgomery Street, Suite 333
San Francisco, California 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
Email: dcroley@fddcm.com
Email: koneal@fddcm.com

*Attorneys for Defendant*
Anthony Nino Giarratano

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA,<br><br>*Defendant.* | Case No.: 3:22-cv-01559-LB<br><br>**DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 12(b)(6) and 12(e)] |

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

# **TABLE OF CONTENTS**

NOTICE OF MOTION ................................................................................................ 1

STATEMENT OF RELIEF SOUGHT ........................................................................ 1

MEMORADUM OF POINTS AND AUTHORITIES ................................................ 1

I. INTRODUCTION ............................................................................................. 1

II. PLAINTIFFS' ALLEGATIONS AGAINST GIARRATANO ......................... 2

III. ARGUMENT .................................................................................................... 3

    A. The Claims of Plaintiffs John Doe Nos. 4-14 Are Barred by the Statute of Limitations ............................................................................................... 4

        1. California's Two-Year Limitations Period Applies ......................... 4

        2. The "Discovery Rule" Does Not Apply in this Case ........................ 5

        3. No Equitable Doctrine Applies to Toll the Limitations Period as to Does 4-14 ................................................................... 8

    B. Giarratano Cannot Be Held Liable for Interference with Contract or Prospective Economic Advantage, Because He Was an Employee of USF ....................................................................................................... 10

IV. CONCLUSION ............................................................................................... 12

i

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

# TABLE OF AUTHORITIES

**Cases**                                                                                                   Page(s)

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
    7 Cal.4th 503 (1994) ............................................................................................... 10, 11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................................................ 3

*Beagle v. Rite Aid Corp.*,
    No. 08-cv-1517, 2009 WL 3112098 (N.D. Cal. Sept. 23, 2009) ...................................... 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................ 3

*Dahlia v. Rodriguez*,
    735 F.3d 1060 (9th Cir. 2013) ......................................................................................... 3

*Davies v. Krasna,*
    14 Cal.3d 502 (1975) ....................................................................................................... 8

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
    11 Cal.4th 376 (1995) ...................................................................................................... 11

*Doe v. Univ. of S. Cal.*,
    2019 WL 4229750 (C.D. Cal. July 9, 2019) .................................................................... 9

*Eclectic Prop. E., LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) ........................................................................................... 3

*Fox v. Ethicon Endo-Surgery, Inc.,*
    35 Cal.4th 797 (2005) .................................................................................................. 5, 6

*Geertz v. Ausonio,*
    4 Cal.App.4th 1363 (1992) .............................................................................................. 7

*Grimmett v. Brown*,
    75 F.3d 506 (9th Cir. 1996) ............................................................................................. 9

*Gutierrez v. Mofid,*
    39 Cal.3d 892 (1985) .................................................................................................. 5, 6

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

ii

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

| | |
|---|---:|
| *Huynh v. Chase Manhattan Bank*, | |
|     465 F.3d 992 (9th Cir. 2006) | 8 |
| *In re Gilead Scis. Sec. Litig.*, | |
|     536 F.3d 1049 (9th Cir. 2008) | 3 |
| *Javor v. Taggart*, | |
|     98 Cal.App.4th 795 (2002) | 9, 10 |
| *Jolly v. Eli Lilly & Co.*, | |
|     44 Cal.3d 1103 (1988) | 5, 6 |
| *Korea Supply Co. v. Lockheed Martin Corp.*, | |
|     29 Cal.4th 1134 (2003) | 11 |
| *Malaivanh v. Humphreys College*, | |
|     No. 2:16-cv-01081-KJM-GGH (E.D. Cal. Aug. 16, 2017) | 4 |
| *Marin Tug & Barge, Inc.*, | |
|     supra, at p. 835 | 11 |
| *Marsha V. v. Gardner*, | |
|     231 Cal.App.3d 265 (1991) | 8 |
| *Milla v. Roman Catholic Archbishop*, | |
|     187 Cal.App.3d 1453 (1986) | 9 |
| *Mills v. Forestex Co.*, | |
|     108 Cal.App.4th 625 (2003) | 8 |
| *Mintz v. Blue Cross of California*, | |
|     172 Cal.App.4th 1594 (2009) | 11 |
| *Montoya v. Regents of Univ. of Cal.*, | |
|     No. 09-cv1279, 2010 WL 2731767 (S.D. Cal. July 9, 2010) | 8 |
| *Norgart v. Upjohn Co.*, | |
|     21 Cal.4th 383 (1999) | 5 |
| *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, | |
|     50 Cal.3d 1118 (1990) | 10 |

