SCOTT B. RAPKIN (SBN 261867)
E-Mail: scottrapkin@rapkinesq.com
MICHAEL S. RAPKIN (SBN 67220)
E-Mail: msrapkin@gmail.com
RAPKIN & ASSOCIATES, LLP
475 Washington Blvd.
Marina del Rey, CA 90292
Telephone: (310) 319-5465
Facsimile: (310) 306-1339

Attorneys for Defendant Troy Nakamura

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNIVERSITY OF SAN FRANCISCO, ANTHONY (AKA NINO) GIARRATANO, and TROY NAKAMURA<br><br>Defendants. | Case No.: 3:22-CV-01559-LB<br><br>**DEFENDANT TROY NAKAMURA'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Magistrate Laurel Beeler<br>Date:   May 18, 2023<br>Time:   9:30 a.m.<br>Place:   Courtroom B |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 18, 2023, at 9:30 a.m., before the Honorable Laurel Beeler in Courtroom B of the United States Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Troy Nakamura ("Nakamura") will move to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any other matter which may be brought to the attention of the Court at or before the hearing.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the claims of John Does 4-14 are barred in their entirety by the statute of limitations.

2. Whether John Does 1-14 fail to state a claim upon which relief can be granted as to the Sixteenth and Seventeenth Causes of Action.

## RELIEF REQUESTED

Nakamura seeks an order dismissing all claims brought by John Does 4-14 because they are barred by the statute of limitations.  Nakamura also seeks an order dismissing Plaintiffs' Sixteenth and Seventeenth causes of action for Intentional Interference with Contractual Relations and Intentional Interference with Prospective Economic Advantage Negligence for failure to state a claim upon which relief can be granted.


Dated: March 8, 2023                                    RAPKIN & ASSOCIATES, LLP


                                                        By:  */s/ Scott Rapkin*
                                                             Scott Rapkin

                                                        Attorneys for Defendant,
                                                        Troy Nakamura

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.     INTRODUCTION ............................................................................................................ 1

II.    RELEVANT ALLEGATIONS ....................................................................................... 1

III.   LEGAL STANDARD ..................................................................................................... 3

IV.   ARGUMENT .................................................................................................................. 4

    A.   The Claims of John Does 4-14 Are Barred by the Statute of Limitations ....................... 4

       1. The Claims Against Nakamura Have a Two-Year Limitations Period. ........................... 4

       2. The Claims of John Does 4-14 Were Filed After Expiration of the Two-Year Statute of
       Limitations Period. ......................................................................................................... 4

    B. Plaintiffs' Tolling Allegations Do Not Suspend the Statute of Limitations Against
    Nakamura ...................................................................................................................... 4

       1. The Discovery Rule Does Not Extend the Statutes of Limitations on These Claims. ...... 5

       2. John Does 4-12 Cannot Rely on a Theory of Equitable Tolling to Toll the Statutes of
       Limitations on Their Claims Against Nakamura. ........................................................... 6

       3. John Does 4-12 Cannot Rely on a Theory of Equitable Estoppel to Toll the Statutes of
       Limitations on Their Claims Against Nakamura. ........................................................... 7

       4. As the Court Already Determined, John Does 4-14 Cannot Rely on a Theory of
       Fraudulent Concealment to Toll the Statutes of Limitations on Their Claims Against
       Nakamura. ..................................................................................................................... 10

       5. This Court Has Already Concluded that the Statute of Limitations Are Not Tolled Due
       to Equity Limitations ..................................................................................................... 12

    C. Plaintiffs' New Causes of Action for Intentional Interference with Contract and Intentional
    Interference with Prospective Economic Advantage Must Be Dismissed Because Nakamura
    Is an Agent of USF and, Therefore, Not a Stranger to the Contract ................................... 12

V.    CONCLUSION ............................................................................................................ 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................... 3

*Bell Atlantic Corp v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................... 3

*Card v. Ralph Lauren Corporation*,
2020 WL 353464 (N.D. Cal. Jan. 21, 2020) ................................................................. 14

*Cervantez v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) ....................................................................................... 3

*Deirmenjian v. Deutsche Bank, A.G.*,
526 F.Supp.2d 1068 (C.D. Cal. 2007) ........................................................................... 3

*Doe v. Univ. of S. Cal.*,
2019 WL 4229750 (C.D. Cal. Apr. 18, 2019) ............................................................... 11

*Doe v. USC*,
2019 WL 4228371 (C.D. Cal. Apr. 18, 2019) ............................................................... 6

*Grimmet v. Brown*,
75 F.3d 506 (9th Cir. 1996) ...................................................................................... 11, 12

*Groom v. City of El Paso De Robles*,
2020 WL 5077355 (C.D. Cal. Apr. 29, 2020) ............................................................... 10

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ....................................................................................... 6

*Johnston v. Covidien L.P.*,
2019 WL 2410720 (N.D. Cal. June 7, 2019) ................................................................. 4

*Jones v. County of San Diego*,
2022 WL 377012 (S.D. Cal. Feb. 8, 2022) .................................................................... 7

