UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE 1, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 22-cv-01559-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 136 |

## INTRODUCTION

The plaintiffs in this putative class action are former University of San Francisco Division I baseball players who sued their coaches (for allegedly creating a sexualized environment and punishing players who did not participate) and USF (for not stopping it). They claim discrimination and USF's breach of its contractual duty to provide them with the safe environment required by NCAA rules. USF moved to dismiss the prayer for injunctive relief for lack of standing, Doe 4–14's claims as barred by the statutes of limitations, and the contract claims because the contracts do not incorporate NCAA rules. The court grants the motion to dismiss the claims and denies the motion to dismiss the prayer for injunctive relief.

**STATEMENT**

The plaintiffs played baseball at USF: Does 1–3 more recently (2020 on) and Does 4–14 during earlier seasons (1999 through 2018). The plaintiffs allege that Coaches Anthony Giarratano and Troy Nakamura engaged in abusive, bullying, offensive behavior for decades that was sexualized and directed against the plaintiffs because of their gender. When the plaintiffs did not participate in the behavior, the coaches insulted them and punished them. As a result, the plaintiffs suffered anxiety, depression, and other psychological harm. Players left the team in droves and parents complained. USF allegedly was part of the coverup because it did not address the parents' complaints, which violated its reporting and investigative policies.[1]

The court held previously that Does 1–14 pleaded plausible claims of discrimination by USF under Title IX and the California Education Code (claims 1 and 5), Does 4–14's other claims were barred by the statutes of limitations, and Does 1–3 plausibly pleaded claims of Title IX retaliation by USF (claim 2), negligent supervision of the coaches by USF (claims 3 and 4), inadequate notice by USF of its sexual harassment policy, in violation of Cal. Educ. Code § 66720 (claim 6), gross negligence, negligence, and negligent and intentional infliction of emotional distress by USF and the coach defendants (claims 7–8 and 10–11), negligent failure to warn by USF (claim 9), and ratification by USF (claim 12). The court dismissed the contract claims against USF with leave to amend, in part because the plaintiffs cited the wrong contracts (claims 13–15).[2]

The contract claims are as follows: (1) breach of the players' signed National Letters of Intent, the Division I Student-Athlete eligibility statements, and USF's Grant-in-Aid Agreement that — by incorporating NCAA's requirements — require member organizations such as USF to provide a safe, positive, healthy, and education-grounded environment for athletes (claim 13); (2) if there are no written contracts, then breach of an oral contract based on the same theory (claim 14); (3) if

---

[1] Order – ECF No. 128 at 3 (citing Order – ECF No. 88 at 3–9); Blackline Compares – ECF Nos. 93-1 and 133-1 (allegations remain in current complaint). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 128 at 2–3, 8 (plaintiffs conceded dismissal of earlier claims 17 and 18 against the coach defendants for tortious interference with USF's contract-based obligations), 30; Order – ECF No. 88 at 2–3, 31–32.

there are no contracts between the parties, then breach of the contract between USF and the NCAA (with the plaintiffs as third-party beneficiaries) that required USF to provide student-athletes the same safe and healthy environment (claim 15).[3] The contract claims thus are predicated on an alleged breach by USF of its obligations under NCAA standards for protecting student-athletes' health and safety. The court's earlier order quotes the terms.[4]

Claim 15 is predicated on three written contracts: the National Letter of Intent, the NCAA Division I eligibility statement, and USF's Grant-in-Aid Agreement.[5]

First, matriculating students, their parents, and the school's Director of Athletics sign a National Letter of Intent.[6] It binds the student and the school. For example, the student agrees to attend a member institution for an academic year, participate in an NCAA sport, and abide by the NCAA's rules on eligibility and recruiting.[7] The institution gives a "written offer of athletics financial aid" for the academic year.[8] The contract is silent about NCAA rules addressing student health and safety.

Second, matriculating students sign the NCAA Division I Student-Athlete statement acknowledging that they have read the NCAA rules about eligibility, recruitment, financial aid, amateur status, sports-wagering activities, drug testing, and penalties for providing false information.[9] The statement is silent about NCAA rules addressing student health and safety.

Third, when matriculating students receive an athletic "grant-in-aid," their parents, the athletic director, and the head coach sign USF's Multi-Year Athletic Grant-in-Aid Agreement. In it, the student agrees to maintain his "eligibility to represent the University in intercollegiate competition under all the applicable provisions of the constitution and bylaws of the NCAA and West Coast

---

[3] Third Am. Compl. (TAC) – ECF No. 133 at 118–27 (¶¶ 649–91).

[4] Order – ECF No. 128 at 24–25 (summarizing allegations); Blackline Compare – ECF No. 133-1 at 129–30 (¶¶ 686–87) (same allegations in TAC). This order incorporates the earlier order's full account of the terms by this reference.

[5] Contracts, Exs. B–D to *id.* – ECF Nos. 133-2–133-4.

[6] Nat'l Letter of Intent, Ex. B to *id.* – ECF No. 133-2 at 4.

[7] *Id.* at 2 (¶¶ 1–2, 4), 3 (¶ 8).

[8] *Id.* at 2 (¶ 2).

