# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN DOE 1, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00542-SEB-MJD |
| | ) | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

This matter is before the Court on Defendant's Motion to Compel Production of Plaintiffs' Non-Social Media ESI that Is Responsive to NCAA'S First, Second, and Third Sets of Requests for Production. [Dkt. 122]. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

At issue in the instant motion is Plaintiffs' obligation to produce electronic documents responsive to Defendant's First, Second, and Third sets of document requests, which were served on August 18, 2023, December 7, 2023, and January 16, 2024, respectively. Plaintiffs do not dispute the relevancy of the discovery sought by Defendant. Plaintiffs also disavow any general undue burden argument. *See* [Dkt. 136 at 12] ("[T]he wholesale burden objection at the heart of the NCAA's motion does not exist."). Rather, Plaintiffs' position appears to be that they are entitled to take as long as they want to produce the responsive documents because there are a lot of documents to obtain, search, and review.

Obviously that is not the case. Federal Rule of Civil Procedure 34(b)(2)(B) requires documents to be produced "no later than the time for inspection specified in the request or another reasonable time specified in the response."

> Under Fed. R. Civ. P. 34(b)(2)(B), a document "production must then be completed no later than the time for inspection specified in the request or another reasonable time *specified in the response*." (emphasis added). The Advisory Committee Notes to Fed. R. Civ. P. 34 state that "[w]hen it is necessary to make the production in stages the response should specify the beginning and end dates of the production." Fed. R. Civ. P. 34(b)(2)(B), Advisory Cmte. Notes, 2015 amends. "Thus, Rule 34 plainly requires [the responding party] to specify the end date by which [it] will complete [its] production of documents." *Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 433 (D.N.M. 2022). *See also Mass. Mut. Life Ins. Co. v. Reingold*, 2020 WL 12016704, at *1 (C.D. Cal. Jan. 31, 2020) ("Responding parties must include deadlines for production. . . . Rule 26(e) provides no safe harbor to responding parties for belated productions that they could have made sooner with due diligence."); *Maiorano v. Home Depot USA, Inc.*, 2017 WL 4792380, at *3 (S.D. Cal. Oct. 24, 2017) ("Home Depot's responses that it will be producing additional documents is insufficient under Rule 34(b)(2)(B)."); *CapRate Events, LLC v. Knobloch*, 2018 WL 4378167, at *2 (E.D.N.Y. Apr. 18, 2018) ("[T]o the extent that CapRate intends to produce documents it was required either to produce them on the date it served responses or provide a date on which it would make a production, and the form that production would take.")

*BioConvergence LLC v. Attariwala*, 2023 WL 1859434, at *4 (S.D. Ind. 2023). Here, no response time was specified in the responses. *See* [Dkt. 123-1, 123-2, 123-3].[1] Indeed, Plaintiffs still have not provided a date by which their production will be complete, other than the statement in their response brief that they "are on track to produce documents within the existing Court-ordered discovery deadlines." [Dkt. 136.][2] This is clearly unreasonable; the discovery

---

[1] The Court notes that when filing these exhibits, Defendant failed to comply with Local Rule 5-6(a)(2), which requires that attachments to motions be "given a title which describes its content." Defendant shall take care to strictly comply with this rule in the future, as the failure to do so impedes the Court's ability to efficiently review and resolve motions.

[2] In the parties' Eighth Supplemental Joint Report on the Status of Discovery, filed April 1, 2024, [Dkt. 154], Plaintiffs state that they "anticipate completing search-term based production of

deadlines are for the competition of discovery, including all follow-up discovery that is prompted by the ESI production.

That said, the Court finds that Plaintiffs have made some effort, albeit belated, to develop and begin to implement a reasonable search and review protocol with regard to the document requests at issue. This does not mean that the Court finds the protocol set forth in Plaintiffs' response brief to be wholly adequate or, as discussed below, even wholly explained. As Plaintiffs note, ESI discovery is typically an "iterative process," and the Court expects that this process will take place both as the rolling production occurs and after Plaintiffs' production ordered herein is complete. In other words, Plaintiffs' obligation to respond to the requests will not be satisfied by the completion of the protocol Plaintiffs have devised. The Court expects the parties to fully cooperate in the iterative process to make it as efficient as possible. To that end, the Court has reviewed the specific concerns raised by Defendant in their reply brief, [Dkt. 139 at 8-18], and, quite frankly, finds that these are concerns that reasonable attorneys should be able to resolve among themselves with focused, good faith discussions. It is unfortunate that such discussions have not already taken place, but the Court is confident that they will now. As the rolling production continues and is reviewed by Defendant and the parties undertake the iterative process discussed above, the Court expects that each of these issues will be resolved. If they are not—or if new, intractable issues arise—the parties may seek Court assistance to resolve them, to include the filing of another motion to compel, if appropriate.

