May 22, 2024

**VIA ECF**
Hon. Laurel Beeler
United States Magistrate Judge
United States District Court for the
Northern District of California

Re:   *JOHN DOE 1, et al. v. THE UNIVERSITY OF SAN FRANCISCO, et al.*
      Case No. 3:22-cv-01559-LB
      **Defendants' Response to Plaintiffs' Supplement Regarding Coordinated Depositions of Plaintiffs John Does 1-3**

Dear Judge Beeler,

Earlier today, Plaintiffs' counsel submitted a **unilateral** letter brief objecting to third-party subpoenas issued to their clients in a separate case by separate counsel. (*See* ECF No. 193.) Defendants respectfully submit this letter brief in response to Plaintiffs' filing.

*USF's Position.* Those subpoenas relate to a **different case**—a wrongful termination claim commenced on September 23, 2022 by Coach Giarratano against USF, which is set for an arbitration hearing June 10-14 and July 22-26 before (Ret.) Judge David Abbott. *Anthony "Nino Giarratano" v. University of San Francisco and Paul J. Fitzgerald*, (Judicate West, Oakland); Case No. A294998.

This unilateral act plainly violates the Court's Standing Order, which states:

> If parties have a discovery dispute, then counsel **must confer by any means to resolve or narrow their dispute**. If that process does not resolve the dispute, then lead trial counsel **must confer in person if possible or at least by videoconference**. Either party may demand a conference with one week's notice. The parties then may raise their dispute in a five-page letter brief (12-point font or greater, reasonable margins, and page breaks between paragraphs). **Lead trial counsel for both parties must sign the letter and attest that they met and conferred in person or by videoconference**.

(Standing Order ¶ 2.2) (emphasis added).

Despite the Court's Standing Order, Plaintiffs' counsel did not do any of what they were required to do. They did **not** meet and confer with Defendants on this third-party subpoena issue, despite the fact that we had a one-hour meeting on Monday afternoon, just 48 hours ago, to talk about a variety of subjects. (*See* Ex. A.) And they **never** informed Defendants they intended to file a brief about these third-party subpoenas, despite the Court's clear requirement. (*Id.*)

The Court should admonish Plaintiffs to comply with its Standing Order and cease their practice of issuing **unilateral** deposition notices and filing **unilateral** letter briefs.

I.   **Plaintiffs Have Been Aware of These Third-Party Subpoenas For Weeks.**

Although Plaintiffs' counsel expressed surprise when Doe 6 was served with the arbitration

subpoena, they have been talking about these exact third-party subpoenas with the law firm that represents USF in that separate employment matter (Vartain Law) for several weeks. (*See* Ex. B.)

They have been aware of Mr. Vartain's intention to issue third-party subpoenas for Plaintiffs to attend the July arbitration hearing since May 2, when Ross Vartain emailed asking if a few Does would agree to testify voluntarily. (*See* Ex. B.) Two weeks ago, on May 8, Plaintiffs' counsel spoke by phone with Mr. Vartain, where he asked if they would agree to accept service of subpoenas on behalf of their clients. Mr. Vartain also expressed to Plaintiffs' counsel that USF is seeking the least intrusive means for examination of the Does—their appearances at the arbitration proceeding would occur in a setting overseen by (Ret.) Judge Abott, who will enforce rules of evidence to protect the Does. In fact, Mr. Vartain encouraged counsel for Plaintiffs to attend and represent their clients during these examinations.

Inexplicably, on that May 8 call, counsel for Plaintiffs refused to accept service on behalf of their clients, forcing Mr. Vartain to begin the laborious and expensive process of subpoenaing each of them individually. Apparently, the subpoena of Doe 6 (who is not even the subject of the parties' joint letter brief filed yesterday, ECF No. 192) was finally served yesterday *before* USF filed the joint letter brief. (Counsel for USF in this matter did not know any of this until today, because, of course, that is a **separate case**.)

Despite knowing about these third-party subpoenas for two weeks, Plaintiffs' counsel never once raised this issue on the May 20 meet-and-confer videoconference the parties attended in **this case**. They also never once mentioned this issue during several emails that were exchanged yesterday while the parties **in this case** were compiling their joint letter brief. Instead, Plaintiffs' counsel decided to wait and file this unilateral brief, styled as an "supplement." Plaintiffs' counsel is blatantly disregarding the Standing Order, and this conduct is sanctionable.

## II.     The Employment Arbitration is a Totally Separate Case.

The arbitration proceeding is an employment dispute brought by a different plaintiff, Mr. Giarratano, against USF and USF's President. In that case, USF is exercising its rights to compel third party testimony under the California Arbitration Act and the Federal Arbitration Act (which govern its arbitration proceeding). Cal. Code Civ. Proc., § 1282.6; 9 U.S.C. § 7.

Despite Plaintiffs' insinuations, USF's counsel for the arbitration were not retained to assist in the parties' joint letter brief filed last night in this action, and similarly, USF's counsel for this matter were not retained to serve subpoenas on Plaintiffs for the arbitration. They are two different cases. As such, the issues raised in the parties' joint letter brief filed yesterday in this case are separate from the subject of Plaintiffs' supplement unilaterally filed this morning.

