JONATHAN SELBIN (Cal. Bar No. 170222)
jselbin@lchb.com
MICHELLE LAMY (Cal. Bar No. 308174)
mlamy@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

ELIZABETH A. FEGAN (Cal. Bar No. 355906)
beth@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

*Attorneys for Plaintiffs and the Proposed Class*
*(Additional Counsel on Signature Page)*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, and JOHN DOE 12, DOE 13, DOE 14 individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA,<br><br>Defendants. | Case No. 3:22-cv-01559-LB<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO USF'S STATEMENT IN SUPPORT OF SEALING REQUEST (ECF NOS. 265, 274)**<br><br>**Civil Local Rule 79-5(f)**<br><br>Judge: Hon. Laurel Beeler |

Pursuant to Civil Local Rule 79-5(f)(4), Plaintiffs hereby respond to oppose Defendant University of San Francisco ("Defendant USF")'s Statement in Support of Sealing Request. (ECF Nos. 265, 273). As an initial matter, Defendant USF's Statement is improper as it requests sealing of all unredacted exhibits to Plaintiff's Motion for Class Certification, ECF. No. 273 at 2, even though Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed only implicates Exhibits 1-2, 6-19, 21-34, 36-37, and 39—the exhibits designated as "Confidential" or "Highly Confidential" by Defendants USF, Anthony N. Giarratano ("Giarratano"), or Troy Nakamura ("Nakamura"). *See* ECF 265. Moreover, Defendant USF's Statement in Support of Sealing Request must be denied as it ignores this Court's prior rulings and fails to satisfy its burden under Civ. L.R. 79-5.

"Only in rare circumstances should a party seek to file portions of a pleading or brief under seal." Civ. L.R. 79-5(e). As such, motions for class certification and their attachments may be sealed only upon a showing of "compelling reasons" for sealing. *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292 HSG, 2017 U.S. Dist. LEXIS 206806, at *4 (N.D. Cal. Dec. 15, 2017). Specifically, Defendant USF's Statement must "articulate[] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). In addition, Defendant USF must explain (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. Civ. L.R. 79-5(c)(1), (f)(3).

Plaintiffs' Motion for Class Certification, including its attachments, should not be sealed at all; Defendant USF's Statement makes no attempt to comply with the local rules or articulate compelling reasons to seal. In fact, Defendant USF cites no case law whatsoever to support its Statement in Support of Sealing. Rather, Defendant USF focuses almost exclusively on the argument that all exhibits containing confidential information and testimony from the related private arbitration between Defendant USF and Giarratano must be sealed because such materials

are designated confidential under the Protective Order. It should be noted that only a fraction of the exhibits that Defendant USF seeks to seal (Exhibits 1, 16, 18, and 36) contain arbitration materials. Furthermore, this court has already rejected Defendant USF's argument concerning confidentiality designations, denying the sealing of arbitration materials other than the arbitration briefing. *See* ECF No. 269 at 3-4. As such, the request to seal exhibits containing arbitration materials, other than the arbitration briefing, must be denied.

As to the vast majority of the exhibits, which encompass Title IX policy (Exhibit 2), various correspondence (Exhibits 6-15, 17, 19, 21-29, 31-34, 37, 39), and an analysis of the USF Baseball Team (Exhibit 30), Defendant USF makes the sole argument that such exhibits contain specific personal information from individual employees. But Federal Rule of Civil Procedure 5.2 already provides for redactions to specified personally identifying information, and Plaintiffs of course have no objection to any such redactions. Defendant USF makes *no attempt* to satisfy its burden under Civ. L.R. 79-5(c)(1) to redact or seal anything beyond such information—or even to confirm whether such information in fact exists in the above exhibits—and USF provides *no case law* to demonstrate either the compelling reasons that warrant wholesale sealing of the above-numbered exhibits or the injury that will result if sealing is denied. Thus, the requests to seal the remaining exhibits must also be denied.

Defendant USF also argues that exhibits containing the names of Plaintiffs and their family members must be sealed, as Plaintiffs have sought to maintain such information as confidential throughout this proceeding. This argument ignores the fact that the Court has already granted Plaintiffs' Motion to Proceed Anonymously and prior motions to seal this information. *See* ECF Nos. 63, 224; Civ. L.R. 79-5(b) ("A party need not file a motion to seal if a federal statute or a prior court order in the same case expressly authorizes the party to file certain documents (or portions of documents) under seal."). Plaintiffs of course have no objection to all parties continuing to redact Plaintiffs' and their family members' names and personally identifying information from public filings to protect their identities, as ordered by the Court. But that is no justification for the wholesale sealing USF requests.

Accordingly, USF's Statement in Support of Sealing Request must be denied in full.

Dated: December 3, 2024                     Respectfully submitted,

/s/ Michael von Klemperer
MICHAEL VON KLEMPERER
(*admitted pro hac vice*)
mike@feganscott.com
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
Telephone: (202) 921-0002
Facsimile: (312) 264-0100

ELIZABETH A. FEGAN (Cal. Bar No. 355906)
beth@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

LYNN A. ELLENBERGER (*admitted pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT LLC
322 North Shore Dr., Bldg. 1B, Suite 100
Pittsburgh, PA 15212
Telephone: (412) 346-4104
Facsimile: (312) 264-0100

JONATHAN D. SELBIN (Cal. Bar No. 17022)
jdselbin@lchb.com
MICHELLE LAMY (Cal. Bar No. 308174)
mlamy@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

JESSICA A. MOLDOVAN (*admitted pro hac vice*)
jmoldovan@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN
250 Hudson Street, 8th Floor
New York, NY 10013

Telephone: (212) 355-9500

*Attorneys for Plaintiffs and the Proposed Class*

- 4 -