Jonathan M. Baum (SBN 303469)
*jbaum@steptoe.com*
**STEPTOE LLP**
One Market Plaza
Steuart Tower, Suite 1070
San Francisco, California 94105
Telephone: (415) 365-6700 / Facsimile: (415) 365-6699

Geoffrey L. Warner (SBN 305647)
*gwarner@steptoe.com*
Nicolena F. Farias-Eisner (SBN 336158)
*nfariaseisner@steptoe.com*
**STEPTOE LLP**
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 439-9400 / Facsimile: (213) 439-9559

Attorneys for Defendant
UNIVERSITY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14 individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA,<br><br>Defendants. | Case No. 3:22-cv-01559-LB<br><br>**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S SUPPLEMENTAL STATEMENT IN SUPPORT OF SEALING REQUESTS (ECF Nos. 273, 301)**<br><br>[*Declaration of Jonathan M. Baum Filed Concurrently herewith*]<br><br>Judge: Hon. Laurel Beeler<br>Trial Date: None Set |

Pursuant to the Court's March 6, 2025 Order (ECF No. 314), Defendant University of San Francisco ("USF") hereby submits this Supplemental Statement in Support of Sealing Requests (ECF Nos. 273, 301).

## I.     Legal Standard

Where, as here, documents are filed under seal when attached to a non-dispositive motion, courts have "carved out an exception to the presumption of access"—"the usual presumption of the public's right of access is rebutted." *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Courts in the Ninth Circuit apply a "compelling reasons" standard for sealing requests made in connection with motions for class certification. *E.g.*, *Huntsman v. Sw. Airlines Co.*, No. 19-CV-00083-PJH, 2021 WL 391300, at *16 (N.D. Cal. Feb. 3, 2021); *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020); *Yan Mei Zheng v. Toyota Motor Corp.*, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019) (collecting cases); *Racies v. Quincy Bioscience, LLC*, No. 15-CV-00292-HSG, 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017).

In the Ninth Circuit, "[w]hat constitutes a 'compelling reason' is best left to the sound discretion of the trial court." *Center For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* In particular, "[i]nvasion of a third party's privacy interest is a 'compelling reason' for filing a document under seal." *Cat Coven LLC v. Shein Fashion Grp., Inc.*, 2019 WL 10856813, at *1 (C.D. Cal. Dec. 20, 2019) (citing *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 3, 2015)); *see United States v. Kwok Cheung Chow*, No. 14CR00196CRBJCS, 2015 WL 5094744, at *4 (N.D. Cal. Aug. 28, 2015).

## II.    There are compelling reasons to justify sealing redacted portions of Exhibits 1, 6-12, 16-19, 21-34, and 36 in support of the sealing request filed as ECF No. 273

Plaintiffs filed an administrative motion to consider whether another party's material should be sealed for Exhibits 1-2, 6-19, 21-34, 36-37, and 39 to Plaintiffs' Motion for Class

2

**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S SUPPLEMENTAL STATEMENT IN SUPPORT OF SEALING REQUESTS (ECF NOS. 273, 301)**
**CASE NO. 3:22-CV-01559-LB**

Certification (ECF No. 265). These exhibits contained documents marked as "Confidential" or "Highly Confidential" by Defendants USF, Anthony N. Giarratano, or Troy Nakamura under the Stipulate Protective Order entered in this case.

As an initial matter, USF withdraws its request to seal as to Exhibits 2, 13-15, 37, and 39 and quotes on pages 16-17, 20, 23-24, and 26 of Exhibit 1.

With respect to the remaining exhibits, USF requests the Court keep sealed the redacted portions of Exhibits 6, 9, and 11. These exhibits contain communications submitted to USF personnel by third parties with the expectation of privacy and personal identifying information of third parties. The redactions protect personal identifying information of the third parties and sensitive information submitted by the third parties to USF in confidence. Publication would cause a serious invasion of privacy for third parties and will infringe upon their expectation of privacy. *Cat Coven LLC*, 2019 WL 10856813, at *1; *Kwok Cheung Chow*, 2015 WL 5094744, at *4; *see Icon-IP Pty Ltd., Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 3, 2015).

