JONATHAN SELBIN (Cal. Bar No. 170222)
jselbin@lchb.com
MICHELLE LAMY (Cal. Bar No. 308174)
mlamy@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

ELIZABETH A. FEGAN (Cal. Bar No. 355906)
beth@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

*Attorneys for Plaintiffs and the Proposed Class*
*(Additional Counsel on Signature Page)*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, and JOHN DOE 12, DOE 13, DOE 14 individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA, <br><br> Defendants. | Case No. 3:22-cv-01559-LB <br><br> **PLAINTIFFS' STATEMENT IN OPPOSITION TO DEFENDANT UNIVERSITY OF SAN FRANCISCO'S SUPPLEMENTAL STATEMENT IN SUPPORT OF SEALING REQUESTS (ECF Nos. 273, 301, 318).** <br><br> **Civil Local Rule 79-5(f)** <br><br> Judge: Hon. Laurel Beeler |

Pursuant to Civil Local Rule 79-5(f), Plaintiffs filed Motions to Consider Whether Another Party's Material Should be Sealed in connection with their Motion for Class Certification and Reply in Support of Plaintiff's Motion for Class Certification. (ECF Nos. 265, 299). Defendant University of San Francisco ("USF") subsequently filed two Statements in Support of Sealing. (ECF Nos. 273, 301). Having failed to meet its burden to keep materials under seal, the Court instructed USF to file a Supplemental Statement in Support of Sealing. (ECF No. 314). Plaintiffs submit this statement in opposition to USF's Supplemental Statement. (ECF No. 318).

Plaintiffs oppose USF's request to seal *any portion* of Plaintiff's Motion for Class Certification (ECF No. 266) ("Mot.") or Plaintiffs' Reply in Support of Class Certification (ECF No. 300) ("Reply"). Further, Plaintiffs oppose sealing portions of Robert Boland's Report (Mot. Ex. 1) and Supplemental Report (Reply Ex. 20) that quote from the arbitration materials. Finally, Plaintiffs oppose USF's request to seal the arbitration testimony and interrogatory responses in full (Mot. Exs. 16, 18, 36; Reply Exs. 3-12, 14, 16, and Ex. A to the Fegan Declaration). Only John Doe 7's name and the name of his father referenced in Reply Exs. 14 and Ex. A to the Fegan Declaration may appropriately be redacted. The remainder should be public.

Plaintiffs do not oppose the limited redactions USF proposes for Mot. Exs. 6, 7, 8, 9, 10, 11, 12, 17, 19, 21-25, 26-30, 31-34 and Reply Exs. 2, 17-19.[1]

I.   **Legal Standard.**

"The public has a right of access to the Court's files." ECF No. 314 (Order re Mots. To Seal) (quoting Civ. L.R. 79-5(a)). "Litigants must 'minimize the number of documents filed under seal' and 'avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).'" *Id.* (quoting Civ. L.R. 79-5(a). Sealing any portion of a brief is appropriate "only in rare circumstances." Civ. L.R. 79-5(e).

---

[1] Specifically, Plaintiffs agree it is appropriate to redact the names of Plaintiffs and their family members contained in Mot. Exs 8, 10, 17, 19, 21-25, 27-29, 31-34 and Reply Exs. 17-19. Further, without conceding that these redactions are appropriate or permissible under the Local Rules and relevant caselaw, Plaintiffs do not challenge USF's redaction of third-party names, third-party contact information, and limited financial data in Mot. Exs. 6, 7, 9, 11, 12, 26, 30 and Reply Ex. 2.

Motions related to class certification and their attachments may be sealed only upon a showing of "compelling reasons" for sealing. *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292 HSG, 2017 U.S. Dist. LEXIS 206806, at *4 (N.D. Cal. Dec. 15, 2017). Thus, to support sealing, a party filing a Statement in Support of Sealing must "articulate[] compelling reasons supported by specific factual findings, that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). This requires a showing of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient. Civ. L.R. 79-5(c)(1), (f)(3).

**II.     Argument.**

USF seeks to seal the arbitration materials in full and redact from public view every portion of Plaintiffs' briefing and expert reports that quote from this critical evidence. But USF does not, and cannot, carry its burden to justify sealing any of the materials from the arbitration, any portion of Plaintiffs' class certification briefing, or any portion of Plaintiffs' expert reports. The public is entitled to see Plaintiffs' briefing and reports without USF's selective redactions applied, as well as the overwhelming evidence reflecting USF's and the coaches' misconduct, including the clear and unambiguous sworn statements and testimony from USF and its administrators in which it admitted (in the arbitration) to much of the misconduct it denies here.

