[Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18 and JOHN DOE 19, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA, <br><br> Defendants. | Case No. 3:22-cv-01559-LB <br><br> **Joint Motion to Rescind Amendment or Reassign Case to District Judge** <br><br> Judge:  TBD |

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

**Joint Motion to Rescind Amendment or Reassign Case to District Judge**

After the Court denied class certification on March 5, 2025, Plaintiffs did not seek to amend their complaint, but instead waited four months and then filed an entirely new case on behalf of five new individuals, No. 25-cv-05311 (the "2025 Case"). Although the 2025 Case had been assigned to Magistrate Judge Beeler as a related case, it was reassigned to U.S. District Judge Trina Thompson when Plaintiffs declined to consent to a magistrate judge.[1] In the intervening six months, it has become clear that proceeding with both cases before two different judges has caused logistical challenges, particularly when the two judges set different case schedules, including inconsistent discovery and pretrial deadlines.

Last month, Magistrate Judge Beeler took it upon herself to solve the complexities caused by the two cases.[2] On December 18, 2025, Magistrate Judge Beeler's clerk reached out to the parties to schedule a status conference the next day. During that status conference, Magistrate Judge Beeler explained that she had found a solution for the challenges of the two cases. Magistrate Judge Beeler directed Plaintiffs to dismiss the 2025 Case and instead file an amended complaint in the original case, 22-cv-1559-LB (the "2022 Case"), incorporating the new plaintiffs and new claims into the older case. During this hearing, Magistrate Judge Beeler did not ask Defendants whether they consented to the consolidation of the cases before her, and

---

[1] Shortly after the 2025 Case was filed, on July 10, 2025, the Court entered a Clerk's Notice requesting that the parties file a consent or declination to proceed before a magistrate judge by July 24, 2025. (Case No. 25-cv-5311, Dkt. No. 10.) The next day, Plaintiffs filed a notice declining consent (Dkt. No. 14), and the case was reassigned to Judge Thompson. Although Plaintiffs later stated in a filing before Judge Thompson on Oct. 22, 2025 that they would consent to a magistrate judge in the 2025 Case (Dkt. No. 55, at 2), the other parties have never consented to magistrate jurisdiction in the 2025 Case, and one of the Defendants, Anthony Giarratano, has affirmatively stated he would decline consent to magistrate judge jurisdiction (Case No. 25-cv-5311, Dkt. No. 59, at 2). After Giarratano made that statement that he would not consent, Magistrate Judge Beeler took steps to facilitate the consolidation of the two matters before herself.

[2] Plaintiffs initially refused to consolidate the two cases. It was only after Giarratano filed a motion to consolidate that Plaintiffs changed their minds and agreed the cases should be handled together.

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

she did not give Defendants an opportunity to brief these issues or oppose amendment of the 2022 Complaint to incorporate the claims from the 2025 Case. After the hearing, Plaintiffs complied with Magistrate Judge Beeler's direction and filed their amended complaint in the 2022 Case on December 23, voluntarily dismissing the 2025 Case the same day.

Defendants appreciate Magistrate Judge Beeler's efforts to handle these cases efficiently. However, while well intentioned, Magistrate Judge Beeler's *sua sponte* intervention in the case runs afoul of 28 U.S.C. § 636(c) and materially prejudices Defendants by mooting several arguments in their fully briefed motions to dismiss the 2025 Case, which were pending before Judge Thompson and set to be heard on January 27, 2026. 2022 Case, Dkt. Nos. 28, 29, 31. Specifically, Defendants had moved to dismiss the 2025 Case on statute of limitations grounds, relying on settled authority that California does not permit cross-jurisdictional tolling where a plaintiff files a separate action asserting the same claims against the same defendants in the same federal court.[3] Plaintiffs did not meaningfully respond to this authority in their opposition brief, and Defendants were poised to prevail on those claims.

In addition to this prejudice, the Court's decision to consolidate the cases was procedurally improper. If Plaintiffs had moved to amend the operative complaint in the 2022 Case when they sought to bring the claims of Does 15-19 in June 2025, they would have been required to seek leave of the Court and provide good cause for the amendment, consistent with Federal Rule of Civil Procedure 15(a). Doing so would have provided Defendants an opportunity to challenge the amendment. Had Plaintiffs been required to adhere to the prescribed procedures for amendment, Defendants could have presented—before any amendment was made—the specific ways in which the amended complaint would prejudice their defenses. However, because of the manner of Magistrate Judge Beeler's action, Defendants were not given a reasonable opportunity to present these issues.

