[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, and JOHN DOE 14 individually and on behalf of all others similarly situated, | Case No. 3:22-cv-01559-LB **REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO REASSIGN** |
| Plaintiffs, | |
| vs. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA, | |
| Defendants. | |

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

**TABLE OF CONTENTS**

**ARGUMENT**....................................................................................................................... 3

    A.    Defendants Are Entitled to Reassignment to a District Judge. ................................... 3

    B.    The Consent Given in the 2022 Case Does Not Extend to the Claims and Parties from the 2025 Case. ................................................................................................. 4

    C.    Rule 15 Does Not Answer the Jurisdictional Question. ............................................ 5

    D.    Defendants Did Not Waive Their Objection................................................................ 6

    E.    Defendants Are Prejudiced by the Court's Restructuring.......................................... 7

    F.    The Court's *Sua Sponte* Action Violated the Party Presentation Principle. ............. 10

**CONCLUSION** .................................................................................................................. 11

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

# TABLE OF AUTHORITIES

**Cases**

*Alaniz v. California Processors, Inc.*,
690 F.2d 717 (9th Cir. 1982) ...................................................................................... 6

*Allen v. Meyer*,
755 F.3d 866 (9th Cir. 2014) .................................................................................... 11

*Anderson v. Woodcreek Venture*, Ltd.,
351 F.3d 911 (9th Cir. 2003) ...................................................................................... 6

*Berk v. Choy*,
146 S. Ct. 546 (2026)......................................................................................... 8, 9, 10

*Branch v. Umphenour*,
936 F.3d 994 (9th Cir. 2019) ........................................................................ 1, 3, 4, 11

*Cal. Pub. Employees' Ret. Sys. v. ANZ Securities, Inc.*,
582 U.S. 497 (2017)..................................................................................................... 9

*China Agritech, Inc. v. Resh*,
584 U.S. 732 (2018)..................................................................................................... 9

*Commodity Futures Trading Comm'n v. Schor*,
478 U.S. 833 (1986)..................................................................................................... 7

*Emerson v. N. Tr. Corp.*,
No. 23-cv-00241-TLT, 2023 U.S. Dist. LEXIS 240550 (N.D. Cal. Nov. 15, 2023) ................ 2

*Gilmore v. Lockard*,
936 F.3d 857 (9th Cir. 2019) ...................................................................................... 4

*Guaranty Trust Co. v. York*,
326 U.S. 99 (1945)..................................................................................................... 10

*Henderson v. Shinseki*,
562 U.S. 428 (2011)..................................................................................................... 3

*Holbert v. Idaho* Power Co.,
195 F.3d 452 (9th Cir. 1999) ...................................................................................... 3

*In re Nasca*,
160 F.3d 578 (9th Cir. 1998) ...................................................................................... 6

*In re San Vicente Med. Partners, Ltd.*,
865 F.2d 1128 (9th Cir. 1989) .................................................................................. 11

*Kofoed v. IBEW, Local 48*,
237 F.3d 1001 (9th Cir. 2001) .................................................................................. 11

*Parks v. Rohlfing*,
2019 U.S. Dist. LEXIS 210958 (E.D. Cal. Dec. 6, 2019) .......................................... 4

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

*Roell v. Withrow*,
   538 U.S. 580 (2003)..................................................................................................... 4, 7

*Unified Data Services, LLC v. FTC*,
   39 F.4th 1200 (9th Cir. 2022) ......................................................................................... 6

*United States v. Neville*,
   985 F.2d 992 (9th Cir. 1993) ............................................................................................ 4

*United States v. Sineneng-Smith*,
   590 U.S. 371 (2020)........................................................................................................ 10

*Walker v. Armco Steel Corp.*,
   446 U.S. 740 (1980)........................................................................................................ 10

*Wellness Int'l Network, Ltd. v. Sharif*,
   575 U.S. 665 (2015)..................................................................................................... 3, 6