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

iii

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

*Quelimane Co. v. Stewart Title Guar. Co.*,
   19 Cal.4th 26 (1998) ................................................................................................ 11

*Ragan v. Merchs. Transfer & Warehouse Co.*, Inc.,
   337 U.S. 530 (1949) ................................................................................................... 4

*Rivera v. Peri & Sons Farms, Inc.*,
   735 F.3d 892 (9th Cir. 2013) ..................................................................................... 4

*Rosenblum v. Yates*,
   No. 09-cv-3302, 2011 WL 590750 (E.D. Cal. Feb. 10, 2011) .................................. 9

*Sanchez v. Poole*,
   79 F. App'x 254  (9th Cir. 2003) ............................................................................... 8

*Sanchez v. South Hoover Hospital*,
  18 Cal.3d 94 101 (1976) ........................................................................................... 6

*Shoemaker v. Myers*,
   52 Cal.3d 1, 24, 25 (1990) ....................................................................................... 10

*Walker v. Pacific Maritime Assoc.*,
   No. 07-cv-3100, 2009 WL 1068886 (N.D. Cal. Apr. 29, 2009) ............................... 8

**Statutes**

28 U.S.C. §1367 ................................................................................................................. 4

Cal. Code Civil Proc. § 335.1 ........................................................................................... 5

Civ. L. R. 7-9(a) ................................................................................................................ 5

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

iv

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on April 27, 2023, at 9:30 a.m., before Magistrate Judge Laurel Beeler via Zoom. Defendant Anthony Nino Giarratano ("Giarratano") will move for an order under Rule 12(b)(6) to dismiss certain claims alleged against him in Plaintiffs' Second Amended Complaint ("Complaint" or "SAC"). This motion is based on this Notice, the following Memorandum of Points and Authorities, all papers on file in this matter, and any authority or argument as may be presented in reply and at any hearing.

**STATEMENT OF RELIEF SOUGHT**

Defendant Anthony Nino Giarratano seeks an order under Rule 12(b)(6), dismissing all claims brought by Plaintiffs John Doe Nos. 4-14, on the ground that these Plaintiffs' claims are barred by the statute of limitations. In addition, Giarratano seeks an order dismissing the following counts as to all Plaintiffs, on the grounds of failure to state a claim: Tortious Interference with Contract (Count XVI) and Tortious Interference with Prospective Economic Advantage (Count XVII).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Undaunted by the Court's dismissal of John Does 4-12 claims as time barred, these plaintiffs again attempt to assert the same basic allegations contained in their prior complaint. No amount of re-ordering those same allegations in their latest pleading changes that their claims are time barred. Once again, these claims, as well as the claims alleged by the newly-added John Does 13-14, must be dismissed as timed out.

This Court has already ruled that the California common law claims Plaintiffs allege against Giarratano are barred by the statute of limitations for players who left USF more than two years before this lawsuit was filed. (Dkt. 88, the "Order.") The Court also has rejected Plaintiffs' arguments to toll the limitations period based on (a) the discovery rule, (b) equitable tolling, (c) equitable estoppel, and (d) principles of equity. Order at pp. 21-27. Despite this,

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

1

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

Plaintiffs again assert claims by Does 4-12, and newly-added Does 13 and 14, all of whom, per the Second Amended Complaint ("SAC"), left USF more than two years before Plaintiffs commenced this action. SAC, ¶¶34-44. Plaintiffs also make the same arguments for tolling, based on the same alleged facts, as previously rejected. SAC, ¶¶483-529. Specifically, Plaintiffs allege "John Does 4-14 did not discover their claims until March 11, 2022, when the San Francisco Chronicle published a story entitled '"Intolerable sexualized environment': Ex-USF baseball players sue coaches, school, NCAA." SAC, ¶496. This is the *same* allegation they made before and which the Court held was insufficient. The SAC also fails to allege any conduct by Giarratano that could support equitable estoppel as to him. Giarratano, therefore, asks the Court to dismiss all claims alleged by Does 4-14.