*Lukovsky v. City & Cty. of San Francisco*,
535 F.3d 1044 (9th Cir. 2008) ....................................................................................... 8

*POGA MGMT PTNRS LLC v. Medfiler LLC*,
2014 WL 3963854 (N.D. Cal. Aug. 12, 2014) .............................................................. 10

*Power Quality Electrical Systems, Inc. v. BP West Coast Products LLC*,
2017 WL 6375760 (N.D. Cal. Dec. 12, 2017) .............................................................. 9

*Rustico*, *v. Intuitive Surgical, Inc.*,
424 F.Supp.3d 720 (N.D. Cal. Dec. 19, 2019) .......................................................................... 9, 10

*Saxena v. Gino & Carlos, Inc.*,
2022 WL 617121 (N.D. Cal. Mar. 2, 2022) ................................................................................. 7

*Sharma v. ARS Aleut Constr., LLC*,
2021 WL 4554193 (N.D. Cal. Oct. 5, 2021) ................................................................................ 6

*Hip Hop Beverage Corp v. Michaux*,
2016 WL 8578912 (C.D. Cal. Nov. 30, 2016) ........................................................................... 11

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ..................................................................................................... 12

*United Nat. Maintenance, Inc. v. San Diego Convention Center, Inc.*,
766 F.3d 1002 (9th Cir. 2014) .................................................................................................... 13

*Yumul v. Smart Balance, Inc.*,
733 F.Supp.2d 1117 (C.D Cal. May 24, 2010) .......................................................................... 11

**STATE CASES**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal.4th 503 (1994) ................................................................................................................... 13

*Caliber Paving Co., Inc. v. Rexford Industrial Realty and Management, Inc.*,
54 Cal.App.5th 175 (2020) ......................................................................................................... 13

*Bernson v. Browning-Ferris Indus.*,
7 Cal.4th 926 (1994) ................................................................................................................... 11

*DeRose v. Carswell*,
196 Cal.App.3d 1011 (1987) ...................................................................................................... 10

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal.4th 797 (2005) ................................................................................................................... 5

*Honig v. San Francisco Planning Dep't.*,
127 Cal.App.4th 520 (2005) .................................................................................................... 8, 10

*Ixchel Pharma, LLC v. Biogen, Inc.*,
9 Cal.5th 1130 (2020) ................................................................................................................. 13

*John R. v. Oakland Unified Sch. Dist.*,
48 Cal.3d 438 (1989) .................................................................................................................. 10

*Jolly v. Eli Lilly & Co.*,
44 Cal.3d 1103 (1988) ................................................................................................................... 5

DEFENDANT TROY NAKAMURA'S NOTICE OF MOTION
AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Kasparian v. County of Los Angeles*,
38 Cal.App.4th 242 (1995) .................................................................................................. 14

*Knoell v. Petrovich*,
75 Cal.App.4th 164 (1999) .................................................................................................... 4

*Long v. Forty Niners Football Co.*, LLC,
33 Cal.App.5th 550 (2019) .................................................................................................... 6

*Machavia, Inc. v. Cnty. of Los Angeles*,
19 Cal.App.5th 1050 (2017) .................................................................................................. 8

*McDonald v. Antelope Valley Cmty. Coll. Dist.*,
45 Cal.4th 88 (2008) ............................................................................................................. 6

*Mills v. Forestex Co.*,
108 Cal.App.4th 625 (2003) ................................................................................................ 10

Mintz v. Blue Cross of California,
172 Cal.App.4th 1594 (2009) .............................................................................................. 13

*Quarry v. Doe 1*,
53 Cal.App.4th 945 (2012) .................................................................................................. 10

*Redfearn v. Trader Joe's Co.*,
20 Cal.App.5th 989 (2018) ............................................................................................ 13, 14

*Rita M. v. Roman Cath. Archbishop*,
187 Cal. App. 3d 1453 (1986) ............................................................................................. 12

*Rogers v. Roseville SH, LLC*,
75 Cal.App.5th 1065 (2022) ................................................................................................ 13

*Saint Francis Memorial Hospital v. State Dept. of Public Health*,
9 Cal.5th 710 (2020) ..................................................................................................... 6, 7, 8

*Santee v. Santa Clara County Off. Of Educ.*,
220 Cal.App.3d 702 (1990) ........................................................................................... 10, 11

*Stephens & Stephens XII, LLC v. Fireman's Fund Ins. Co.*,
231 Cal.App.4th 1131 (2014) ............................................................................................... 9

*Wassmann v. South Orange County Comm. College Dist.*,
24 Cal.App.5th 825 (2018) .................................................................................................... 4

**<u>FEDERAL STATUTES</u>**

Federal Rules of Civil Procedure 12(b)(6) ............................................................................ 3
Federal Rules of Civil Procedure 9(b) ................................................................................. 11