[9] NCAA Division I Student-Athlete Statement, Ex. C to TAC – ECF No. 133-3 at 2–7.

Conference, abide by USF's rules and regulations, and abide by the rules and regulations of the Athletic Code of Conduct.[10]

USF moved to dismiss the contract claims under Rule 12(b)(6) and the claim for injunctive relief for lack of Doe I's standing and as moot.[11] The court has federal-question jurisdiction under 28 U.S.C. § 1331, CAFA diversity jurisdiction under 28 U.S.C. § 1332(d)(2), and supplemental jurisdiction over the state claims under 28 U.S.C. § 1367. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[12] The court held a hearing on November 30, 2023.

# ANALYSIS[13]

The court dismisses Does 4–14's contract claims as barred by the statutes of limitations, and Does 1–3's contract claims for failure to state a claim under Rule 12(b)(6). At the pleadings stage, the court denies the motion to dismiss the claim for injunctive relief for lack of standing.

**1. Statute of Limitations**

The first issue is whether Does 4–14's claims are timely. The statute of limitations is four years for breach of a written contract and two years for breach of an oral contract. Cal. Civ. Proc. Code §§ 337, 339; *Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006). If the statute of limitations has run, then the issue is whether the discovery rule suspends the statute.[14]

---

[10] Grants, Ex. D to TAC – ECF No. 133-4. Does 4, 7, and 14 did not receive scholarships. Opp'n – ECF No. 143 at 15 n.10.

[11] Mot. – ECF No. 136.

[12] Consents – ECF Nos. 15, 30, 35, 42, 48.

[13] The court incorporates the standards of review from its earlier order by this reference. Order – ECF No. 128 at 8–9 (Rule 12(b)(6)), 11–19 (statute of limitations), 28–30 (injunctive relief).

[14] Order – ECF No. 128 at 11 (the plaintiffs argued, and the court addressed, tolling). The plaintiffs now contend that Does 4, 10, 12, and 13 attended USF through the 2017–18 academic year, rendering their contract claims timely under the four-year statute of limitations. Opp'n – ECF No. 143 at 13 (citing TAC). But the plaintiffs added their contract claims in the second amended complaint filed on February 8, 2023, five years after Does 4, 10, 12, and 13 finished their final academic year at USF. Reply – ECF No. 144 at 9 (citing complaints). The four-year statute of limitations expired for these plaintiffs.

The court previously applied the discovery rule to toll two claims against USF — discrimination under Title IX and the California Education Code (claims 1 and 5) — but not the other tort or contract claims. The discrimination claims were predicated on USF's alleged decades-long coverup and failure to investigate (in violation of its policy) and its superior knowledge of the coverup and the plaintiffs' resulting injury. Fact determinations meant that the discovery rule was better addressed at summary judgment.[15] By contrast, the tort claims (primarily, claims based on negligence and infliction of emotional distress) rested on known, overt abuse. That abuse — a violation of NCAA rules — also is the predicate for the contract claims. Also, as the court held, courts rarely apply the discovery rule for claims involving breach of contract. Thus, the discovery rule did not toll the claims, and the court dismissed Doe 4–14's other tort and contract claims as time barred.[16]

Even assuming that the court's previous dismissal was ambiguous about amendment (and it was not),[17] the court's earlier analysis is unchanged: the discovery rule tolls only (at the pleadings stage) claims 1 and 5. In the TAC, the plaintiffs add some allegations supporting the conclusion that the three documents are contracts. The allegations add nothing that changes the analysis about tolling. The claims by Does 4–14 — other than claims 1 and 5 — are dismissed with prejudice.

**2. Contract Claims**

As the excerpts in the Statement show, the three written contract contracts — the National Letter of Intent, the Division I Student-Athlete eligibility statement, and USF's Grant-in-Aid Agreement — do not incorporate by reference the NCAA terms.[18] As to the plaintiffs' claim that they are third-party beneficiaries of USF's contract with the NCAA, the plaintiffs' new allegations — that the NCAA and USF intended to benefit student-athletes — do not change the court's earlier analysis that there was no intent to benefit the plaintiffs.[19] The court dismisses the contract claims with prejudice.

---

[15] Order – ECF No. 128 at 17–19 (analyzing cases).

[16] *Id.* at 19 (analyzing cases).

[17] *Id.* at 30 (allowing leave to amend Does 1–3's contract claims and the prayer for injunctive relief).

[18] *See supra* Statement.

[19] TAC – ECF No. 133 at 125 (¶ 688); Order – ECF No. 128 at 24–27.

### 3. Injunctive Relief

For the reasons advanced by the plaintiffs at the hearing, the court denies the motion to dismiss the claim for injunctive relief. This case is not merely a case about two bad apples: it is about USF's alleged failure to address a systemic issue. At the pleadings stage, the plaintiffs have alleged enough to withstand the mootness challenge, and Doe I has standing.

## CONCLUSION

The court grants USF's motion to dismiss the contract claims and denies its motion to dismiss sthe prayer for injunctive relief. The dismissal of the claims is with prejudice. This disposes of ECF No. 136.

**IT IS SO ORDERED.**

Dated: November 30, 2023

_____
LAUREL BEELER
United States Magistrate Judge