---

nonsocial media ESI for Does 1-3 by the end of this week" and "estimate that their production of non-social media ESI for non-search term based review will be completed before depositions of Does 1-3 in May 2024," but that they "do not yet have a time estimate for completing production of nonsocial media ESI for Does 4-14." [Dkt. 154 at 2-3.]

3

Plaintiffs shall continue the protocol as described in their response brief and complete their production for Does 1-3 (the class representatives) by no later than **May 6, 2024**, and for the remaining Plaintiffs by no later than **June 7, 2024**, making no less than weekly rolling productions between now and those deadlines. If Plaintiffs have not completed their production by those deadlines, they will be required to produce **all** of the ESI that has not yet been reviewed for relevancy in its native format, subject to the same protections set forth in the Court's prior ordering regarding Plaintiffs' social media production, [Dkt. 117]. In addition, on **May 6, 2024**, Plaintiffs shall file the following certification, signed by counsel of record with personal knowledge and consistent with the certification provisions of Fed. R. Civ. P. 11(b):

> I hereby certify pursuant to the penalties for perjury that the protocol set forth in Docket Number 136 has been completed as to Plaintiff Does 1-3 and that all responsive documents identified by that protocol have been produced to Defendant.

On **June 7, 2024**, Plaintiffs shall file the same certification with regard to the remaining Doe Plaintiffs.

The Court understands the amount of work this will entail. However, Plaintiffs filed this case, and they are obligated to devote whatever resources are necessary to comply with their discovery obligations in this case, which includes completing their document production within a reasonable timeframe. *See* Ind. R. Prof. Conduct 3.4(d) ("A lawyer shall not . . . fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party."); S.D. Ind. L.R. 83-5(f) ("The Indiana Rules of Professional Conduct . . . govern the conduct of those practicing in the court."). The deadlines set forth herein are more than generous given how long the document requests at issue have been outstanding.

4

Finally, to aid in the iterative process and to ensure that all parties and the Court fully understand the protocol Plaintiffs are implementing, counsel for Plaintiffs shall file a statement, consistent with the certification provisions of Fed. R. Civ. P. 11(b), that answers the following questions **on or before April 15, 2024**:

1. Is a vendor being used by Plaintiffs to assist in the production of electronically stored information (ESI) in this case? If yes, identify the vendor.

2. If an ESI vendor is being used, what specific instructions have been given to the vendor as to the parameters of the searches to be conducted (e.g. time frame, document locations, etc.)?

3. If an ESI vendor is not being used, who is conducting the searches for ESI in this matter?

4. If an ESI vendor is not being used, what specific instructions have been given to the individuals who are conducting searches for ESI in this matter as to the parameters of the searches to be conducted (e.g. time frame, document locations, etc.)?

5. Explain in detail how the raw data was collected from each Plaintiff.

6. State the total volume in gigabytes of electronically stored information gathered from each Plaintiff, e.g., "John Doe 1, __ GB."

7. What specific search methods are being used to gather ESI from each Plaintiff?

8. State in detail the precise search terms and date ranges that are being used and the specific data sets that are being searched with each term.

9. Explain in detail the process that is being used to review the documents identified by the searches conducted for production.

5

10. Identify each individual who has participated in the review of the search results and briefly describe each such person's role in that process.

11. Have Plaintiffs or their counsel deviated in any way from the Stipulation Regarding Discovery of Electronically Stored Information ("ESI") and Hard Copy Documents, [Dkt. 81]? If yes, describe in detail each such deviation.

In addition, with regard to Plaintiff Does 1-3 on **May 6, 2024**, and with regard to the remaining Plaintiff Does on **June 7, 2024**, counsel for Plaintiffs shall file a statement, consistent with the certification provisions of Fed. R. Civ. P. 11(b), that answers the following question:

1. With regard to **each** of the agreed search terms and date range parameters used by Plaintiffs to identify potentially responsive documents, identify (a) the number of documents identified by each search term on a custodian-by-custodian basis; (b) the number of the identified documents actually produced to Defendant on a custodian-by-custodian basis; (c) the number of the identified documents logged on Plaintiffs' privilege log on a custodian-by-custodian basis; and (d) the number of the identified documents determined to not be relevant and responsive on a custodian-by-custodian basis. The Court assumes that the total of categories (b), (c), and (d) will equal the number of document "hits" for each search term by custodian identified in category (a); if such is not the case, Plaintiffs should explain any discrepancy in detail.

SO ORDERED.

Dated: 8 APR 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.