## III.    Plaintiffs' Counsel's Charge of "Harassment" is Unprofessional, and the Court Should Direct Plaintiffs' Counsel to Stop Making Personal Attacks.

Over the past few weeks, Plaintiffs' counsel have repeatedly asserted that counsel for USF is "harassing" their client or intending to "re-traumatize" them simply by seeking to take their depositions. They have also made more direct personal attacks, saying that counsel's positions are "repugnant" and that counsel "should be ashamed of themselves." (*See* Exs. A, C.) These

statements are false, and by making unsubstantiated accusations regarding the character of counsel for Defendants, Plaintiffs' counsel have been engaging in unprofessional advocacy, thereby violating the State Bar Rules governing attorneys' conduct. *See* Civil L.R. 11-3(a)(2) ("An attorney who is not a member of the bar of this Court may apply to appear pro hac vice" and "must also submit an oath certifying…[t]hat he or she agrees to abide by the Standards of Professional Conduct set forth in Civil L.R. 11-4, and to become familiar with the Local Rules…"); *see also* https://info.calbar.ca.gov/knowledge/en/your-mcle-reporting-requirement. As such, the Court should direct Plaintiffs' counsel, particularly Ms. Fegan, Mr. Selbin, and Ms. Smith, to cease this unprofessional conduct.

Plaintiffs elected to file two federal lawsuits—one involving USF and the coaches in California, and one involving the NCAA in Indiana. If their counsel did not inform them that they should expect to be deposed as part of this process, they have not fulfilled their duty of competence under the Rules of Professional Conduct. Seeking to take Plaintiffs' depositions in accordance with the Federal Rules is not "harassment," and accusing defense counsel who are simply seeking to defend their clients under the Rules is wholly improper.

***Defendant Nakamura's Position.*** In their unilateral "supplement," Plaintiffs' make a new affirmative request. They now ask the court to order that the depositions of Does 1-3 take place in June and that the depositions be limited to a total of eight hours. To be clear, the eight hours includes any time that the NCAA uses, and the NCAA has already made clear that they will not agree to limit the seven hours they are permitted under FRCP 30. Thus, under Plaintiffs' request, Defendants would be left with one hour for all three defendants in this case (USF, Giarratano, and Nakamura) even though the law mandates seven hours. Mr. Nakamura is unaware of any law – and Plaintiffs have cited none – permitting the Court to limit the seven hours. In fact, FRCP 30 (d)(1) provides that the court "must allow additional time if needed to fairly examine the deponent."

Plaintiffs filed a 125-page complaint with 691 paragraphs, making serious allegations against Mr. Nakamura. Mr. Nakamura has a due process right to defend himself. Of course, under the Federal Rules of Civil Procedure, that includes the right to depose his accusers. Mr. Nakamura will have one opportunity to depose Does 1-3, and he should not have his rights curtailed and be forced to defend himself with his hands tied behind his back simply because the Plaintiffs elected to file another lawsuit against the NCAA in Indiana.

Moreover, Mr. Nakamura is not a party to the arbitration, knows nothing about the recent subpoenas, and will not have an attorney there to question the witnesses. He should not have to rely solely on the arbitration transcripts and questioning by other attorneys, particularly an attorney not involved here. In any event, again, Plaintiffs have cited no authority permitting such extraordinary relief.

In sum, there is no basis for the Court not to enforce the clear law relating to the taking of depositions. Mr. Nakamura requests that the Court put an end to this and tell Plaintiffs that Defendants have the right to take a seven-hour deposition and that the depositions do not have to take place in June.

***Defendant Giarratano's Position.*** Defendant Giarratano agrees with Nakamura's position. In addition, he notes that the subpoenas served by USF in the arbitration matter were for testimony at the hearing, not for depositions. Requiring a witness to testify at hearing should have no impact on the right of Defendants to depose Plaintiffs about their allegations in this action.

In addition, John Does 4 through 14 have no proper basis to testify in the arbitration, in part as this Court has already ruled their claims against Giarratano are time-barred. Moreover, the arbitration involves a defamation claim based on publications made by USF in March 2022. It was not until approximately July 2022, four months later, that John Does 4-14 filed their claims in this Court and, by extension, made USF aware of their allegations for the first time. Logically, USF cannot rely on such statements relative to John Does 4-14 and ought to withdraw subpoena issues to John Doe 8 and not serve any similar subpoenas John Does whose claims were not asserted before March 2022.

Sincerely,

/s/ *Jonathan Baum*
Jonathan Baum
Counsel for Defendant University
of San Francisco

/s/ *Katherine O'Neal*
Katherine O'Neal
Counsel for Defendant
Anthony N. Giarratano

/s/ *Scott Rapkin*
Scott Rapkin
Counsel for Defendant
Troy Nakamura

Cc: All counsel of record (via ECF)