USF also requests the Court keep sealed the redacted portions of Exhibit 7. This exhibit contains a communication submitted to USF personnel by a third party with the expectation of privacy, and it contains the personal identifying information of third parties. This exhibit also includes private medical information of a third party, which alone is sufficient to maintain the redacted portions under seal. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (finding that even if not sealed in their entirety, third-party medical and personnel records should be redacted, namely identifying information of third parties, to protect third party privacy interests). The redactions protect personal identifying information of the third party and sensitive information submitted by the third party to USF in confidence. Public disclosure of this information will undermine a third party's constitutional and statutory right to privacy. *Cat Coven LLC*, 2019 WL 10856813, at *1; *Kwok Cheung Chow*, 2015 WL 5094744, at *4; *see Icon-IP Pty Ltd., Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 3, 2015).

Similarly, the redacted portions of Exhibits 8, 10, 17, 19, 21-23, 25, 29, 31, and 32 should remain sealed. These exhibits contain the names and personal identifying information of Plaintiffs, which Plaintiffs have sought to maintain as confidential throughout this proceeding and which the

Court ordered to remain anonymous.[1] (*See* ECF No. 63 at 5.) Exhibits 8, 10, 17, 19, 21-23, 25, 29, 31, and 32 also contain communications submitted to USF personnel by third parties with the expectation of privacy and contain personal identifying information of third parties. The redactions protect personal identifying information of the third parties and sensitive information submitted by the third parties to USF in confidence. Publication would cause a serious invasion of privacy for third parties. *Cat Coven LLC*, 2019 WL 10856813, at *1; *Kwok Cheung Chow*, 2015 WL 5094744, at *4; *see Icon-IP Pty Ltd., Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 3, 2015).

Additionally, Exhibit 12 contains personal identifying information of a third party—a private cell phone number—and thus, should remain under seal. Publication would cause a serious invasion of privacy for the third party. *Cat Coven LLC*, 2019 WL 10856813, at *1; *Kwok Cheung Chow*, 2015 WL 5094744, at *4; *see Icon-IP Pty Ltd., Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 3, 2015).

USF requests the Court keep sealed Exhibits 16, 18, and 36 and the quotes on pages 9 and 14 of Exhibit 1, which contain excerpts from transcripts of the proceedings in the arbitration between USF and Defendant Anthony N. Giarratano and documents filed during the same proceedings. The arbitrator designated the proceedings and underlying exhibits, briefings, and testimony confidential, and in reliance on this order, the parties disclosed information with the understanding that the hearing and materials would remain confidential. Plaintiffs should not be able to benefit in the public eye from the unauthorized disclosure of information in these exhibits, particularly when such disclosure is one-sided and misrepresents the nature of the arbitration as a whole.

USF requests the Court keep sealed the redacted portions of Exhibits 26 and 30. Exhibit 26 contains non-public financial information of a party, and Exhibit 30 contains non-public

---

[1] There is a presumption of transparency in litigation, and the Ninth Circuit allows parties to use pseudonyms only in "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Despite alleging sexual misconduct, Does 1, 2, and 3 testified that they never experienced inappropriate physical sexual touching while at USF. The Court has similarly held that this case does not concern "physical sexual abuse." (ECF No. 88 at 22, 24-25.) Plaintiffs' shielding of their identities thwarts the public's interest in transparency.

**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S SUPPLEMENTAL STATEMENT IN SUPPORT OF SEALING REQUESTS (ECF NOS. 273, 301)**
**CASE NO. 3:22-CV-01559-LB**

financial information that would reveal USF's finances and business decision-making. *Fed. Trade Comm'n v. Microsoft Corp.*, No. 23-CV-02880-JSC, 2023 WL 5186252, at *5 (N.D. Cal. Aug. 11, 2023) (finding compelling reasons to seal "[n]on-public sensitive financial information").

There is a compelling reason to seal the redacted portions of Exhibits 24, 27, 28, 33, and 34, as they contain personal identifying information of third parties. Publication would cause a serious invasion of privacy for the third parties and will interfere with a third party's constitutional and statutory right to privacy. *Cat Coven LLC*, 2019 WL 10856813, at *1; *Kwok Cheung Chow*, 2015 WL 5094744, at *4; *see Icon-IP Pty Ltd., Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 3, 2015).

The Court should keep sealed all quotes from redacted materials in Exhibits 6-12, 16-19, 21-34, and 36 contained in Plaintiffs' brief in support of Plaintiff's Motion for Class Certification. USF withdraws its request to seal quotes from Exhibits 2, 13-15, 37, and 39 in the brief.