USF's only argument to seal the arbitration documents and testimony is that they were designated as confidential. (ECF No. 319 at 4). The mere designation of confidentiality or that the materials come from an arbitration, standing alone, is not a legally cognizable basis to seal them. In fact, <u>USF advanced this same argument on two prior occasions, and this Court has now twice rejected it</u>, holding that only PII and briefing from the arbitration materials could be legitimately sealed. ECF No. 269 at 3-5; ECF No. 293 (adopting Plaintiffs' proposed approach in ECF No. 297 of sealing only PII from arbitration materials). And those were decisions regarding a discovery dispute, not class certification briefing where the higher, "compelling reasons" standard applies.

1  As was the case in USF's initial Statement in Support of Sealing (ECF No. 273), USF fails to provide any case law, or even argument, establishing compelling reasons that could possibly justify sealing the arbitration materials in full (and every portion of Plaintiffs' briefing and expert reports that quote from it). Because none exists. Nor does USF provide any case law or argument on the injury that will result if sealing is denied.

Given USF's persistent failure to carry its burden with respect to the arbitration materials, in filing after filing, the only reasonable conclusion is that USF simply wants to seal the arbitration materials because they contain some of the most damaging evidence in this case that USF wishes to shield from public view. For instance, John Doe 7's arbitration testimony demonstrates that USF was willing to prepare and submit to this Court false evidence in furtherance of its effort to defeat class certification. *See* ECF Nos. 300-022, 300-023 (Ex. A to Fegan Declaration). The clear and unambiguous testimony of USF's senior administrators admitting to much of the misconduct and USF's failings is similarly devastating, as are USF's sworn arbitration admissions contradicting many of the positions it has taken in this litigation. *See, e.g.*, Mot. Exs. 16 (USF's Responses to Giarratano's Interrogatories), 18 (excerpts from the testimony of Father Paul J. Fitzgerald), 36 (excerpts from the transcript from Volume V of the arbitration proceedings); Reply Exs. 3 (USF's Amended Responses to Giarratano's Interrogatories), 4, 7-9, 11, 16, 20 (testimony from Diane Nelson, Charlie Cross, Joan McDermott, Defendant Giarratano, Paul J. Fitzgerald, and John Doe 7), and 5-6, 10, 12, 14 (transcripts from Vols. IX, VIII, X, I and VII. of the arbitration proceedings).

USF's effort to shield damaging evidence from public view is antithetical to basic precepts of our open judicial system, which strongly favors public access to the documents that go to the merits of the claims. *See Kamakana*, 447 F.3d at 1178.

With the exception of redacting John Doe 7's name from Reply Exs. 14 and Exh. A to the Fegan Declaration, USF's request to seal portions of Plaintiffs' class certification briefing and seal in full Mot. Exs. 16, 18, and 36 and Reply Exs. 3-12, 14, 16, and Ex. A to the Fegan Declaration should be denied.

- 3 -

PLAINTIFFS' STATEMENT IN OPPOSITION TO DEFENDANT'S
SUPPLEMENTAL STATEMENT IN SUPPORT OF SEALING
CASE NO. 3:22-CV-01559-LB

| | | |
|---|---|---|
| 1 | Dated: March 24, 2025 | Respectfully submitted, |

*/s/ Michael von Klemperer*
MICHAEL VON KLEMPERER
(*admitted pro hac vice*)
mike@feganscott.com
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, DC 20009
Telephone: (202) 921-0002
Facsimile: (312) 264-0100

ELIZABETH A. FEGAN (Cal. Bar No. 355906)
beth@feganscott.com
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100

LYNN A. ELLENBERGER (*admitted pro hac vice*)
lynn@feganscott.com
FEGAN SCOTT LLC
322 North Shore Dr., Bldg. 1B, Suite 100
Pittsburgh, PA 15212
Telephone: (412) 346-4104
Facsimile: (312) 264-0100

JONATHAN D. SELBIN (Cal. Bar No. 17022)
jdselbin@lchb.com
MICHELLE LAMY (Cal. Bar No. 308174)
mlamy@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

JESSICA A. MOLDOVAN (*admitted pro hac vice*)
jmoldovan@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500

*Attorneys for Plaintiffs and the Proposed Class*