Additionally, the Court's *sua sponte* action to consolidate the 2025 Case into the 2022

---

[3] *See, e.g.*, *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1018 (C.D. Cal. 2011); *Williams v. Countrywide Fin. Corp.*, 2017 WL 986517 (C.D. Cal. Mar. 13, 2017); *Naylor v. Flavan*, 2009 WL 1468708, at *6 (C.D. Cal. May 19, 2009); *Barrier v. Benninger*, 1998 WL 846599, at *9 (N.D. Cal. Dec. 1, 1998).

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

Case—despite Giarratano's express statement that he did not consent to magistrate judge jurisdiction over the 2025 Case—violated 28 U.S.C. § 636(c). Although the 2022 and 2025 Cases are related, they are not the same. The 2025 Case involves new plaintiffs and includes different claims that were not alleged in the 2022 Case.[4] The posture of the 2025 Case is also different. It was filed nearly four years later and follows the denial of class certification, an event that fundamentally changed the scope and risk profile of the case. Treating Defendants' earlier consent in 2022 as automatically extending to this materially different case in 2025 deprived Mr. Giarratano of his rights under Section 636(c).[5] Lack of consent is an absolute bar to proceeding before a magistrate, and the reconfiguring of the cases effectively and impermissibly overrode that lack of consent.

Defendants wish to emphasize that they bring this Motion with the utmost respect for Magistrate Judge Beeler and her commendable efforts to manage complex, overlapping litigation in an efficient manner. Defendants have an obligation, however, to preserve legal defenses that were fully developed and pending before Judge Thompson and to ensure that the statutory protections afforded by 28 U.S.C. § 636 are observed. Accordingly, Defendants respectfully request that the Court either rescind the recent amendment of the complaint in the 2022 Case, or, in the alternative, reassign the combined case to a United States District Judge. Defendants also respectfully request that Judge Beeler defer ruling on the Motion to Dismiss and continue the hearing on that motion until a District Judge has ruled on this motion.

## I.      Facts

Since March 11, 2022, U.S. Magistrate Judge Beeler has overseen the lawsuit brought by 14 former USF baseball players, in which the plaintiffs alleged misconduct involving the team's

---

[4] Plaintiffs added two new claims in the 2025 Case: (1) Discrimination in the Educational Setting which was a new claim as to Coach Giarratano and Coach Nakamura; and (2) Negligent Failure to Warn, Train, or Educate which was a new claim as to Coach Giarratano. 2025 Case, Dkt. No. 1, at 46 & 50 (Counts V and IX).

[5] Plaintiffs declined consent to magistrate judge jurisdiction at the outset of the 2025 Case, before Defendants had any opportunity to consent or decline magistrate jurisdiction in the ordinary course.

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

coaches, as well as USF and the NCAA. Following the denial of class certification on March 5, 2025, Plaintiffs did not seek to amend their complaint to add any new plaintiffs. Instead, five former baseball players, represented by the same counsel as the lawyers in the 2022 Case, filed a new action on June 25, 2025 alleging the same causes of action, as well as several new claims, against the same defendants, which was first assigned to Magistrate Judge Beeler, and then reassigned to Judge Thompson after Plaintiffs filed their declination of consent to a magistrate judge. Because Plaintiffs declined to consent to a magistrate judge, the two cases proceeded before different judges, on different tracks, with different schedules. Defendants asked Plaintiffs' counsel to agree to consolidate both cases before Judge Thompson, given their declination of consent to proceed before a magistrate judge. 2025 Case, Dkt. No. 59-1 at 1-2. Plaintiffs rejected the offer to consolidate both cases before Judge Thompson, insisting that they proceed before different judges. *Id.*

All three Defendants moved to dismiss the 2025 Case, arguing that the action should be dismissed for statute of limitations grounds because plaintiffs could not benefit from equitable tolling after filing a second action for the same claims in the same court. 2025 Case, Dkt. Nos. 28, 29, 31. Plaintiffs had no response to these authorities in their opposition brief.