*Wilhelm v. Rotman*,
   680 F.3d 1113 (9th Cir. 2012) ........................................................................................ 11

*Williams v. King*,
   875 F.3d 500 (9th Cir. 2017) .................................................................................. 4, 5, 11

*Wood v. Milyard*,
   566 U.S. 463 (2012)........................................................................................................ 10

**Statutes**

28 U.S.C. § 636(c) .................................................................................................... 1, 3, 5, 7

**Rules**

Fed. R. Civ. P 73(b) ...................................................................................................... 1, 7

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

As a threshold matter, it is Defendants' shared position that this motion must be decided by a United States District Judge. Under *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019), "only a district judge" may rule on a motion to withdraw or vacate consent to magistrate-judge jurisdiction. Section 636(c)(4) vests the power to vacate magistrate-judge jurisdiction in the district court, and Rule 73(b)(3) confirms the same. 28 U.S.C. § 636(c)(4); Fed. R. Civ. P 73(b)(3). This motion is a challenge to the magistrate judge's jurisdiction.

Plaintiffs argue that because Defendants styled their filing as a motion to rescind rather than a motion to withdraw consent, the magistrate judge has authority to decide it. But, regardless of how the motion is characterized, it squarely presents the question of whether the magistrate judge has Section 636(c) jurisdiction over the claims incorporated from the 2025 Case. The substance of Defendants' motion—that the magistrate judge lacks jurisdiction over the 2025 Case claims because of the absence of universal consent—is precisely the type of jurisdictional challenge that must be resolved by a district judge, not by the magistrate judge whose authority is being questioned. Additionally, Plaintiffs' argument, if true, would create the perverse scenario that a party who consented and then reversed their consent had access to an Article III judge, while a party who never consented did not.

A magistrate judge may not be the final arbiter of a challenge to her own jurisdiction, a subject expressly contemplated by the Ninth Circuit. *See Branch*, 936 F.3d at 1003. Section 636(c) vests the power to vacate magistrate-judge jurisdiction in the district court, not in the magistrate judge. *Id*; 28 U.S.C. § 636(c)(4). The statutory scheme is designed to ensure that an Article III judge serves as a check on the scope of a magistrate judge's assertion of jurisdiction. The Court's own statements at the January 29, 2026 hearing underscore the point. When defense counsel requested referral to a district judge, the Court declined, stating it would not refer the motion "until it's fully briefed." Case Management Conference ("CMC") Tr. 22 (Jan. 29, 2026). But the question of whether to refer this motion to a district judge is not one for the magistrate judge to decide—it is mandated by the statute and by *Branch*. The magistrate judge may facilitate full briefing, but the ultimate decision as to her jurisdiction over the 2025 Case claims must be made by a district judge.

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

Plaintiffs' Opposition confirms the central problems with the Court's December 19, 2025 procedural restructuring.[1] Plaintiffs do not dispute that Defendant Giarratano expressly declined magistrate-judge jurisdiction over the 2025 Case, nor do they dispute that Defendants USF and Nakamura were never given the opportunity to consent or decline consent in the 2025 Case. Plaintiffs also do not dispute that the Court's restructuring had the effect of bringing claims from a non-consented case under the magistrate judge's dispositive authority. They do not even dispute that Defendants' on-point legal authority written by the very judge who was to hear Defendants' Motion to Dismiss. *See Emerson v. N. Tr. Corp.*, No. 23-cv-00241-TLT, 2023 U.S. Dist. LEXIS 240550, at *30 (N.D. Cal. Nov. 15, 2023) (Judge Thompson dismissed the action on statute of limitations grounds where, after a failed class certification motion, putative class action members filed a separate action asserting the same claims against the same defendants in the same federal court). They only claim that the case underlying Judge Thompson's ruling was "illogical" and a "misread [of] the law." *See* Opp. at n.5. Instead, Plaintiffs argue that none of this matters because (1) Defendants previously consented to magistrate-judge jurisdiction in a different case filed more than three years earlier, (2) the Court had discretion to permit amendment under Rule 15, and (3) Defendants supposedly waived any objection by not protesting loudly enough at a status conference where the Court told them their consent was unnecessary. CMC Tr. 8:25–9:4 (Dec. 19, 2025) (stating it is "out of the Defense's hands" since the "new process does not require the Defendants' consent"). None of these arguments withstand scrutiny.