In addition, Giarratano seeks dismissal of the two, newly-added tortious interference claims, as these are based on a contract or economic relationship with USF, and at all times, Giarratano was an employee of USF. Under California law, an agent of a contracting party cannot be held liable for interference with his principal's contract. Furthermore, the interference with economic advantage claim fails to allege separate wrongful conduct, as required by California law. Giarratano therefore asks that both of these claims be dismissed as to all Plaintiffs.

## II. PLAINTIFFS' ALLEGATIONS AGAINST GIARRATANO

Throughout their lengthy Second Amended Complaint, Plaintiffs allege a litany of misconduct by former assistant coach Nakamura. SAC, ¶¶87-91, 94, 101-104. But the allegations against Giarratano, which are scattered throughout the Plaintiffs' pleading, show he was, at most, a bystander to Nakamura's misbehavior. SAC, ¶¶ 92, 97, 105. Plaintiffs allege Giarratano observed and tolerated Nakamura's behavior, laughing at Nakamura's antics; harshly criticized players, including for their abilities and their attitude; used foul language; and wouldn't give them playing time. *See, e.g.,* SAC, ¶¶ 87, 230, 261, 281, 469. Insofar as Plaintiffs allege sexually inappropriate conduct by Giarratano himself, the Complaint fails to allege any factual detail, including what Giarratano allegedly said or did or specific dates on which the offending

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

2

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

behavior occurred.

Despite the lack of factual support, Plaintiffs allege the following causes of action against Giarratano: negligent supervision and retention of Coach Nakamura (Count 3, ¶¶572-580); Gross Negligence (Count 7, ¶¶604-614); Negligence (Count 8, ¶¶615-625); Intentional Infliction of Emotional Distress (Count 10,¶¶632-641); and Negligent Infliction of Emotional Distress (Count 11, ¶¶642-650).

The Second Amended Complaint also adds against Giarratano's claims for Tortious Interference with Contract (Count XVI, ¶¶690-696) and Tortious Interference with Prospective Economic Advantage (Count XVII, ¶¶697-703). Plaintiffs allege that the Coach Defendants interfered with their contracts with USF (SAC, ¶¶692, 695) and with their "economic relationship" with USF (SAC, ¶¶699, 702).

### III.   ARGUMENT

A complaint must be dismissed under Rule 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court accepts factual allegations as true, this rule is "inapplicable to legal conclusions." *Id*. The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The factual allegations must "rise above the speculative level" and do more than "create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 561 (citation and quotation mark omitted); *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013). In making this determination, a court must "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. This analysis provides a critical gatekeeping function, because claims must be sufficiently plausible "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Eclectic Prop. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

///

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

3

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

### A. The Claims of Plaintiffs John Doe Nos. 4-14 Are Barred by the Statute of Limitations.

#### 1. California's Two-Year Limitations Period Applies.

Plaintiffs allege against Giarratano common law tort claims "pursuant to California law." SAC, ¶¶604-625, 632-656, 690-703. California law therefore governs the applicable limitations period on these claims.[1] Jurisdiction over the state law claims is asserted under 28 U.S.C. §1367, under which the state statute of limitations applies. *Malaivanh v. Humphreys College*, No. 2:16-cv-01081-KJM-GGH (E.D. Cal. Aug. 16, 2017), *citing Ragan v. Merchs. Transfer & Warehouse Co.*, Inc., 337 U.S. 530, 532 (1949) ("Erie's logic applies equally to supplemental jurisdiction cases: '[R]ights enjoyed under local law should not vary because enforcement of those rights was sought in federal court rather than in the state court'").

All of the common law tort claims are governed by California's two-year statute of limitation. Cal. Code Civil Proc. § 335.1 (two years for action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another). The original Complaint in this action was filed on March 11, 2022, meaning that any tort claims are barred if they accrued before March 11, 2020.

As to any Plaintiffs who were last coached by Giarratano outside the applicable limitation periods, their claims are time-barred as to Giarratano. This includes John Does 4-14, each of whom, according to the Complaint, left USF well before March 2020. SAC, ¶¶34-44. The only players whose claims appear to be within the limitations period are Does 1-3. SAC, ¶¶31-33. This applies to all claims alleged against Giarratano in this case. A statute of limitations bar that appears on the face of the complaint is grounds for dismissal. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (a court may consider the statute of limitations issues that are "apparent on the face of the complaint" on a motion to dismiss).