## STATE STATUTES

Cal. Civ. Code § 2299 ................................................................................................ 13
Cal. Code Civ. Proc. § 335.1 ....................................................................................... 4
Cal. Code Civ. Proc. § 340.16 ..................................................................................... 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Court has already determined that the claims of John Does 4-12 are barred by the statute of limitations.  In doing so, the Court carefully addressed, and rejected, each tolling doctrine that Plaintiffs rely on in their Second Amended Complaint ("SAC").  The Court explained that "[t]he tolling doctrines do not suspend the statute of limitations because the plaintiffs knew about the misconduct when it occurred."   ECF No. 88 at 21:15-18.  "The defendants did not conceal critical facts that prevented the plaintiffs from learning the facts underlying their claims: the plaintiffs knew about the conduct and left the team because of it." *Id.* at 24:6-7.   The Court further stated, "[t]his case does not involve sexual assault, an uneven knowledge of the relevant facts, or other facts supporting delayed accrual of the statute of limitations." *Id.* at 27:3-5.    The Court supported these findings by citing to dozens of allegations. *Id.* at 22 n. 70, 71.

The SAC does nothing to change these fundamental conclusions.  Indeed, ***the SAC includes the same allegations that the Court cited*** showing that "the plaintiffs knew about the misconduct when it occurred," and that they "left the team because of it."

The Court's reasoning applies equally to the claims of John Does 13 and 14, whose allegations also show that they "knew about the misconduct when it occurred," and that they "left the team because of it." Accordingly, their claims are also barred by the statute of limitations.

In addition, Plaintiffs' new causes of action for intentional interference with contract and intentional interference with prospective economic advantage must be dismissed because, as Plaintiffs allege multiple times in the SAC, Nakamura is an "agent" of USF and therefore, as a matter of law, he is not a "stranger" to the contract between Plaintiffs and USF.  As such, he cannot be held liable.

## II.   RELEVANT ALLEGATIONS

**John Doe 4** transferred out of USF "due to the actions of Defendants" in 2018.  SAC ¶¶ 34, 285.  John Doe 4 also alleges that he suffered emotional distress in 2018: he lost all confidence, dreaded going to practice, wanted off the team, was severely depressed, could not complete his homework, and would call his mother every day in tears. *Id.* ¶ 284.   This was more than three years

before this lawsuit was filed.  Even if his claim for intentional infliction of emotional distress did not accrue until he sought counseling to overcome the trauma "caused by Defendants' conduct," that was in 2019, more than two years before this lawsuit was filed.  *Id.* ¶ 286.

      **John Doe 5** quit the baseball team "due to the actions of the Defendants" in 2014, more than seven years before this lawsuit was filed.  *Id.* ¶ 35.  John Doe 5 has suffered from recurring nightmares about USF baseball, frequent anxiety attacks, and bouts of depression since 2012, more than nine years before this lawsuit was filed.  *Id.* ¶ 373.

      **John Doe 6** quit the baseball team "due to the actions of Defendants" in 2014, more than seven years before this lawsuit was filed.  *Id*. ¶ 36.  John Doe 6's parents sent a letter to USF's Associate Athletic Representative and the NCAA Faculty Athletic, in May 2014, complaining that the baseball team had a "hostile environment."  *Id.*  ¶ 395.

      **John Doe 7** left USF in 2014, after one semester, "due to the actions of Defendants."  *Id*. ¶¶ 37, 416.  Prior to transferring out of USF in 2014, John Doe began experiencing anxiety and sleep deprivation, and he dreaded attending practice.  *Id.* ¶ 415. This was more than seven years before the filing of this lawsuit.

      **John Doe 8** left USF in 2013 after only one semester "due to the actions of Defendants." *Id.* ¶¶ 38, 432.   In 2013, he became severely depressed and suicidal because he was constantly berated and told that he was a failure.  *Id.* ¶ 430.  During his one semester at USF in 2013, John Doe 8 sought counseling, was diagnosed with severe depression and anxiety, started taking anti-depressant medication, and was desperate to leave the school.  *Id.* ¶¶ 433-434. This was more than eight years before the filing of this lawsuit.

      **John Doe 9** left USF "due to the actions of Defendants" in 2000, more than 21 years before filing this lawsuit.  *Id.* ¶ 39.  By October of his freshman year, John Doe 9 was severely depressed, and he stopped going to class, rarely left his dormitory, and gained weight.  *Id.* ¶ 448.

      **John Doe 10** transferred from USF "due to the actions of Defendants" in 2018.  *Id.* ¶ 40. Before leaving the school in 2018, John Doe 10 would call his parents crying, and they were concerned he would hurt himself.  *Id.*  ¶ 268.  By the end of the school year, John Doe 10 and his

parents agreed that John Doe 10 needed to leave in order to protect his mental health and get the coaching support he deserved.  *Id.*  ¶ 269.  At the exit meeting at the end of the season, John Doe 10 asked for a release from the team because of the abuse.  *Id.*   This all happened more than three years before the lawsuit was filed.

John Doe 11 transferred from USF "due to the actions of Defendants" in 2000, more than 21 years before the filing of this lawsuit.  *Id.* ¶ 41.