### III. Compelling reasons exist to keep sealed the redacted portions of Exhibits 2-12, 14, and 16-20 to the Selbin Declaration and Exhibit A to the Fegan Declaration in support of the sealing request filed as ECF No. 301

Plaintiffs filed an administrative motion to consider whether another party's material should be sealed for the following documents filed in support of Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification (ECF No. 299): (i) Exhibits 2-12, 14, and 16-19 to Plaintiffs' Declaration of Jonathan D. Selbin in Support of Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification ("Selbin Declaration"); (ii) portions of Exhibit 20 to the Selbin Declaration, the Supplemental Expert Report of Robert Boland, J.D.; (iii) Exhibit A to Plaintiffs' Declaration of Elizabeth A. Fegan in Support of Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification ("Fegan Declaration"); (iv) portions of Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification; and (v) portions of the Fegan Declaration. These exhibits contained documents marked as "Confidential" or "Highly Confidential" by Defendants USF, Anthony N. Giarratano, or Troy Nakamura under the Stipulate Protective Order entered in this case.

USF withdraws its request to seal the quote in the last sentence of paragraph 32 of Exhibit 20 to the Selbin Declaration.

USF requests the Court keep sealed the redacted portions of Exhibit 2 to the Selbin Declaration. This exhibit contains the personal identifying information of third parties. Public disclosure will invade these third parties' right to privacy, and as such, the materials should remain under seal. *Cat Coven LLC*, 2019 WL 10856813, at *1; *Kwok Cheung Chow*, 2015 WL 5094744, at *4; *see Icon-IP Pty Ltd., Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 3, 2015).

Exhibits 3-12, 14, and 16 to the Selbin Declaration, quotes on pages 6-12 of Exhibit 20 to the Selbin Declaration, and Exhibit A to the Fegan Declaration contain excerpts from transcripts of the proceedings in the arbitration between USF and Defendant Anthony N. Giarratano and documents filed during the same proceedings. The arbitrator designated the proceedings and underlying exhibits, briefings, and testimony confidential, and in reliance on this order, the parties disclosed information with the understanding that the hearing and materials would remain confidential. In addition, Exhibit 14 to the Selbin Declaration and Exhibit A to the Fegan Declaration contain the testimony of Doe 7. These exhibits should remain sealed in their entirety because they contain Doe 7's name and other personal identifiable information, which is information that Plaintiffs have sought to maintain as confidential throughout this proceeding and which the Court ordered to remain anonymous.[2] (*See* ECF No. 63 at 5.)

USF requests the Court keep sealed the redacted portions of Exhibits 17-19 to the Selbin Declaration. These exhibits contain the names of Plaintiffs, which Plaintiffs have sought to maintain as confidential throughout this proceeding and which the Court ordered to remain anonymous.[3] (*See* ECF No. 63 at 5.) These exhibits also contain the personal identifying information of third parties. The redactions protect personal identifying information of the third parties. Publication would cause a serious invasion of privacy for third parties. *Cat Coven LLC*, 2019 WL 10856813, at *1; *Kwok Cheung Chow*, 2015 WL 5094744, at *4; *see Icon-IP Pty Ltd., Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 3, 2015). These exhibits contain non-public financial information that would reveal USF's finances and business decision-making. *Fed. Trade Comm'n*,

---

[2] Reference Footnote 1 *supra*.
[3] Reference Footnote 1 *supra*.

2023 WL 5186252, at *5 (finding compelling reasons to seal "[n]on-public sensitive financial information").

USF, accordingly, requests the Court keep sealed all quotes from redacted materials in Exhibits 2-12, 14, and 16-20 to the Selbin Declaration and Exhibit A to the Fegan Declaration in Plaintiffs' brief in support of Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification and the Fegan Declaration.

### IV.   Conclusion

For the foregoing reasons, USF respectfully requests that the Court keep sealed the exhibits described above.

Dated: March 20, 2025

Respectfully submitted,

STEPTOE LLP

By:   */s/ Jonathan M. Baum*
Jonathan M. Baum (SBN 303469)
Geoffrey L. Warner (SBN 305647)
Nicolena F. Farias-Eisner (SBN 336158)
*Attorneys for Defendant*
UNIVERSITY OF SAN FRANCISCO

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record who receive CM/ECF notifications.

By: */s/ Jonathan M. Baum*
Jonathan M. Baum