After appearing for their initial hearing before Judge Thompson and disagreeing with her scheduling order, Plaintiffs reversed their position and stated they would consent to consolidation before Magistrate Judge Beeler. 2025 Case, Dkt. No. 55. However, during the briefing on the motion to consolidate in October 2025, Defendant Giarratano expressly stated that "Giarratano does not agree to a magistrate judge handling the Doe 15-19 action, particularly as all Defendants have moved to dismiss Does 15-19's claims before this Court and this Court has conducted a Rule 26 conference and set a scheduling order." 2025 Case, Dkt. No. 59-1, at 2.

On December 18, 2025 at 4:30 p.m., the parties received an email from Magistrate Judge Beeler's clerk suggesting that Magistrate Judge Beeler needed to meet with the parties the next morning. The clerk wrote: "Given the interplay between the two cases, Judge Beeler thinks it a really good idea to have a short CMC call/Zoom and that everyone's interests will be advanced by having it. It's all procedural and is meant to be a conversation about what next steps look

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

like." When one member of the Defense team said he had a conflict, Magistrate Judge Beeler responded, stating, "Thanks, everyone. I know that Scott has that conflict with another hearing, but if you can work out a time that works, it's probably a good thing. :-)." Neither the clerk nor Magistrate Judge Beeler provided an explanation in advance of what the specific subject of the hearing would be.

On December 19, 2025, the parties appeared on Zoom for the hearing requested by the Court. *See* Exhibit A. During the first part of the hearing, which was off the record, Magistrate Judge Beeler suggested that consolidation would solve logistical problems and told the parties that she had determined the best way forward would be for the Plaintiffs to dismiss the 2025 Case and then amend the 2022 Case to include the claims by the new plaintiffs. *See* Baum Declaration. Magistrate Judge Beeler did not ask whether the Defendants consented and, in fact, affirmatively stated that she did not require Defendants' consent to proceed. *Id.*

When the Court went on the record, Magistrate Judge Beeler again did not ask whether Defendants consented to magistrate judge jurisdiction. *See* Exhibit B. The Court also did not provide Defendants any warning that consolidation was something Magistrate Judge Beeler was considering or an opportunity to brief or otherwise address the consent issue outside of this unexpected hearing—even though consent is a threshold jurisdictional requirement under 28 U.S.C. 636. *Id.* Notably, the Court took this action *sua sponte*. Plaintiffs never asked for leave to amend their complaint in the 2022 Case, let alone made a showing of good cause that would warrant amendment more than three years after they filed the 2022 Case. And while a motion to consolidate was pending before Judge Thompson (2025 Case, Dkt. No. 47), there was no similar motion pending at the time before Magistrate Judge Beeler.

Magistrate Judge Beeler stated that Defendants' consent to her jurisdiction over the new case was unnecessary. *See* CMC Transcript at 8:25-9:4 ("It's really out of the Defense's hands on some level because of this new process **does not require the Defendants' consent** because we already have consent, which was an agreeable way of approaching the problem." (emphasis added)). Magistrate Judge Beeler acknowledged that Giarratano had expressly declined magistrate jurisdiction for the 2025 Case, but concluded that Giarratano's prior consent for the

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

2022 Case could be applied to the 2025 Case. CMC Transcript at 5:23-6:10. ("[W]e already have the Defense consent that allows the case to proceed as a consolidated complaint before me, effectively granting consolidation, which the parties agree is the most efficient way to process the case.").

Following Magistrate Judge Beeler's request, on December 23, 2025, just two court days after the hearing, Plaintiffs filed an amended complaint in the 2022 Case adding new Plaintiffs and dismissed the 2025 Case. The Court did not require Plaintiffs to seek leave to amend and did not give Defendants an opportunity to oppose amendment apart from the impromptu hearing on December 19, when they were told the Court did not need their consent. Although the newly added Plaintiffs filed written consents, Defendants—including Mr. Giarratano—have never consented to magistrate-judge jurisdiction over the 2025 Case.