Plaintiffs' attempt to accuse the Defendants of gamesmanship misrepresents the history of the case. Plaintiffs chose to bring the claims of Does 15-19 as a separate lawsuit, instead of moving to amend the 2022 Case to add them. Plaintiffs then declined consent to magistrate-judge jurisdiction in the 2025 Case when it was filed, causing its reassignment to Judge Thompson. It was only after Defendant Giarratano filed a motion to consolidate and Plaintiffs disagreed with

---

[1] Had the magistrate judge not restructured the cases, all state law claims (which are the only claims against the Coach Defendants) likely would have *already* been dismissed.

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

Judge Thompson's scheduling order that Plaintiffs reversed course and indicated they would consent to consolidation before Magistrate Judge Beeler. And it was after Defendant Giarratano expressly declined consent to magistrate-judge jurisdiction in the 2025 Case that the magistrate judge came up with the procedural mechanism to allow her to assert jurisdiction over the 2025 Case that is at issue here. That judge took the position that consolidation eliminated the need for that Defendant's consent. The December 19, 2025 restructuring did not arise organically in the course of litigation. It would be a different question if Plaintiffs had moved to amend and Defendants had the opportunity to oppose amendment. For the following reasons, Defendants respectfully request that this motion be referred to an Article III judge for decision, consistent with *Branch*, 936 F.3d at 1003.[2] Defendants further request that the Court rescind the procedural restructuring directed on December 19, 2025, or, in the alternative, reassign the combined case to a United States District Judge.

## ARGUMENT

### A.    Defendants Are Entitled to Reassignment to a District Judge.

Section 636(c)(1) authorizes a magistrate judge to exercise dispositive authority only "[u]pon the consent of the parties," 28 U.S.C. § 636(c)(1), and that consent must be "explicit, clear, and unambiguous." *Holbert v. Idaho* Power Co., 195 F.3d 452, 453 (9th Cir. 1999); *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 685 (2015) (holding that consent to non-Article III adjudication must be "knowing and voluntary"). Absent all parties' consent, a magistrate judge lacks authority to enter final judgment. *Williams v. King*, 875 F.3d 500, 504

---

[2] Regardless of the parties' respective positions, the Court has an independent obligation to ensure that it does not exceed the scope of its own jurisdiction. Federal courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). That duty is especially acute here, where magistrate-judge jurisdiction under 28 U.S.C. § 636(c) depends on the consent of all parties as a constitutional and statutory prerequisite. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (citing Section 636(c)(1)). Defendants believe that proper consent does not exist as to all parties and all claims before the magistrate judge, and that this motion should accordingly be resolved by an Article III judge.

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

(9th Cir. 2017); *Branch*, 936 F.3d at 1001. It is undisputed that Defendant Giarratano expressly declined consent. 2025 Case, Dkt. No. 59-1, at 2; Croley Decl. ¶¶ 1–2. Defendants USF and Nakamura never had the opportunity to consent, because Plaintiffs declined consent at the outset of the case. Because unanimous consent never existed, Section 636(c)(4)'s heightened standard does not apply.[3]