---

[1] When a "cause of action is created by local law, the measure of it is found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. It accrues and comes to an end when local law so declares." *Ragan v. Merchs. Transfer & Warehouse Co., Inc.*, 337 U.S. 530, 532 (1949).

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

4

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

2. <u>The "Discovery Rule" Does Not Apply in this Case</u>.

The SAC alleges the statute should be tolled for John Does 4-14, because they "did not discover that they had viable claims until March 11, 2022, when the San Francisco Chronicle published a story entitled '"Intolerable sexualized environment': Ex-USF baseball players sue coaches, school, NCAA." SAC, ¶496. [2]  But the delayed discovery doctrine does not and could not apply under the facts alleged.

Under California law, the statute of limitations "usually commences when a cause of action 'accrues,' and it is generally said that 'an action accrues on the date of injury.' *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1109 (1988). Generally speaking, a cause of action accrues at "the time when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 21 Cal.4th 383, 397 (1999).  *See also Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal.4th 797 (2005).

An exception to the general rule of accrual is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action.  *Norgart*, 21 Cal.4th at 397. A plaintiff has reason to discover a cause of action when he or she "has reason at least to suspect a factual basis for its elements." *Norgart*, 21 Cal.4th at 398; *see also Gutierrez v. Mofid,* 39 Cal.3d 892, 897 (1985) ["the uniform California rule is that a limitations period dependent on discovery of the cause of action begins to run no later than the time the plaintiff learns, or should have learned, the facts essential to his claim"].) Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period. *Norgart*, 21 Cal.4th at 398, fn. 3. *Norgart* explained that by discussing the discovery rule in terms of a plaintiff's suspicion of "elements" of a cause of action, it was referring to the "generic" elements of wrongdoing, causation, and harm. 21 Cal.4th at 397.  In so using the term "elements," California courts do not take a hypertechnical approach to the application of the discovery rule. Rather than examining whether the plaintiffs suspect facts supporting each

---

[2] As to John Does 4-12, the SAC alleges no new facts of any legal significance.  As such, these plaintiffs are really seeking reconsideration of the Order, without any new facts or law and without the Court's prior permission for doing so, as required under Civ. L.R. 7-9(a).  The Court's Order was and remains the correct application of statute of limitations law.

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

5

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

specific legal element of a particular cause of action, the courts look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them. *Id.*

The discovery rule only delays accrual until the plaintiff has, or should have, an inquiry notice of the cause of action. The discovery rule does not encourage dilatory tactics because plaintiffs are charged with presumptive knowledge of an injury if they have " ' "information of circumstances to put [them] on inquiry" ' " or if they have " ' "the opportunity to obtain knowledge from sources open to [their] investigation." ' " *Gutierrez v. Mofid*, supra, 39 Cal.3d at pp. 896–897, *quoting Sanchez v. South Hoover Hospital,* 18 Cal.3d 94 101 (1976). In other words, plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation. *See also Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 807-808 (2005).

There is no basis for applying the delayed discovery rule to extend the limitations period on Plaintiffs' claims. Given the nature of their claims, Plaintiffs could not have been ignorant of their alleged "injury." Ignorance of the legal consequences of a tort is not sufficient to toll the statute of limitations, because the limitations period begins to run once plaintiff has notice or information of circumstances to put a reasonable person on inquiry." *Jolly*, supra, at pp. 1110-1111. "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Id.* Here, plaintiffs clearly were on notice by the end of the event on which they relied (and certainly by the end of their last season) and had a duty of inquiry by that time.