John Doe 12 transferred from USF "due to the actions of Defendants" in 2018, more than three years before the lawsuit was filed.  *Id.* ¶ 42.  Before he left the school in 2018, John Doe 12's father flew to USF 16 times to provide his son emotional support for fear that his son would harm himself due to Coach Defendants' abuse.  *Id.*  ¶ 308.

John Doe 13 transferred from USF "due to the actions of Defendants" in 2018, more than three years before the filing of this lawsuit.  *Id.* ¶ 43.

John Doe 14 transferred from USF "due to the actions of Defendants" in 2016, more than five years before the lawsuit was filed.  *Id.* ¶ 44.

## III.   <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the claims stated in the complaint.  Fed. R. Civ. Proc. 12(b)(6).   To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

"A district court may dismiss a claim if the running of the statute is apparent on the face of the complaint."  *Cervantez v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (internal quotation marks and brackets omitted); *see also Deirmenjian v. Deutsche Bank, A.G.*, 526 F.Supp.2d 1068, 1073 (C.D. Cal. 2007) ("A complaint is properly dismissed under Rule 12(b)(6) where it is apparent on the face of the pleading that plaintiff's claims are barred by the statute of limitations.")

## IV.    ARGUMENT

### A.    The Claims of John Does 4-14 Are Barred by the Statute of Limitations

#### 1.    The Claims Against Nakamura Have a Two-Year Limitations Period.

The tort claims against Nakamura have a two-year statute of limitations.  ECF No. 88 at 21:12-13 (*citing* Cal. Code Civ. Proc. ("CCP") § 335.1).[1]    Plaintiffs' two new causes of action against Nakamura - intentional interference with contractual relations and intentional interference with prospective economic advantage - also have a two-year statute of limitations.  *Knoell v. Petrovich,* 75 Cal.App.4th 164, 168 (1999) (citing CCP § 339).

#### 2.    The Claims of John Does 4-14 Were Filed After Expiration of the Two-Year Statute of Limitations Period.

The allegations by John Does 4-14 describe conduct by Nakamura that occurred between 1999-2018.  The allegations also show that John Does 4-14 recognized the wrongfulness of Nakamura's conduct in real time.  Indeed, each of these plaintiffs alleges that he either quit the team or transferred from USF "due to the actions of Defendants" more than two years before the lawsuit was filed.  *See* Section II.  Accordingly, this Court has already determined that the claims of John Does 4-12 are "barred unless they are tolled."  ECF No. 88 at 21:16-18.    The claims of John Does 13-14 also accrued more than two years before the lawsuit was filed and are, likewise, barred unless they are tolled.

### B.    Plaintiffs' Tolling Allegations Do Not Suspend the Statute of Limitations Against Nakamura

The Plaintiffs assert four bases for tolling: the discovery rule, equitable tolling, equitable estoppel, and principles of equity.  This Court has already found that "[t]he tolling doctrines do not suspend the statute of limitations because the plaintiffs knew about the misconduct when it occurred."  ECF No. 88 at 21:15-18.  The Second Amended Complaint includes *the same allegations* showing that plaintiffs knew about the misconduct when it occurred.

---

[1]    *See Wassmann v. South Orange County Comm. College Dist*., 24 Cal.App.5th 825, 852-53 (2018) ("[i]ntentional infliction of emotional distress has a two-year statute of limitations"); *Johnston v. Covidien L.P*., 2019 WL 2410720, at *3 (N.D. Cal. June 7, 2019) (stating that the statute of limitations for negligence and negligent infliction of emotional distress is two years).

**1. The Discovery Rule Does Not Extend the Statutes of Limitations on These Claims.**

The Court concluded that "[t]he discovery rule does not toll the claims." ECF No. 88 at 21:19. The discovery rule is a "narrow exception," (*id.* at 21:20) that "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.* 35 Cal.4th 797, 806 (2005).[2] "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 808 (citation omitted). In pleading such facts, the burden is on the plaintiff to show diligence, and "conclusory allegations will not withstand dismissal." *Doe v. Univ. S. Cal.,* 2019 WL 4228371, at *5 (C.D. Cal. Apr. 18, 2019) (citation omitted).

Plaintiffs allege that they "did not understand or believe that the Coach Defendants had sexually abused them," (SAC, ¶ 495), and thus "did not discover their claims until March 11, 2022, when the San Francisco Chronicle published a story" about the filing of the lawsuit by John Does 1-3. SAC, ¶ 496. But as the Court already found, this claim is belied by Plaintiffs' specific allegations that show "the plaintiffs knew about the wrongful conduct when it occurred: they allege that they were humiliated, isolated, threatened, destroyed, and uncomfortable. The coaches' misconduct caused them to leave the team or transfer to another school." ECF 88 at 22:5-7 (citing the *same allegations* that are in the Second Amended Complaint).[3] *See also, supra,* Section II (citing allegations in SAC that John Does 4-14 quit

---

[2]    The "statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1110 (1988). A plaintiff only needs a "suspicion of wrongdoing" to trigger the limitations period: "So long as suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." *Id.* at 1111.