**II.    Legal Standards Governing Magistrate Jurisdiction**

Litigants in federal court  have a constitutional right to have their cases decided by Article III judges. *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984). Section 636(c) authorizes a magistrate judge to exercise dispositive authority only upon the consent of all parties. 28 U.S.C. § 636(c)(1); *Branch v. Umphenour*, 936 F.3d 994, 1001 (9th Cir. 2019). Absent consent of all the parties, a magistrate judge does not have authority to hear dispositive motions. Section 636(c) identifies consent as "the decision of the parties." § 636(c)(2). Consent must be knowing, voluntary, and applicable to the claims and parties actually before the court. *Pacemaker*, 725 F.2d at 541; *Branch*, 936 F.3d at 1001.

Federal law emphasizes the importance of protecting the parties' rights on this issue. *See Pacemaker*, 725 F.2d at 546 ("Continued and vigilant supervision by Article III judges is of course essential to the integrity of the system, and they must be careful to guard against any compulsion to induce consent through the imposition of costs, delays, or other penalties which would be incompatible with the . . . conclusion that the consent of the parties is essential to the constitutionality of the Act."). The statute itself provides that "neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate." 28 U.S.C. §636(c)(2). The statute directs the court to "advise the parties

7

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

that they are free to withhold consent without adverse substantive consequences" and requires implementation of "procedures to protect the voluntariness of the parties' consent." *Id.* The Ninth Circuit has said, "this language conveys that any party's objection is sufficient to prevent jurisdiction from vesting in the magistrate judge." *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017).

Typically, the district court can vacate consent to the magistrate judge's jurisdiction under two circumstances: (1) on the court's own motion for good cause shown; or (2) on motion by a party demonstrating extraordinary circumstances. 28 U.S.C. § 636(c)(4). But if all parties have not yet consented, "a party need not satisfy the good cause or extraordinary circumstances standard provided in § 636(c)(4) in order to withdraw magistrate judge consent." *Gilmore v. Lockard*, 936 F.3d 857, 863 (9th Cir. 2019).

In the Ninth Circuit, "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001). "All rulings of a trial court are subject to revision at any time before the entry of judgment." *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004).

### III.    Analysis

A. <u>Defendants Have Not Consented to Magistrate-Judge Jurisdiction Over the New Plaintiffs' Claims or the Amended Complaint</u>

While Defendants consented to magistrate judge jurisdiction in the 2022 Case, this 2022 consent cannot be applied to the 2025 Case. The 2025 Case contains new plaintiffs, new claims, and comes at a time after class certification has been denied, fundamentally changing the posture of the case.[6]

There is no doubt that Defendants never consented to magistrate judge jurisdiction in the 2025 Case. Defendants USF and Nakamura did not affirmatively consent to magistrate judge jurisdiction over the 2025 Case—indeed, they were never given the opportunity, as Plaintiffs

---

[6] The 2025 Case also does not include the same defendants, since the NCAA has been dismissed from the 2022 Case.

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

immediately refused to consent and the case was reassigned to Judge Thompson. Defendant Giarratano expressly stated in October 2025 that he would **not consent** to magistrate-judge jurisdiction over the 2025 Case. 2025 Case, Dkt. No. 59-1, at 2. When Magistrate Judge Beeler combined the cases in December 2025, she knew that at least one Defendant did not consent to her jurisdiction over the 2025 Case and took steps nonetheless to require them to submit to her jurisdiction. CMC Transcript at 5:23-6:10. ("[W]e already have the Defense consent that allows the case to proceed as a consolidated complaint before me, effectively granting consolidation, which the parties agree is the most efficient way to process the case.").

  B. <u>Because Defendant Giarratano Expressly Declined Magistrate-Judge Jurisdiction, Defendants Are Not Required to Show Good Cause or Extraordinary Circumstances</u>

Because the Defendants never consented to magistrate judge jurisdiction over the 2025 Case, Defendants are not required to demonstrate good cause or extraordinary circumstances to request reassignment under § 636(c)(4). What Defendants must show is simply that unanimous, voluntary consent to magistrate-judge jurisdiction does not exist as to the operative action. Giarratano's express statement that he would not consent satisfies that requirement. *See id*; Croley Declaration; *see also Parks*, 2019 U.S. Dist. LEXIS 210958, at *5–6. Where unanimous consent to magistrate-judge jurisdiction never existed as to the operative action, the good-cause or extraordinary-circumstances standard does not apply.