**B.      The Consent Given in the 2022 Case Does Not Extend to the Claims and Parties from the 2025 Case.**

Plaintiffs' lead argument is that Defendants' consent to magistrate-judge jurisdiction "for all further proceedings" in the 2022 Case automatically covers the incorporation of a separate lawsuit involving new plaintiffs and new claims. This argument conflates two fundamentally different issues: proceedings within a case to which parties have consented, and the absorption of a separate case to which a party has expressly declined consent. Plaintiffs rely on the breadth of the phrase "all further proceedings" and on cases like *Roell v. Withrow*, 538 U.S. 580, 590 (2003), and *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993), for the proposition that consent, once given, is permanent. But those cases do not address the situation presented here. In *Neville*, the Ninth Circuit rejected a party's attempt to withdraw consent to avoid an unfavorable ruling in the same case. Here, Defendants are not seeking to withdraw consent in the 2022 Case. Rather, the issue is whether a magistrate judge can unilaterally extend consent given in one case to cover the claims and parties from a different case in which a Defendant expressly declined consent. Defendants have not identified a prior case where this issue arose.

No authority supports the proposition that the reorganization was proper. The Ninth Circuit has been unequivocal that Section 636(c)(1) "requires consent of all parties—not a subset

---

[3] The Ninth Circuit so held in *Gilmore v. Lockard*, 936 F.3d 857, 861–63 (9th Cir. 2019), ruling that "extraordinary circumstances" under Section 636(c)(4) "[are] not required before all parties have consented" and that where consent is withheld, the magistrate judge's authority derives only from Section 636(b), which carries no good-cause or extraordinary-circumstances requirement. *Id.* at 862; *see also Parks v. Rohlfing*, 2019 U.S. Dist. LEXIS 210958, at *5–6 (E.D. Cal. Dec. 6, 2019) (vacating referral under *Gilmore* where consent was withdrawn before all defendants had consented). Plaintiffs made no attempt to distinguish these cases or make an argument as to why they should not control here.

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

of them—for jurisdiction to vest in the magistrate judge," and that "any party's objection is sufficient to prevent jurisdiction from vesting in the magistrate judge." *Williams*, 875 F.3d at 504. Here, Defendant Giarratano objected. His objection should have been dispositive.

Plaintiffs suggest that Defendants' position would require new consent every time a party is added to a case, and that this would "make a shambles of litigation." Opp. at 6 (citation omitted). That argument presents a false choice. Defendants do not contend that the routine addition of a party through a properly noticed motion to amend necessarily triggers a new consent obligation. That question is in any case irrelevant, because that is not the factual scenario here. In this case, a separately-filed lawsuit, assigned to an Article III judge, with its own docket, its own scheduling order, and its own pending dispositive motions was eliminated by the magistrate judge's *sua sponte* directive and its claims were folded into the 2022 Case—all while the magistrate judge was on notice that at least one Defendant had expressly declined consent in the later-filed case. That procedural course cannot be squared with the consent requirements of Section 636(c).

### C.    Rule 15 Does Not Answer the Jurisdictional Question.

Even if, as Plaintiffs' argue, amendment under Rule 15 was a proper and appropriate exercise of the Court's discretion, the threshold jurisdictional issue remains unresolved. The question is not whether Rule 15 permits amendment of a complaint, but whether a magistrate judge may exercise dispositive jurisdiction over claims and parties as to which the consent required by Section 636(c) was never obtained—or was affirmatively withheld.

Rule 15 governs the mechanics of pleading amendments. Section 636(c) governs the scope of a magistrate judge's authority. To state the obvious: an exercise of discretion that would be appropriate when a magistrate is vested with jurisdiction would not be appropriate absent jurisdiction. That is the case here, where the statutory prerequisites for magistrate-judge jurisdiction have not been met. *See Williams*, 875 F.3d at 504 (Section 636(c)(1) "requires consent of all parties" for magistrate-judge jurisdiction to vest). The Ninth Circuit has held that a clear and unambiguous expression of consent is required to vest the magistrate with authority under Section 636(c). *Anderson v. Woodcreek Venture*, Ltd., 351 F.3d 911 (9th Cir. 2003).

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

Importantly, the parties had no opportunity to brief the amendment, the Plaintiffs never requested leave, and the Court did not include on the record any findings about justice requiring amendment.