Here, each Plaintiff would have known of all the events and circumstances that might support a claim against Coach Giarratano. Plaintiffs knew about the wrongful conduct when it occurred: they allege that they were humiliated, isolated, threatened, destroyed, and uncomfortable. *See* SAC ECF No. 93 at ¶¶ 281, 283-86 (John Doe 4) (humiliated, crushed,

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

6

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

called his mother daily in tears), ¶¶ 351-356, 362, 365, 373, 376 (John Doe 5) (felt unsafe, very upset, isolated and threatened, and suffered nightmares about USF since 2012), ¶ 75, 395 (John Doe 6)(parents wrote letter in May 2014 describing conduct as completely unacceptable behavior that created a hostile environment), ¶¶ 413-416 (John Doe 7) (describing worst night of his life in 2014 and resulting development that year of anxiety, sleep deprivation, and fear for his safety), ¶¶ 428-434 (John Doe 8) (confidence and mental state were destroyed during his tenure in 2013, sought counseling, hated going to the field each day), ¶¶ 74, 444, 448-49 (John Doe 9) (experienced dread and severe depression, and his mother called a coach to demand stopping the abuse), ¶¶ 257, 263-269 (John Doe 10) (disgusted by conduct, confided in pitching coach while crying hysterically, left team at the end of the year to protect his mental health), ¶¶464, 469, 472-75, 477 (John Doe 11) (uncomfortable during practices, panic attacks, felt unsafe, severe emotional injuries), ¶ 308) (John Doe 12) (father flew to USF sixteen times during freshman year 2017–18 to provide emotional support for how isolating the abuse was and out of fear that John Doe 12 would harm himself), ¶ 324 (John Doe 13) (mortified about being asked to spank a woman at a team party; freshman year was so intolerable that he began looking into transferring out of USF), ¶338, 340 (John Doe 14) (Coach Nak's sexual comments made him extremely uncomfortable; was subjected to random drug tests).  The coaches' misconduct caused them to leave the team or transfer to another school.   See SAC at ¶¶ 285 (John Doe 4), ¶ 365 (John Doe 5), ¶ 394 (John Doe 6), ¶ 416 (John Doe 7), ¶ 432 (John Doe 8), ¶ 452 (John Doe 9), ¶ 269 (John Doe 10), ¶ 475(John Doe 11), ¶ 305 (John Doe 12) ¶330 (John Doe 13), ¶¶ 333, 342 (John Doe 14).

Given the nature of their claims, it cannot be disputed that Plaintiffs knew or should have known of their claimed injuries from the alleged acts of Coach Giarratano well before they left the USF baseball team.  Each, therefore, had a duty of inquiry by that time; the discovery rule uses an objective test that looks not to what the particular Plaintiffs actually knew but to what a reasonable inquiry would have revealed. *Geertz v. Ausonio,* 4 Cal.App.4th 1363, 1369-1370 (1992); *Mills v. Forestex Co.*, 108 Cal.App.4th 625, 649-650 (2003).  Ignorance of the legal ramifications of the defendant's conduct is not "delayed discovery" under California law and

Futterman Dupree
Dodd Croley
Maier LLP

7

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

cannot be used to toll the limitations period as to Coach Nino.[3]

3. <u>No Equitable Doctrine Applies to Toll the Limitations Period as to Does 4-14</u>.

John Does 4-14's delay in filing cannot be excused by "equitable tolling," which "is unavailable in most cases." *Walker v. Pacific Maritime Assoc.,* No. 07-cv-3100, 2009 WL 1068886, at *3 (N.D. Cal. Apr. 29, 2009) (quotation marks omitted); *see also Sanchez v. Poole*, 79 F. App'x 254, 255 (9th Cir. 2003) ("[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." As relevant here, for equitable tolling to be available, "the plaintiff bears the burden of establishing (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Montoya v. Regents of Univ. of Cal.,* No. 09-cv1279, 2010 WL 2731767, at *5 (S.D. Cal. July 9, 2010); *see also Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1004 (9th Cir. 2006) (plaintiffs must allege that "extraordinary circumstances … made it impossible" to timely file). This extraordinary showing must be supported by specific factual allegations in the pleading. *Beagle v. Rite Aid Corp.*, No. 08-cv-1517, 2009 WL 3112098, at *11 (N.D. Cal. Sept. 23, 2009).