[3]    The Court need not accept as true Plaintiffs' allegations that they only learned about their claim through media reports when other allegations show that they were aware of the conduct at the time that it occurred. *See Doe v. USC,* 2019 WL 4228371, at *4 (discovery rule did not apply where plaintiff alleged that she only became aware of her claim by reading LA Times article in 2018, because relevant facts pertaining to plaintiff's claims against doctor were known to plaintiff at time of the incident in 1991); *Sharma v. ARS Aleut Constr., LLC,* 2021 WL 4554193, at *2 (N.D. Cal. Oct. 5, 2021) (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("While the Court is required to assume plaintiff's allegations are true, the Court may disregard statements that are contradictory and implausible.").

the team, left the school, or both, more than two years before the lawsuit was filed "due to the actions of Defendants").

The Court also explained that "this case does not involve sexual assault," (*id* at 27:3), and that Plaintiffs' alleged experiences are "not like the trauma and the suppression of memories that victims of physical sexual abuse can experience, resulting in the victim's denial and lack of understanding of legal rights." *Id.* at 22:7-10.  "Instead, what the plaintiffs describe is a lack of understanding of their legal rights.  That does not toll the statute." *Id.* at 23:2-4 (citations omitted).

### 2. John Does 4-12 Cannot Rely on a Theory of Equitable Tolling to Toll the Statutes of Limitations on Their Claims Against Nakamura.

"Equitable tolling is a narrow remedy that applies to toll the statutes of limitations only 'occasionally and in special situations.'" *Saint Francis Memorial Hospital v. State Dept. of Public Health*, 9 Cal.5th 710, 724 (2020).  "Broadly speaking, the doctrine applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 100 (2008).  When a cause of action is time-barred on its face, as in this case, a plaintiff must specifically plead facts to support equitable tolling. *Long v. Forty Niners Football Co.*, LLC, 33 Cal.App.5th 550, 555 (2019).  A plaintiff is "required" to satisfy three elements: (i) timely notice to the defendant, (ii) lack of prejudice to the defendant, and (iii) reasonable and good faith conduct by the plaintiff. *Id.* at 725-726, 730.[4]

As to the first element, "[w]hen considering whether a plaintiff provided timely notice, courts focus on whether the party's actions caused the defendant to be 'fully notified within the [statute of limitations] of plaintiffs' claims and their intent to litigate.'" *Id.* at 726 (citation omitted).  There are *no* allegations in the SAC that *any* of the Plaintiffs apprised Nakamura within the applicable statute of limitations of their allegations and their intent to litigate against him.  This omission, alone, dooms

---

[4]    In *Saint Francis Mem'l*, the California Supreme Court explained that California's equitable tolling doctrine evolved from three lines of California cases: (1) "when a plaintiff was already involved in one lawsuit, and filed a subsequent case that could lessen the damage or harm that would otherwise have to be remedied through a separate case;" (2) "where a plaintiff was required to pursue, and did indeed pursue, an administrative remedy before filing a civil action;" and (3) " 'to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits.'" 9 Cal.5th at 724 (citations omitted).  None of these situations applies here.

DEFENDANT TROY NAKAMURA'S NOTICE OF MOTION
AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

their claim for equitable tolling.

The "core focus" of the second element - lack of prejudice to the defendant - is "whether application of equitable tolling would prevent the defendant from defending a claim on the merits." *Saint Francis Mem'l*, 9 Cal.5th at 728.   "It is fundamental that the primary purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available." *Jones v. County of San Diego*, 2022 WL 377012, at *6 (S.D. Cal. Feb. 8, 2022) (citation omitted).   Here, again, Plaintiffs fail to allege facts showing that Nakamura will not be prejudiced by having to defend against these claims.  To be sure, Nakamura will be prejudiced if he is required to defend against these claims, particularly claims from many years ago.  He was never put on notice to investigate the claims, preserve evidence (such as emails and text messages between himself and the plaintiffs), and interview witnesses. *See Saxena v. Gino & Carlos, Inc.*, 2022 WL 617121, at *2 (N.D. Cal. Mar. 2, 2022) (holding that plaintiff fails to satisfy this second element where plaintiff "fails to allege facts to show the Defendants would have been able to gather or to preserve evidence necessary to defend against the claims"); *Jones*, 2022 WL 377012, at *6 (finding prejudice where four years passed since the incident and the defendant had not yet defended against plaintiff's claims or engaged in any discovery in a prior proceeding).

The third element includes "two distinct requirements: A plaintiff's conduct must be objectively reasonable and subjectively in good faith." *Saint Francis Mem'l*, 9 Cal.5th at 729.   "An analysis of reasonableness focuses not on a party's intentions or motives behind a party's actions, but instead on whether that party's actions were fair, proper, and sensible in light of the circumstances." *Id.* Here, each Plaintiff was aware of the underlying facts *for years* before filing this lawsuit, and they all took significant action "due to the actions of Defendants" by either quitting the team or leaving the school altogether.  Therefore, their failure to file suit within the statute of limitations was objectively unreasonable.