The Ninth Circuit's decision in *Gilmore v. Lockard*, 936 F.3d 857 (9th Cir. 2019), is directly on point. In *Gilmore*, the Ninth Circuit held that § 636(c)(4)'s standard for withdrawing consent applies only after a case has been properly referred to a magistrate judge under § 636(c)(1), which requires the consent of all parties. The Ninth Circuit explained that, where a party withdraws or withholds consent before all parties have consented, the magistrate judge's authority derives not from § 636(c), but from § 636(b), and no showing of good cause or extraordinary circumstances is required to effectuate withdrawal. *Id.* at 861–63. In other words, § 636(c)(4) "does not apply before all parties have consented." *Id.* at 862.

Similarly, in *Parks v. Rohlfing*, 2019 U.S. Dist. LEXIS 210958 (E.D. Cal. Dec. 6, 2019), the court vacated referral to a magistrate judge after concluding that the plaintiff had withdrawn

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

consent before all defendants had consented. The court construed plaintiff's counsel's statement in a joint status report as a motion to revoke consent. *See id.* at 1. The motion was denied by the magistrate judge, but a later district court judge ruled for the plaintiff, recognizing that, under *Gilmore*, the magistrate judge's authority at that stage was grounded only in § 636(b), and that the plaintiff was therefore not required to show good cause or extraordinary circumstances to withdraw consent. *Parks*, 2019 U.S. Dist. LEXIS 210958, at *5–6.

Those principles apply even more strongly here, where Defendants never consented to magistrate judge jurisdiction in the 2025 Case and Giarratano expressly declined magistrate judge jurisdiction. Under Ninth Circuit law, that showing alone is sufficient to preclude continued exercise of dispositive authority by a magistrate judge.

C.   <u>A Magistrate Judge May Not Override or Disregard a Party's Withholding of Consent</u>

In the present case, Magistrate Judge Beeler took action to combine the cases, with knowledge that she was overriding Mr. Giarratano's withholding of consent in the 2025 Case. Section 636(c) does not permit that result. The statute requires the consent of all parties, not merely the plaintiffs, and it does not authorize a magistrate judge to determine the continued existence of § 636(c) jurisdiction once consent has been withheld or called into question. Moreover, to the extent Defendants' motion is construed as seeking withdrawal or vacatur of the § 636(c) referral, the Ninth Circuit is clear that only an Article III district judge may decide that issue. *Branch*, 936 F.3d at 1003. A magistrate judge may not conclusively resolve disputes concerning the scope or continued validity of her own dispositive jurisdiction under § 636(c).[7]

Moreover, the manner in which the Court exerted its jurisdiction over the 2025 Case reinforces the lack of consent. By acting without any advance notice to the parties, and by directing the Plaintiffs to voluntarily dismiss the 2025 Case and incorporate all its claims into the 2022 Case (over which she already had jurisdiction), Magistrate Judge Beeler directly thwarted Defendant Giarratano's expressed desire to withhold consent. This kind of judicial intervention,

---

[7] For this reason, it is necessary that the present motion be heard by an Article III judge.

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

even if well intentioned, defeats the intent of Section 636(c) that magistrate judge jurisdiction apply only upon "the consent of the parties." 28 U.S.C. 636(c).

### D.  Prejudice to Defendants

While a showing of prejudice is not required when a party has not consented to proceed before a magistrate judge, Magistrate Judge Beeler's intervention has caused Defendants prejudice by foreclosing substantive legal defenses and overriding a clear declination of consent by Defendant Giarratano. Defendants moved to dismiss the 2025 Case on statute-of-limitations grounds, relying on settled authority holding that California does not permit cross-jurisdictional tolling where a plaintiff files a *separate action* asserting the same claims against the same defendants in the same federal court. That defense was effectively mooted when Magistrate Judge Beeler took her action to combine the cases. This result was not the product of adversarial litigation or a reasoned ruling on the motion to dismiss, but of a procedural restructuring directed by the Court.