Plaintiffs' reliance on *Unified Data Services, LLC v. FTC*, 39 F.4th 1200, 1208 (9th Cir. 2022), for the proposition that courts may grant leave to amend *sua sponte* is misplaced. That case involved a district court's exercise of Article III authority, not a magistrate judge whose jurisdiction depends entirely on the consent of the parties. A magistrate judge's discretion to manage cases, however broad, cannot exceed the jurisdictional boundaries set by Section 636(c).

### D.    Defendants Did Not Waive Their Objection.

Plaintiffs assert that Defendants waived any objection because they did not protest at the December 19, 2025 hearing. This argument ignores both the circumstances of the hearing and the governing law.

First, the Court stated during the hearing that the process "does not require the Defendants' consent because we already have consent." CMC Tr. 8:25–9:4 (Dec. 19, 2025). When the Court itself declares that a party's consent is not required, the party's failure vigorously assert that they do not consent cannot reasonably be characterized as a knowing and voluntary relinquishment of a statutory right. The Court's statement foreclosed, rather than invited, the very objection Plaintiffs now say Defendants should have made.

Second, the Ninth Circuit has held that consent to magistrate-judge jurisdiction "will not be inferred from the silence or conduct of the parties." *In re Nasca*, 160 F.3d 578, 579 (9th Cir. 1998); *see also Alaniz v. California Processors, Inc.*, 690 F.2d 717, 720 (9th Cir. 1982) (declining to "view [the parties'] conduct throughout the proceedings below as constituting the necessary consent"). If silence cannot constitute consent, it likewise cannot constitute waiver of the right to challenge the absence of consent. As the Court knows, waiver must be knowing, clear, and unambiguous. *Wellness Int'l Network*, 575 U.S. 665 (Article III arguments waived when the parties knowingly and voluntarily consented to adjudication by a bankruptcy judge); *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833 (1986) (waiver to an Article III judge must be express). Indeed, even where implied consent has been recognized, the Supreme

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

Court has required that the party "was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge." *Roell*, 538 U.S. at 590. Here, the opposite occurred: the Court expressly informed Defendants that their consent was *not required*, thereby negating any inference that Defendants knowingly relinquished their rights through silence or pleasantries. Finding waiver here would be fundamentally at odds with the voluntariness protections embedded in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b).

Third, Plaintiffs' waiver argument is inconsistent with the Court's own statements at the January 29, 2026 hearing. The Court expressly stated, "I'm not a big fan of, like, procedural got yous." CMC Tr. 23 (Jan. 29, 2026). The Court signaled its skepticism, stating, "I'm not so sure," in response to Plaintiffs' argument that Defendants' conduct at the December 19 hearing constituted waiver. This is especially true given that the parties had no advance notice of what would be discussed at the hearing or what Judge Beeler would propose. The Selbin Declaration's recounting of polite holiday pleasantries exchanged at the close of the December 19 hearing does not constitute affirmative consent to magistrate-judge jurisdiction. Civility is not waiver, particularly when Judge Beeler expressly told defense counsel at the hearing that their consent was not necessary.

Fourth, even treating the period between December 19, 2025 and the filing of the Motion on January 21, 2026 as relevant, Defendants filed their objection approximately one month after the hearing—timely, particularly given the holiday period and the complexity of the jurisdictional issues involved. *See* Fourth Amended Compl. (Dec. 23, 2025).

### E.   Defendants Are Prejudiced by the Court's Restructuring.

Plaintiffs' own arguments confirm the prejudice Defendants have suffered from the Court's restructuring. The best evidence that consolidation materially altered the legal landscape is that Plaintiffs themselves say so. At the January 29, 2026 hearing, Plaintiffs' counsel stated that "as a procedural matter, if the cases are amended into one another, that can't apply"— referring to Defendants' statute-of-limitations arguments. CMC Tr. 13:22–24 (Jan. 29, 2026). In other words, Plaintiffs argue that the consolidation forecloses defenses that Defendants would

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

otherwise be entitled to raise. And when the Court offered to let Defendants preserve all of their tolling arguments as if the cases had never been consolidated—stating that "it was never my intent to cheat you from arguments that you could have well advanced when the cases weren't effectively consolidated by amendment," *Id.* 26:5–8—Plaintiffs refused to agree to that arrangement. That refusal is telling: Plaintiffs understand that the restructuring gave them an advantage on the tolling issue, and they intend to press it.