John Does 4-14 cannot meet this burden for several reasons: First, John Does 4-14 do not allege any specific factual allegations and offer no argument or factual allegation for why timely filing was "impossible." However serious these concerns, their allegations in the SAC that they had fears and concerns are generalized in nature and do not meet *Twombly* standard or specificity standard. Second, John Doe 6 alleged he filed a claim with USF in 2014. (SAC, ¶ 551). It is difficult to square John Doe 6's ability to file an internal claim with the Coach's boss notwithstanding the alleged concerns with their contention that the same concerns made it

---

[3] California courts have routinely rejected the argument that delayed discovery of "the extent" of one's injuries tolls the statute of limitations. For example, in *Marsha V.*, a sexual abuse case by a step-father against a minor, the plaintiff argued the statute of limitations was tolled due to her delayed discovery of "ongoing deep-seated psychological injuries and the causal link between those injuries and [the defendant's] misconduct." *Marsha V. v. Gardner*, 231 Cal.App.3d 265, 271 (1991). The court held the delayed discovery rule did not apply because the plaintiff knew the defendant abused her against her will, which constituted a wrongful act that commenced the statutory period. *Id.* at 273. The plaintiff's unawareness of "additional harm ('feelings of great shame, embarrassment, humiliation, fear, confusion about herself, guilt, self-blame, self-hate, anxiety, extreme depression, psychosomatic and sleep-related complaints, inability to differentiate between sex and affection, and difficulty forming meaningful trust relationships) only 'created uncertainty as to the amount of damages [and did not] toll …the period of limitations." *Id.,* quoting *Davies v. Krasna,* 14 Cal.3d 502, 512 (1975).

8

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

"impossible" to file the Complaint within the limitations period. Moreover, he filed that claim, in the same environment in which the other plaintiffs operated, which never deterred John Does 1-3 from timely filing.  In any event, generalized allegations of fear and concern, such as those here, cannot support equitable tolling. See *Rosenblum v. Yates*, No. 09-cv-3302, 2011 WL 590750, at *3 (E.D. Cal. Feb. 10, 2011) (plaintiff "has merely made a generalized allegation that his fear of retaliation made him delay in filing the petition, which is insufficient to meet his high burden" of showing extraordinary circumstances).

Plaintiffs' assertion that Defendants "concealed" complaints by *other* players (SAC, ¶¶499-500) does not support tolling in this case.  Even if Defendants had sought to hide these other complaints, it does not follow that this "concealed" information somehow interfered with these Plaintiffs' being on notice of wrongs allegedly done *to them*.  Information about other alleged claims did not, as plaintiffs allege, "prevent Plaintiffs and other victims of Defendants' misconduct from discovering their harms and seeking legal recourse." SAC, ¶499.  Moreover, mere concealment does not toll the limitations period.  The plaintiff seeking to toll the limitations period "must show that she was diligent in attempting to discover the facts underlying her cause of action and was unable to do so only because of the defendant's efforts to conceal that information." *Doe v. Univ. of S. Cal.*, 2019 WL 4229750, at *6 (C.D. Cal. July 9, 2019); *see also Grimmett v. Brown*, 75 F.3d 506, 515 (9th Cir. 1996) ("A failure to 'own up' does not constitute active concealment.").  There are also no facts alleged to show the Coach defendants owed a duty to Plaintiffs to disclose complaints by other players, which were likely confidential.

Finally, Plaintiffs fail to justify the application of equitable estoppel.  Plaintiffs do not even attempt to show that Does 4-14 were "ignorant of the true state of facts." *Javor v. Taggart*, 98 Cal.App.4th 795, 804 (2002) (citation omitted), *as modified* (May 23, 2002); *see also Milla v. Roman Catholic Archbishop*, 187 Cal.App.3d 1453, 1461 (1986) (fraudulent concealment inapplicable because plaintiff was "at all times aware of the relevant facts").  As in *Javor*, the FAC shows that Does 4-14 were "keenly aware of the wrong done to" them. *Javor*, 98 Cal.App.4th at 804 (1986).[4]  Despite the FAC, the Plaintiffs' own allegations show they knew of

---

[4] The allegations of the SAC are identified above. The same allegations were made (although with

9

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

FUTTERMAN DUPREE DODD CROLEY MAIER LLP

the alleged wrongdoing at the time, as follows:

Plaintiffs fail to address these allegations, reiterating instead their claimed lack of "knowledge of their legal rights." As in *Javor*, this is insufficient to invoke the discovery rule. And Plaintiffs point to no authority for the proposition that equitable estoppel can be invoked where Plaintiffs are simply unaware of the legal significance of well-known (and exhaustively pleaded) material facts.