> **3.      John Does 4-12 Cannot Rely on a Theory of Equitable Estoppel to Toll the Statutes of Limitations on Their Claims Against Nakamura.**

DEFENDANT TROY NAKAMURA'S NOTICE OF MOTION
AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

i.   Plaintiffs Cannot Establish the Necessary Elements for Equitable Estoppel

Against Nakamura

"Under California law, equitable estoppel requires: (1) the party to be estopped be apprised of the facts; (2) that party must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of the facts; and, (4) he must rely upon the conduct to his injury." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (quoting *Honig v. San Francisco Planning Dep't.*, 127 Cal.App.4th 520, 529 (2005)). "Application of equitable estoppel against the assertion of limitations defense typically arises through some misleading affirmative conduct on the part of the defendant." *Machavia, Inc. v. Cnty. of Los Angeles*, 19 Cal.App.5th 1050, 1055 (2017); *Lukovsky*, 535 F.3d at 1052 ("[A] plaintiff must point to some fraudulent concealment, some active conduct by the defendant… 'to prevent the defendant from suing in time.'").[5]

Here, there is no basis for Nakamura to be equitably estopped from invoking a statute of limitations defense. *First*, Plaintiffs fail to allege any "affirmative conduct" by Nakamura that he intended "be acted upon" by Plaintiffs such that equitable estoppel is now appropriate. *Second*, Plaintiffs "fail to explain how [Nakamura's] conduct rendered Plaintiffs 'ignorant' of any 'true state of facts,' as required for equitable estoppel to apply." *Rustico*, 424 F.Supp.3d at 732 (N.D. Cal. Dec. 19, 2019). To the contrary, the allegations show that John Does 4-14 were each aware of the true state of facts more than two years before this lawsuit was filed. *Third*, Plaintiffs fail to allege any conduct by Nakamura that they "reli[ed] upon" that caused them injury. *See Power Quality Electrical Systems, Inc. v. BP West Coast Products LLC*, 2017 WL 6375760, at *7 (N.D. Cal. Dec. 12, 2017) (it is "of critical importance" [to a claim of equitable estoppel] that a plaintiff "show actual and reasonable reliance on the defendant's conduct or representations") (citation omitted). In sum, Plaintiffs allege no facts showing that anything Nakamura did or said was the cause of Plaintiffs' failure to file suit

---

[5]   "Where the facts are undisputed and support only one reasonable conclusion, the question of equitable estoppel may be resolved as a matter of law." *Rustico, v. Intuitive Surgical, Inc.*, 424 F.Supp.3d 720, 732 (N.D. Cal. Dec. 19, 2019) (citation omitted).

within the statute of limitations.  "Such causation is essential to estoppel…" *Stephens & Stephens XII, LLC v. Fireman's Fund Ins. Co.*, 231 Cal.App.4th 1131, 1149 (2014).

          ii.   Plaintiffs Cannot Rely on Allegations of Retaliation and Threats Because Those Acts Ceased More than Two Years Before Each Plaintiff Filed Their Lawsuit

Plaintiffs contend that equitable estoppel applies to toll their claims against Nakamura because "the Coach Defendants used threats of retaliation and engaged in retaliatory physical abuse of Plaintiffs to keep them from complaining."  SAC, ¶ 526.[6]  Again, the Court has already addressed these allegations.  *See* ECF No. 88 at 23:16-23 (addressing the plaintiffs' contention that "the coaches retaliated against any players who challenged the abuse or refused to participate by running them off the team.  Through the abuse, they 'sowed anxiety and self-doubt into the' players to discourage them from speaking up about the behavior.").

In any event, equitable estoppel is inapplicable because the coaches' conduct did not cause the plaintiffs to delay filing their lawsuit until *after* the statute of limitations had expired.  "California law is clear that the 'doctrine of equitable estoppel does not apply' when a defendant did not induce a delay in the filing of a complaint 'until the limitations period provided by the applicable statutes of limitation had expired.'" *Rustico*, 424 F.Supp.3d at 733 (N.D. Cal. Dec. 19, 2019) (citation omitted); *see also Honig*, 127 Cal.App.4th at 529 ("A defendant will be estopped to assert the statute of limitations if the defendant's conduct, relied on by the plaintiff, has induced the plaintiff to postpone filing the legal action *until after the statute has run*.") (emphasis added).   The basis for each Plaintiff's equitable estoppel claim is conduct by Nakamura while they attended USF and he was their coach.  Therefore, even if the statute of limitations did not begin to run until Plaintiffs left USF and Nakamura was no longer their coach, *each Plaintiff still had the full two years to file suit when Nakamura's conduct was not at issue*.  Nakamura therefore did not induce any delay "until the limitations period provided by the applicable statute had expired." *Id.*

---

[6]   The Second Amended Complaint does not include a single allegation of physical abuse by Nakamura.