### E.  The Court's *Sua Sponte* Action Violates the Party Presentation Principle

While federal courts possess broad discretion to manage their dockets efficiently, that discretion must be exercised within statutory constraints and consistent with the adversarial system's foundational principle that parties—not courts—frame the issues for decision. *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). The Supreme Court has repeatedly cautioned that courts exceed their proper role when they depart from party presentation in the name of efficiency or problem-solving. In *United States v. Sineneng-Smith*, the Ninth Circuit believed it was improving the case by reframing it and resolving a theory the parties had not advanced. 590 U.S. 371, 375–76 (2020). The Supreme Court vacated, explaining that federal courts are "essentially passive instruments of government" and may not reshape litigation simply because a different approach appears more orderly or efficient. *Id.* at 376. Likewise, in *Wood v. Milyard*, the Supreme Court emphasized that federal courts do not have carte blanche to depart from party presentation whenever doing so would be convenient. 566 U.S. 463, 472 (2012).

That principle applies here. Despite her intentions to streamline the cases, Magistrate Judge Beeler did not rule on a properly noticed motion to amend under Rule 16. Plaintiffs did not

move for leave to amend, did not attempt to show good cause, and did not brief the jurisdictional consequences of amendment. Instead, Magistrate Judge Beeler *sua sponte* directed Plaintiffs to dismiss a separately filed action, which was pending before a different judge, and then agreed to amend an earlier case to add new plaintiffs and new claims, without providing Defendants a meaningful opportunity to brief the procedural and jurisdictional issues implicated by that course of action.

This was not routine docket management; it was intervention to restructure the litigation. The problem is compounded by the statutory limits on magistrate-judge jurisdiction. Consent under 28 U.S.C. § 636(c) must be knowing, voluntary, and unanimous as to the operative action. *Pacemaker*, 725 F.2d at 541; *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017); *Branch*, 936 F.3d at 1001. Where unanimous consent does not exist, a magistrate judge lacks authority to exercise dispositive jurisdiction. *Williams*, 875 F.3d at 504. And where a party withholds or withdraws consent before all parties have consented, the heightened standards of § 636(c)(4) do not apply. *Gilmore v. Lockard*, 936 F.3d 857, 861–63 (9th Cir. 2019).

Here, Defendant Giarratano expressly declined magistrate-judge jurisdiction as to the claims asserted by the newly added plaintiffs. The magistrate judge could not override that decision by restructuring the litigation so that claims from a non-consent case were forced into an amended version of a different case to which Defendants had consented years earlier. Allowing amendment to operate as a workaround in this manner would defeat the fundamental purpose of § 636(c), which is to ensure that consent to magistrate-judge jurisdiction remains voluntary and party-driven, not imposed through judicial initiative. *See Pacemaker*, 725 F.2d at 541; *Williams*, 875 F.3d at 504.

In short, although courts have broad authority under Rules 15 and 16 and a legitimate interest in efficient case management, those powers do not permit a court to bypass adversarial presentation or to compel magistrate-judge jurisdiction where a party has withheld consent. Supreme Court and Ninth Circuit precedent make clear that efficiency cannot justify judicial restructuring that alters the forum, resolves unpresented issues, and nullifies a party's statutory right to Article III adjudication.

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

F.  In the Alternative, Extraordinary Circumstances Warrant Rescission and Reassignment

Even if the Court were to conclude that Defendants must satisfy the "extraordinary circumstances" standard to withdraw consent under 28 U.S.C. § 636(c)(4), that standard is met here. Extraordinary circumstances exist where continued reference to a magistrate judge would undermine the statutory safeguards governing consent or deprive a party of its right to Article III adjudication. *See Pacemaker*, 725 F.2d at 541 (emphasizing that consent to magistrate jurisdiction must be voluntary and that vigilant supervision by Article III judges is essential to the system's integrity).

Here, the Court's *sua sponte* procedural restructuring eliminated a separately-filed case, pending before a different judge, in which Defendants had expressly declined or not consented to magistrate-judge jurisdiction, forced the claims of new plaintiffs into an amended complaint over a Defendant's objection, and proceeded on the premise that Defendants' consent was unnecessary or had been implicitly extended from a related case filed more than three years prior that included different plaintiffs and different claims. The loss of that choice—particularly where consent was expressly withheld—constitutes an extraordinary circumstance warranting rescission of the referral.

Extraordinary circumstances are further established by the clear prejudice that resulted from the Court's intervention. Defendants had fully briefed motions to dismiss in the separately filed action, raising dispositive statute-of-limitations defenses. Those defenses were effectively nullified not by an adversarial ruling, but by the Court independently choosing to restructure the litigation. Accordingly, even if the extraordinary-circumstances standard applies, it is satisfied here.