Plaintiffs do not contest that, under the authorities Defendants have cited—including *Centaur* and Judge Thompson's own prior ruling on the same issue—they prevail on the motions to dismiss if the cases are treated as separate actions. Plaintiffs relegate their only response to those authorities to a footnote, asserting that the cases were wrongly decided. Opp. at 11 n.5. Because Plaintiffs cannot meet Defendants on the substance, they advance two alternative arguments for why the consolidation eliminates any prejudice. Neither succeeds.

First, Plaintiffs contend that Defendants "can make all of their tolling arguments in the context of their pending motions to dismiss, including that these are separate cases and that, as a result, no tolling applies." Opp. at 10. But that offer is illusory. Plaintiffs simultaneously argue that, because the cases have been amended into one another, the separate-case tolling argument "can't apply." CMC Tr. 13:22–24 (Jan. 29, 2026). Plaintiffs cannot have it both ways: they cannot tell the Court that Defendants suffer no prejudice because they can still raise their tolling arguments, while simultaneously arguing that consolidation itself extinguishes those very arguments.

Second, Plaintiffs invoke *Berk v. Choy* for the proposition that Defendants lose on tolling regardless. Their argument is that *Berk* establishes that *American Pipe* tolling is "an integral part of Rule 23" that displaces state tolling law as a procedural matter, meaning Defendants' statute-of-limitations defenses fail whether these are treated as one case or two. Opp. at 12. That argument misreads *Berk*.

*Berk v. Choy*, 146 S. Ct. 546 (2026), involved a conflict between a Federal Rule of Civil Procedure and state law. The question was whether Rule 8's pleading standard or a heightened state-law pleading requirement governed a particular claim. The *Berk* Court explained that a two-

8

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

part test governed the inquiry. Courts assess whether the Federal Rule "answers the disputed question." If it does, the Federal Rule governs "unless it exceeds statutory authorization or Congress's rulemaking power." *Id.* at 470. In *Berk*, the Court assessed Rule 8's requirement that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief" against a state law that required an affidavit to be filed with the complaint. *Id.* at 471. The Court held that the two rules were incompatible. Rule 8 answered the pleading question with "unmistakable clarity," *id.*, and because the "short and plain statement" was all that was required under Rule 8, the federal rule displaced the conflicting state rule. *Id.*

Plaintiffs' attempt to equate this case to *Berk* fails at the outset. Here, there is no Federal Rule that "answers the disputed question." *Id.* at 470. The parties in this case dispute when a state statute of limitations is tolled for a state-law claim. Rule 23, on which Plaintiffs rely, is wholly inapplicable. As the Supreme Court has noted on more than one occasion, Rule 23— which governs class certification prerequisites, notice, and case management—says nothing about tolling. *See* Fed. R. Civ. P. 23; *Cal. Pub. Employees' Ret. Sys. v. ANZ Securities, Inc.*, 582 U.S. 497, 509 (2017) ("Rule 23 does not so much as mention the extension or suspension of statutory time bars."); *see also China Agritech, Inc. v. Resh*, 584 U.S. 732, 745 (2018) ("Rule 23 itself does not address timeliness of claims or tolling and nothing in the Rule calls for the revival of class claims if individual claims are tolled."). In *Berk*, Rule 8 addressed pleading requirements with "unmistakable clarity." *Berk,* 146 S. Ct. at 471. Rule 23 provides no such clarity as to tolling. Accordingly, state substantive law governs.