### B. Giarratano Cannot Be Held Liable for Interference with Contract or Prospective Economic Advantage, Because He Was an Employee of USF

"[A] stranger to a contract may be liable in tort for intentionally interfering with the performance of the contract." *Pacific Gas & Electric Co. v. Bear Stearns & Co.,* 50 Cal.3d 1118, 1126 (1990). The elements necessary to state a cause of action for intentional interference with contractual relations are "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Id*.

A contracting party cannot be held liable in tort for conspiracy to interfere with its own contract *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 513, 507, 514 (1994) ("The tort duty not to interfere with the contract falls only on strangers—interlopers who have no legitimate interest in the scope or course of the contract's performance"). The "contracting party" includes its employees and agents. "[C]orporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." *Shoemaker v. Myers*, 52 Cal.3d 1, 24, 25 (1990) (where defendants were agents of the employer who were "vested with the power to act for the employer (rightly or wrongly)" they "stand in the place of the employer, because the employer … cannot act except

---

different paragraph numbers) in the First Amended Complaint. See Dkt. No. 88, Order pp. 21-23 and fns. 70-71 and Dkt. No. 65, Def. NCAA Mot. 17–18 (cataloguing Does 4-12's contemporaneous appreciation of wrongful conduct).

Futterman Dupree
Dodd Croley
Maier LLP

10

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

through such agents"); *cf. Applied Equipment*, *supra*, 7 Cal.4th at p. 512, fn. 4 (under "agent's immunity rule," agents and employees of a corporation "'cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage'"); this rule "'derives from the principle that ordinarily corporate agents and employees acting for or on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract'").

In this case, Plaintiffs allege Giarratano interfered with their contracts with USF. SAC, ¶¶692, 695. But at all material times, Giarratano was an employee and agent of USF. SAC, ¶¶2, 46. As such, under California law, Giarratano cannot be held liable for interfering with the contract between Plaintiffs and USF.

The same reasoning applies to Plaintiffs' claim for interference with prospective economic advantage. Again, Plaintiffs allege the economic relationships disrupted were between them and USF. SAC, ¶¶699,702. As USF's employee, Giarratano cannot be held liable for allegedly causing a breach of this relationship.

Finally, "a plaintiff seeking to recover for alleged interference with prospective economic relations has the burden of pleading and proving that the defendant's interference was wrongful 'by some measure beyond the fact of the interference itself.'" *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal.4th 376, 392-393 (1995); *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1158-1159 (2003). While intentionally interfering with an existing contract is "a wrong in and of itself" *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal.4th 26, 56 (1998), intentionally interfering with a plaintiff's prospective economic advantage is not. The plaintiff must therefore plead that the defendant engaged in an independently wrongful act. *See Della Penna*, 11 Cal.4th at 393. An act is not independently wrongful merely because defendant acted with an improper motive. An act is independently wrongful "if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Mintz v. Blue Cross of California*, 172 Cal.App.4th 1594 (2009) *See Marin Tug & Barge, Inc.,* supra, at p. 835; see also *Della Penna*, supra, 11 Cal. 4th at 408.

In this case, Plaintiffs have failed to allege any independently wrongful conduct by

11

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB

FUTTERMAN DUPREE DODD CROLEY MAIER LLP

Giarratano that would satisfy the requirements for this tort. There is no allegation that Giarratano violated any law or other "determinable legal standard" in order to disrupt the "relationship" between these players and USF. Allegations of bullying or harassment are simply not sufficient to support this claim.

## IV. CONCLUSION

For the foregoing reasons, the Amended Complaint should be dismissed in its entirety, with prejudice, as to John Does 4 through 14 and dismissed as to John Does 1 through 3, with prejudice, as to Counts 16 and 17.

Respectfully submitted,

Dated: March 8, 2023

FUTTERMAN DUPREE DODD CROLEY
MAIER LLP

By: /s/ Daniel A. Croley
　　Daniel A. Croley
　　*Attorneys for Defendant*
　　Anthony Nino Giarratano

FUTTERMAN DUPREE
DODD CROLEY
MAIER LLP

12

DEFENDANT ANTHONY NINO GIARRATANO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 3:22-cv-01559-LB