Relatedly, a plaintiff "cannot rely on estoppel if there is still ample time to take action within the statutory period after the circumstances inducing delay have ceased to exist." *Santee v. Santa Clara County Off. Of Educ.*, 220 Cal.App.3d 702, 716 (1990) (plaintiffs were precluded from relying on estoppel when they still had two months to submit a late-claim application after the circumstances causing delay ceased to operate); *see also John R. v. Oakland Unified Sch. Dist.*, 48 Cal.3d 438, 446 (1989) (when assessing estoppel, courts should consider "whether plaintiffs acted within a reasonable amount of time after the coercive effect of the threats has ended"); *DeRose v. Carswell,* 196 Cal.App.3d 1011, 1026-1027 (1987), *superseded on other grounds as stated in Quarry v. Doe 1*, 53 Cal.App.4th 945, 963 (2012) (equitable estoppel inapplicable, because even assuming defendant's duress and coercion during the years plaintiff was being sexually assaulted supported estoppel, plaintiff did not pursue a claim for more than one year after the alleged conduct ceased).[7]

Here, because the alleged conduct by Nakamura ceased no later than when each Plaintiff left the school and Nakamura was no longer their coach, and because each Plaintiff still had the full two years from that time to file suit, each Plaintiff had "ample time to take action within the statutory period after the circumstances inducing delay…ceased to exist." *Santee*, 220 Cal.App.3d at 716.

### 4.  As the Court Already Determined, John Does 4-14 Cannot Rely on a Theory of Fraudulent Concealment to Toll the Statutes of Limitations on Their Claims Against Nakamura.

Fraudulent concealment tolls the statute of limitations for the duration that the plaintiff could not reasonably discover his claim due to "the defendant's fraud in concealing a cause of action against him."

---

[7]   *See also Groom v. City of El Paso De Robles*, 2020 WL 5077355, at *7 (C.D. Cal. Apr. 29, 2020) (holding that equitable estoppel did not apply where plaintiff waited more than six months to file her government claim after threats ceased); *POGA MGMT PTNRS LLC v. Medfiler LLC,* 2014 WL 3963854, at *9 (N.D. Cal. Aug. 12, 2014) ("[e]ven assuming that the individual defendants' repeated promises of settlement induced POGA to delay in filing suit until the end of 2009 as POGA claims, POGA still had ample time to file suit within the statutory period after the circumstances inducing delay ceased to operate); *Mills v. Forestex Co.*, 108 Cal.App.4th 625, 655-656 (2003) (plaintiffs had ample time to sue when a year or more remained after they stopped relying on defendant's promises).

*Bernson v. Browning-Ferris Indus.*, 7 Cal.4th 926, 931 (1994).[8]  "[T]he plaintiff seeking to toll the limitations period must show that she was diligent in attempting to discover the facts underlying her cause of action and was unable to do so only because of the defendant's efforts to conceal that information." *Doe v. Univ. of S. Cal.*, 2019 WL 4229750, at *6 (C.D. Cal. July 9, 2019); *see all Grimmet v. Brown*, 75 F.3d 506, 515 (9th Cir. 1996) ("A failure to 'own up' does not constitute concealment.").

Also, "a claim that fraudulent concealment tolls an applicable…statute of limitations must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure." *Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117, 1132-33 (C.D Cal. May 24, 2010) (collecting cases); *Hip Hop Beverage Corp v. Michaux*, 2016 WL 8578912, at *5 (C.D. Cal. Nov. 30, 2016), *aff'd,* 729 F. App'x 599 (9th Cir. 2018) ("The Ninth Circuit has previously held that a claim that fraudulent concealment tolls an applicable state statute of limitations must be pled with particularity under Rule 9(b)…") (internal citations omitted).  Pleading fraud under 9(b) requires the plaintiff to allege the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007).  "Failure to plead these facts waives this tolling defense." *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996).[9]

Here, there are *no* allegations in the SAC that Nakamura misled any plaintiff or concealed any facts, let alone allegations pled with the particularity required under Rule 9(b).  As this Court has already determined, "[t]he defendants did not conceal critical facts that prevented the plaintiffs from learning the facts underlying their claims: the plaintiffs knew about the conduct and left the team because of it." ECF No. 88 at 24:6-7.

But even if Plaintiffs did sufficiently allege that Nakamura engaged in fraudulent conduct, Plaintiffs' tolling argument still fails because the doctrine of fraudulent concealment "does not come

---

[8]   The Second Amended Complaint is ambiguous about whether Plaintiffs are again relying on the doctrine of fraudulent concealment.

[9]   Plaintiffs are also required to separately identify Nakamura's fraudulent conduct; they cannot rely on fraudulent conduct by *other defendants*. *See Swartz*, 476 F.3d at 764-765 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud'").