**IV.    Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court rescind the procedural restructuring directed on December 19, 2025, or reassign the combined case to a United States District Court Judge. Defendants also respectfully request that Judge Beeler defer

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

ruling on the Motion to Dismiss and continue the hearing on that motion until a District Judge has ruled on this motion.

Dated:  January 20, 2026                    Respectfully submitted,


By:    /s/ Jonathan M. Baum
Jonathan M. Baum (SBN 202469)
jbaum@hwglaw.com
William B. Sullivan (SBN 275059)
wsullivan@hwglaw.com
Owen H. Smith (*pro hac vice*)
osmith@hwglaw.com
Joy L. Holden (*pro hac vice*)
jholden@hwglaw.com
HWG LLP
1919 M Street NW, 8th Floor
Washington, DC 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301

*Attorneys for Defendant*
UNIVERSITY OF SAN FRANCISCO


 /s/
Daniel A. Croley
Katherine O'Neal
FUTTERMAN DUPREE DODD CROLEY MAIER LLP
601 Montgomery St., Suite 333
San Francisco, CA 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dcroley@fddcm.com
koneal@fddcm.com

*Attorneys for Defendant*
ANTHONY N. GIARRATANO *ALSO KNOWN AS* NINO GIARRATANO

 /s/
Scott Brian Rapkin
Michael Steven Rapkin

14
JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

RAPKIN & ASSOCIATES, LLP
475 Washington Blvd.
Marina del Rey, CA 90292
Telephone: (310) 319-5465
Facsimile: (310) 306-1339
scottrapkin@rapkinesq.com

*Attorneys for Defendant*
TROY NAKAMURA

JOINT MOTION TO RESCIND AMENDMENT OR REASSIGN CASE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2026, I caused the foregoing document to be served by email upon counsel of record for all Parties listed in the service list below. I declare under penalty of perjury that the foregoing information in this Certificate of Service is true and correct.


*/s/ Jonathan Baum*
Jonathan Baum

**CERTIFICATE OF SERVICE**
**CASE NO. 3:22-CV-01559-LB**

**SERVICE LIST**

Jonathan Selbin (SBN 170222)                    Attorneys for Plaintiffs
Michelle A. Lamy (SBN 308174)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
jselbin@lchb.com
mlamy@lchb.com

Jessica Moldovan (*pro hac vice*)                Attorney for Plaintiffs
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Elizabeth A. Fegan (*pro hac vice*)              Attorney for Plaintiffs
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100)
beth@feganscott.com

Lynn A. Ellenberger (*pro hac vice*)             Attorney for Plaintiffs
FEGAN SCOTT LLC
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100
lynn@feganscott.com

Michael von Klemperer (*pro hac vice*)           Attorney for Plaintiffs
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, D.C. 20009
Telephone: (202) 921-0002
Facsimile: (312) 264-0100
Mike@feganscott.com

**SERVICE LIST**
**CASE NO. 3:22-CV-01559-LB**

Georgia Jaye Zacest (*pro hac vice*)         Attorney for Plaintiffs
FEGAN SCOTT LLC
708 Main Street, 10th Floor
Houston, TX 77002
Telephone: (830) 212-4042
Facsimile: (312) 264-0100
Georgia@feganscott.com

Daniel A. Croley                             Attorneys for Defendant,
Katherine O'Neal                             ANTHONY N. GIARRATANO
FUTTERMAN DUPREE DODD CROLEY                  *ALSO KNOWN AS*
MAIER LLP                                    NINO GIARRATANO
601 Montgomery St., Suite 333
San Francisco, CA 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dcroley@fddcm.com
koneal@fddcm.com

Scott Brian Rapkin                           Attorneys for Defendant,
Michael Steven Rapkin                        TROY NAKAMURA
RAPKIN & ASSOCIATES, LLP
475 Washington Blvd.
Marina del Rey, CA 90292
Telephone: (310) 319-5465
Facsimile: (310) 306-1339
scottrapkin@rapkinesq.com

**SERVICE LIST**
**CASE NO. 3:22-CV-01559-LB**