Plaintiffs attempt to bridge this gap by arguing that *American Pipe* tolling is an "integral part of Rule 23" that displaces state tolling law. *See* Opp at 12. But *American Pipe* tolling is not a Federal Rule—it is a judge-made equitable doctrine. "Nothing in the *American Pipe* opinion suggests that the tolling rule it created was mandated by the text of a statute or federal rule. Nor could it have." *Cal. Pub. Employees' Ret. Sys.*, 582 U.S. at 510. Rather, *American Pipe* tolling is a product of "the judicial power to promote equity." *Id.* A judge-made equitable doctrine cannot "answer" the disputed question within the meaning of *Berk*. *See Berk*, 146 S. Ct. at 469–70 (explaining that "Federal Rule" in two-part test means Federal Rule of Civil Procedure).

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

Even if one were to ignore that the plain text of Rule 23 includes no tolling mandate for state-law claims, Plaintiffs' argument would fail at *Berk*'s second step. The Supreme Court has long held that statutes of limitations—and their associated tolling rules—are substantive for *Erie* purposes. *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980). A Federal Rule that purported to dictate when a state statute of limitations is tolled would "abridge, enlarge or modify" state substantive rights—precisely the limitation that *Berk* itself recognizes. No Federal Rule answers the tolling question at issue in this dispute. Precedent mandates that California tolling principles apply, and Defendants' statute-of-limitations defenses should be adjudicated under state law.

More fundamentally, Plaintiffs' tolling argument underscores why this restructuring was improper. The tolling issue should be fully briefed and decided on the pending motions to dismiss—not preemptively mooted by a procedural restructuring that was never requested by any party.

**F.      The Court's *Sua Sponte* Action Violated the Party Presentation Principle.**

Had Plaintiffs moved to amend the 2022 Complaint to add the claims of Does 15–19, Defendants would have had the opportunity to oppose on jurisdictional grounds, and the Court would have decided the issue in the ordinary course. Instead, the magistrate judge—aware that Defendant Giarratano had expressly declined consent—brought the 2025 Case claims under her authority. Plaintiffs' attempt to distinguish *United States v. Sineneng-Smith*, 590 U.S. 371 (2020), and *Wood v. Milyard*, 566 U.S. 463 (2012), misses the point. Defendants do not contend that those cases are factually identical. Rather, they establish the principle that federal courts may not reshape litigation *sua sponte* in ways that alter the parties' substantive positions, even when the court believes a different approach would be more efficient. Here, the Court did precisely that: it directed the elimination of a separately filed case, the dismissal of claims pending before another judge, and the amalgamation of all claims under its own jurisdiction—without a motion, without briefing, and without Defendants' consent. The critical distinction is between a procedural question that arises organically through the adversarial process and one that is engineered by the Court to achieve a particular jurisdictional outcome.

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this motion be referred to an Article III judge for decision, consistent with *Branch*, 936 F.3d at 1003. Defendants further request that the Court rescind the procedural restructuring directed on December 19, 2025, or, in the alternative, reassign the combined case to a United States District Judge. The Ninth Circuit has made clear that consent is "the touchstone of magistrate judge jurisdiction," *Wilhelm v. Rotman*, 680 F.3d 1113, 1119 (9th Cir. 2012), and that where a magistrate judge proceeds without the full consent of the parties, "any purported judgment is a nullity," *Allen v. Meyer*, 755 F.3d 866, 871 (9th Cir. 2014); *Kofoed v. IBEW, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001).

Appellate courts review de novo whether a magistrate judge validly exercised jurisdiction, *Williams*, 875 F.3d at 502, and the Ninth Circuit has not hesitated to vacate judgments and remand cases where proper consent was lacking: even after full proceedings below. *See Allen*, 755 F.3d at 871 (remanding with instructions to vacate judgment entered without consent); *In re San Vicente Med. Partners, Ltd.*, 865 F.2d 1128, 1131 (9th Cir. 1989) (transferring matter back to the district court where consent did not meet the "clear and unambiguous" standard). If this issue is not properly addressed at this juncture, prior to any decision on the pending Motions to Dismiss, the parties and this Court face the very real risk that years of hard-fought litigation—including discovery, motions practice, and ultimately trial—will be undone on appeal because the foundational question of jurisdiction was not squarely resolved. That outcome would serve no one's interests. Defendants respectfully urge the Court to address this issue now so that the case may proceed on a sound jurisdictional footing.