DEFENDANT TROY NAKAMURA'S NOTICE OF MOTION
AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

into play, whatever the lengths to which a defendant has gone to conceal the wrongs, *if a plaintiff is on notice of a potential claim*." *Rita M. v. Roman Cath. Archbishop*, 187 Cal. App. 3d 1453, 1460 (1986) (emphasis added); *see also Doe v. Univ. S. Cal.,* 2019 WL 4228371, at *5 (C.D. Cal. Apr. 18, 2019) (holding that fraudulent concealment did not toll the statute of limitations, because "regardless of any efforts to conceal those facts," the plaintiff "knew of the factual basis for her causes of action against [defendant] by herself"). Plaintiffs' allegations show that they knew of the facts sufficient to put them on notice of Nakamura's wrongful conduct.

### 5. This Court Has Already Concluded that the Statute of Limitations Are Not Tolled Due to Equity Limitations

The Plaintiffs seek an equitable exception to the statute of limitations.[10]  However, the Court has already explained that no such exception applies here: "This case does not involve sexual assault, an uneven knowledge of the relevant facts, or other facts supporting delayed accrual of the statute of limitations." ECF No. 88 at 27:3-5.

### C. Plaintiffs' New Causes of Action for Intentional Interference with Contract and Intentional Interference with Prospective Economic Advantage Must Be Dismissed Because Nakamura Is an Agent of USF and, Therefore, Not a Stranger to the Contract

A party can be held liable for the tort of intentional interference with a contract only if he is a "stranger" to the contract. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd*., 7 Cal.4th 503, 514 (1994).  A "stranger" to a contract is somebody who is "not a party to the contract *or an agent of a party* to the contract." *Redfearn v. Trader Joe's Co*., 20 Cal.App.5th 989, 994 (2018), disapproved on another ground in *Ixchel Pharma, LLC v. Biogen, Inc*., 9 Cal.5th 1130 (2020) (emphasis added); *see also Caliber Paving Co., Inc. v. Rexford Industrial Realty and Management, Inc.,* 54 Cal.App.5th 175, 187 (2020) ("We conclude that a defendant who is not a party to the contract or an agent of a party to the contract is not immune from liability for intentional interference with contract"); *Mintz v. Blue*

---

[10]    The Court correctly stated that CCP § 340.16 – the sole authority that Plaintiffs have cited in support of their equity argument – is inapplicable because "this case does not involve sexual assault." ECF No. 88 at 27:3-4.

*Cross of California*, 172 Cal.App.4th 1594 (2009) (holding that a claim could not arise as the defendant was "either a contracting party or its agent"); *United Nat. Maintenance, Inc. v. San Diego Convention Center, Inc.*, 766 F.3d 1002, 1008 (9th Cir. 2014) (defendant can be held liable because "[t]here is no suggestion here that [defendant] was the agent of either [the contracting parties]").

Plaintiffs allege that Nakamura interfered in a contract between themselves and USF.  SAC, ¶ 695.   But, as a coach employed by USF, with the authority to represent USF in dealings with third parties, Nakamura is an "agent" of USF.   *Rogers v. Roseville SH, LLC*, 75 Cal.App.5th 1065, 1074 (2022) ("An agent is one who represents another, called the principal, in dealings with third persons") (citation omitted); Cal. Civ. Code § 2299 ("An agency is actual when the agent is really employed by the principal.").   Indeed, *Plaintiffs expressly allege that Nakamura is an agent of USF.  See, e.g*., SAC, ¶ 129 ("A common recurring form of retaliation involved being run off the USF baseball team by the Coach Defendants, **who are agents of USF**"); ¶ 137, 147, 155 ("The Coach Defendants, individually **and as agents of USF**, also retaliated against Players…").   Accordingly, Nakamura may not be held liable, and this Sixteenth Cause of Action must be dismissed.

For the same reason, even without the existence of a contract, Nakamura cannot be held liable for intentional interference of a prospective economic relationship between Plaintiffs and USF.  In *Kasparian v. County of Los Angeles*, 38 Cal.App.4th 242 (1995) the court held the principle that one who is not a stranger to a contract cannot be liable in tort for interfering with the performance of the contract applied equally to both intentional interference with prospective economic advantage.  *Id.* at 266; *see also Redfearn*, 20 Cal.App.5th at 1003, n. 6 ("Our conclusion Trader Joe's status as a 'stranger' to those contracts exposes it to liability for intentional interference with contract applies equally to its potential liability for the closely related prospective economic advantage torts"); *Card v. Ralph Lauren Corporation*, 2020 WL 353464, at *4 (N.D. Cal. Jan. 21, 2020) (dismissing claim for intentional interference with prospective economic advantage because defendant was not a stranger to the relationship).

1

**V.      CONCLUSION**

2

For all these reasons, Nakamura respectfully requests that the Court grant this Motion and (1)

3

dismiss John Does 4-14 with prejudice; and (2) dismiss the Sixteenth and Seventeenth Causes of

4

Action as to all Plaintiffs.

5

6     Dated: March 8, 2023                        RAPKIN & ASSOCIATES, LLP

7                                                 By: */s/ Scott Rapkin*

8                                                      Scott Rapkin

9                                                 Attorneys for Defendant,
                                                  Troy Nakamura
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

14