Dated:  March 5, 2025

Respectfully submitted,

By: ___*/s/ Jonathan M. Baum*___
Jonathan M. Baum (SBN 202469)
jbaum@hwglaw.com
William Sullivan (SBN 275059)

wsullivan@hwglaw.com
Joy Holden (*pro hac vice*)
jholden@hwglaw.com
HWG LLP
1919 M Street NW, 8th Floor
Washington, DC 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301
*Attorneys for Defendant*
UNIVERSITY OF SAN FRANCISCO


Daniel A. Croley
Katherine O'Neal
FUTTERMAN DUPREE DODD CROLEY
MAIER LLP
601 Montgomery St., Suite 333
San Francisco, CA 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dcroley@fddcm.com
koneal@fddcm.com
*Attorneys for Defendant*
ANTHONY N. GIARRATANO *ALSO
KNOWN AS* NINO GIARRATANO


Scott Brian Rapkin
Michael Steven Rapkin
RAPKIN & ASSOCIATES, LLP
475 Washington Blvd.
Marina del Rey, CA 90292
Telephone: (310) 319-5465
Facsimile: (310) 306-1339
scottrapkin@rapkinesq.com
*Attorneys for Defendant*
TROY NAKAMURA

**REPLY IN SUPPORT OF THE MOTION TO REASSIGN**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2026, I caused the foregoing document to be served by email upon counsel of record for all Parties listed in the service list below. I declare under penalty of perjury that the foregoing information in this Certificate of Service is true and correct.


/s/ Jonathan Baum
Jonatham Baum

13
**CERTIFICATE OF SERVICE**
**CASE NO. 3:22-CV-01559-LB**

**SERVICE LIST**

Jonathan Selbin (SBN 170222)                    Attorneys for Plaintiffs
Michelle A. Lamy (SBN 308174)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
jselbin@lchb.com
mlamy@lchb.com

Jessica Moldovan (*pro hac vice*)              Attorney for Plaintiffs
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Elizabeth A. Fegan (*pro hac vice*)            Attorney for Plaintiffs
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100)
beth@feganscott.com

Lynn A. Ellenberger (*pro hac vice*)           Attorney for Plaintiffs
FEGAN SCOTT LLC
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100
lynn@feganscott.com

Michael von Klemperer (*pro hac vice*)         Attorney for Plaintiffs
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, D.C. 20009
Telephone: (202) 921-0002
Facsimile: (312) 264-0100
Mike@feganscott.com

**SERVICE LIST**
**CASE NO. 3:22-CV-01559-LB**

Georgia Jaye Zacest (*pro hac vice*)          Attorney for Plaintiffs
FEGAN SCOTT LLC
708 Main Street, 10th Floor
Houston, TX 77002
Telephone: (830) 212-4042
Facsimile: (312) 264-0100
Georgia@feganscott.com

Daniel A. Croley                              Attorneys for Defendant,
Katherine O'Neal                              ANTHONY N. GIARRATANO
FUTTERMAN DUPREE DODD CROLEY                  *ALSO KNOWN AS*
MAIER LLP                                     NINO GIARRATANO
601 Montgomery St., Suite 333
San Francisco, CA 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dcroley@fddcm.com
koneal@fddcm.com

Scott Brian Rapkin                            Attorneys for Defendant,
Michael Steven Rapkin                         TROY NAKAMURA
RAPKIN & ASSOCIATES, LLP
475 Washington Blvd.
Marina del Rey, CA 90292
Telephone: (310) 319-5465
Facsimile: (310) 306-1339
scottrapkin@rapkinesq.com

**SERVICE LIST**
**CASE NO. 3:22-CV-01559-LB**