UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE 1, et al., | Case No. 22-cv-01559-LB |
| Plaintiffs, | **DISCOVERY ORDER** |
| v. | Re: ECF Nos. 424, 426, 427 |
| UNIVERSITY OF SAN FRANCISCO, et al., | |
| Defendants. | |

**INTRODUCTION**

Three joint discovery letter briefs are pending before the court. Each arises from disputes between the plaintiffs and defendants in this Title IX action alleging sexual misconduct by former University of San Francisco baseball coaches Anthony "Nino" Giarratano and Troy Nakamura. The disputes concern: (1) the scope of USF's production of Board of Trustees materials (ECF No. 424); (2) Giarratano's responses to interrogatories asking him to identify witnesses who would contradict specific allegations of his misconduct (ECF No. 426); and (3) Giarratano's responses to interrogatories asking for the material facts, witnesses, and documents supporting his nineteen affirmative defenses (ECF No. 427).

**First**, as to the Board of Trustees materials (ECF No. 424), the plaintiffs' motion to compel is granted in part. USF must collect Board materials from the Board Secretary's centralized electronic archive and search them using the parties' already-negotiated search terms, but the time

ORDER – No. 22-cv-01559-LB

United States District Court
Northern District of California

period is limited to 2007 forward (when the Board of Athletic Oversight was formed) for Does 4–6, 8, 10, 12–14, and to the full periods of enrollment for Does 9 and 11 (1999–2000). **Second**, as to Giarratano's witness-identification interrogatories (ECF No. 426), the plaintiffs' motion to compel is granted. Giarratano must provide full and complete responses within twenty-one days of this order. **Third**, as to the affirmative-defense interrogatories (ECF No. 427), the plaintiffs' motion to compel is granted. Giarratano must provide full and complete responses within twenty-one days of this order.

## STATEMENT

This action arises from allegations that Giarratano, USF's head baseball coach for over two decades, and his assistant coach, Nakamura, engaged in sexual misconduct against student-athletes. Nineteen John Doe plaintfiffs assert claims under Title IX against USF and state-law claims against the individual Coach Defendants. Does 9 and 11 attended USF in 1999–2000. Does 4–6, 8, 10, 12–14 attended between 2011 and 2018.[1]

The case is in an advanced stage of fact discovery, with a September 1, 2026, fact discovery cutoff and a May 1, 2026, document-discovery deadline.[2] USF has collected and produced documents from forty-four custodians, resulting in the review of more than a quarter-million documents.[3] Giarratano's initial disclosures identify 336 witnesses, all described with boilerplate language as having knowledge of "facts alleged in the pleadings."[4] Giarratano has asserted nineteen affirmative defenses.[5]

## ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the

---

[1] Disc. Letter Br. – ECF No. 424 at 2. Does 15–19 were added in 2025. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Orders – ECF Nos. 384, 421.

[3] Disc. Letter Br. – ECF No. 424 at 4.

[4] Disc. Letter Br. – ECF No. 426 at 2.

[5] Disc. Letter Br. – ECF No. 427 at 2.

ORDER – No. 22-cv-01559-LB                 2

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "the test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery "has the initial burden of establishing that the information sought is relevant to any party's claim or defense and proportional to the needs of the case." *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022) (cleaned up). The party resisting discovery bears the burden of showing that the discovery should not be allowed and of supporting its objections with competent evidence. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015).

Interrogatories may relate to "an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). A party must respond to interrogatories fully, in good faith, and to the extent not objectionable. *Id.* at 33(b)(3).

### 1. The Board of Trustees Materials (ECF No. 424)

#### 1.1 Materials Sought

USF is managed by a Board of Trustees. Board materials — including minutes, agendas, presentations, and communications — are maintained by a single individual: Board Secretary Jacqueline Neesam. Former Vice President Charles Cross testified at deposition on February 10, 2026, that the Board Secretary maintains an electronic archive containing Board and committee

United States District Court
Northern District of California

minutes, agendas, reports, and potentially audio recordings and presentations.[6] Since 2015, the Board's records have been exclusively digital.[7]

The record reflects substantial Board involvement in Title IX policy, the Title IX office, evaluating the Athletic Department leadership, and addressing employee performance and misconduct. USF's formal policy required that the Board be immediately notified of employee-misconduct reports because members "didn't want to be surprised."[8] Consistent with that policy, the Board was informed of the complaints against Giarratano and Nakamura in December 2021. Board materials from a March 25, 2022, executive-committee meeting show the Board discussed the baseball situation extensively, proposed a complete evaluation of the athletic department, and received Title IX presentations.[9] A Board member stated that "USF can't defend what has occurred."[10] The Board also received presentations from the Board of Athletic Oversight, which was formed in 2007.[11]

The plaintiffs served RFP No. 78 on October 22, 2025, seeking Board materials on several topics including the Coach defendants, Title IX, sexual-misconduct policies, and Athletic Department investigations:

> All Documents, including Communications, provided to, presented to, or created by or for Your Board of Trustees, or any member thereof, regarding (1) Giarratano; (2) Nakamura; (3) the USF baseball team; (4) any USF baseball player or coach; (5) USF's Title IX office; (6) USF's Human Resources department; (7) USF's policies, procedures, practices, guidelines, training, and/or protocols regarding receiving, investigating, resolving, monitoring or otherwise tracking complaints, allegations, grievances or other reports of Title IX violations and/or Sexual Misconduct; (8) USF's handling of Title IX and/or Sexual Misconduct complaints, including feedback, survey responses, complaints, analyses, studies, or reports, from any source (e.g., parents, students, employees, board members, outside investigators); (9) any investigation by any entity into the USF athletic department or any USF athletic team (including the USF baseball team, the USF men's soccer team, and the USF

---

[6] Disc. Letter Br. – ECF No. 424 at 2 (citing supporting evidence).

[7] Von Klemperer Decl. – ECF No. 424-1 at 4 (¶ 10).

[8] Disc. Letter Br. – ECF No. 424 at 2; Tr., Ex. A to Von Klemperer Decl. – ECF No. 424-2 at 6.

[9] *Id.* at 2, 5–6; Von Klemperer Decl. – ECF No. 424-1 at 5 (¶ 12).

[10] Disc. Letter Br. – ECF No. 424 at 2; Von Klemperer Decl. – ECF No. 424-1 at 5 (¶ 12).

[11] Von Klemperer Decl. – ECF No. 424-1 at 7 (¶ 15).

ORDER – No. 22-cv-01559-LB                    4

women's basketball team); (10) John Does 1–6, 8–19; (11) this lawsuit; or (12) *John Doe 15, et al. v. University of San Francisco, et al.*, Case No. 3:25-cv-05331-TLT.[12]

## 1.2 The Parties' Positions

The plaintiffs propose that USF collect from the Board Secretary's centralized archive and search using already-negotiated search terms for the full relevant time period.[13] USF objected in full, asserting the request would require collection from "hundreds of individuals." After the parties conferred, USF agreed only to produce materials from December 2021 through March 2022 (and one November 2022 meeting). USF contends that Board discussions of misconduct occurred in closed Executive Sessions for which no minutes were recorded, that Board knowledge is only second-hand, and that production would be cumulative of the forty-four custodians already collected.[14] The plaintiffs respond that existing evidence contradicts USF's claim that no records exist from Executive Sessions and that Board-level records are not duplicative of individual custodian files.[15]

## 1.3  Relevance

In a Title IX case, "a plaintiff's cause of action is against the school based on the school's actions or inactions." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 702 (6th Cir. 2022). The relevant institutional conduct includes adopting and enforcing Title IX-compliant policies, responding adequately to prior instances of sexual misconduct, and whether officials with corrective authority had notice of the abuse. *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1112 (9th Cir. 2020); *Reese v. Jefferson Sch. Dist. No.14J*, 208 F.3d 736, 739 (9th Cir. 2000). Institutional notice and deliberate indifference are also central to USF's statute-of-limitations defense. *Snyder-Hill*, 48 F.4th at 703.

The Board materials are relevant. The evidence already produced confirms that the Board: (a) was required to be immediately notified of employee misconduct under USF's formal policy; (b) exercised supervisory authority over the Athletic Department and evaluated the Athletic Director's

---

[12] RFP No. 78, Ex. B to Von Klemperer Decl. – ECF No. 424-3 at 8–9.

[13] Disc. Letter Br. – ECF No. 424 at 2.

[14] *Id.* at 2, 4–5.

[15] *Id.* at 6.

United States District Court
Northern District of California

performance; (c) was directly involved in setting and overseeing Title IX policy; and (d) received reports from the Board of Athletic Oversight. Board-level deliberations concerning Title IX compliance, notice of misconduct, and institutional response are probative of liability and the statute-of-limitations defense. USF does not seriously dispute relevance; it agreed to produce a subset of Board materials, effectively conceding their relevance.

### 1.4  Proportionality and Burden

The court must also consider proportionality under Rule 26(b)(1). USF invokes the cumulative burden of its prior discovery efforts (44 custodians and more than 250,000 documents reviewed). But the prior burden of an unrelated collection is irrelevant to the proportionality of this specific, discrete request. The Board Secretary maintains a single centralized electronic archive. Plaintiffs propose searching it with already-negotiated search terms. USF has not quantified any burden specific to this collection and has not submitted competent evidence of undue burden. Its generic invocation of its prior efforts and expense does not suffice.

USF argues that Board knowledge is only "second-hand" and cumulative of the 44 custodians already produced. But Board-level records — agendas, presentations, reports, and communications to the Board — capture what was communicated to and deliberated by USF's highest governing body. That information is not necessarily duplicative of records from subordinate employees. USF's own argument — that the most significant Board discussions occurred in closed Executive Sessions with no minutes recorded — undercuts its cumulativeness argument: if those discussions are not reflected in minutes. then the Board's other records (agendas, presentations, reports, audio recordings) are not duplicative of anything previously produced.

USF also argues that RFP 78 is overbroad as written because it would cover "hundreds of individuals" who served on the Board over 26 years. But the plaintiffs have narrowed their proposal to collection from the Board Secretary's centralized archive only, not from individual trustees. The breadth of the written request is not the issue; the narrowed proposal is what is evaluated.

To address burden, USF proposes only a narrow window, December 2021 through March 2022. That is too narrow. The plaintiffs are entitled to discovery corresponding to their enrollment

periods. Board materials from those periods are relevant to notice, deliberate indifference, and the statute of limitations.

The remaining issue is whether discovery back to 1999 warrants some tailoring. For Does 9 and 11 (enrolled 1999–2000), Board materials from that period are relevant to institutional knowledge during their enrollment. For the remaining plaintiffs (enrolled 2011–2018 and later), the court finds that materials from 2007 forward seem sufficiently relevant and proportional, as that is when the Board of Athletic Oversight was formed and began reporting to the Board of Trustees, reflecting a formalized oversight structure. Materials predating 2007 for these Plaintiffs are less likely to bear on the specific claims at issue.

### 1.5  Conclusion on ECF No. 424

The plaintiffs' motion is granted in part. Discovery is limited to the Board Secretary's centralized electronic archive (including emails, minutes, agendas, reports, presentations, and audio recordings maintained by the Secretary) and must be searched using the parties' already-negotiated search terms. The collection should cover (a) 1999–2000, for materials relevant to Does 9 and 11, and (b) 2007 to the present, for materials relevant to the remaining Plaintiffs. Audio recordings shall be produced for any meeting where responsive minutes are produced based on the search-term review. If USF needs additional time beyond the May 1, 2026, document-discovery deadline, it can ask for a total of 45 days for this specific production.

### 2.  Giarratano's Witness-Identification Interrogatories (ECF No. 426)

On February 5, 2026, the plaintiffs served interrogatories asking Giarratano to identify, from among his 336 disclosed witnesses, those he believes have knowledge contradicting each plaintiff's specific misconduct allegations — citing discrete complaint paragraphs — and to describe the knowledge each witness has.[16] Giarratano objected in full on March 4, 2026, asserting

---

[16] Disc. Letter Br. – ECF No. 426 at 2–3; Von Klemperer Decl. – ECF No. 426-1 at 2 (¶ 3).

United States District Court
Northern District of California

the interrogatories are premature, call for work product, and that he cannot "identify who he may choose to call as a witness at trial or what any potential witness may know."[17]

The court previously addressed substantially similar interrogatories directed at co-defendant Nakamura and instructed that, if a defendant "intends to dispute complaint allegations, then the plaintiffs are entitled to the interrogatory responses" identifying witnesses and their knowledge, provided that the plaintiffs list "the discrete allegations that apply to" the defendant.[18] The plaintiffs have done exactly that here: each Doe's interrogatory cites specific complaint paragraphs describing Giarratano's alleged misconduct.[19]

Giarratano argues these interrogatories are premature because trial is more than a year away.[20] The fact that discovery is ongoing is not a proper objection to interrogatories. *Lawrence v. Schlumberger Tech. Corp.*, No. 1:14–cv–00524 JLT, 2015 WL 3756194, at *5 (E.D. Cal. June 16, 2015). With the September 1, 2026, discovery cutoff less than six months away, the plaintiffs need this information to identify deponents. Moreover, this court has already explained that such interrogatories "are logically answered towards the end of discovery."[21] The end of discovery is now approaching.

Giarratano asserts that the plaintiffs ask for work product.[22] That objection is without merit. The interrogatories seek facts — the identity of witnesses and what they know — not mental impressions or legal theories. In *Hickman v. Taylor*, the Court drew this distinction: "a party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney." 329 U.S. 495, 504 (1947). "The work product doctrine furnishes no shield against discovery by interrogatories or by deposition of facts that the adverse party's lawyer

---

[17] Disc. Letter Br. – ECF No. 426 at 4–6; Von Klemperer Decl. – ECF No. 426-1 at 7 (¶ 4).

[18] Order – ECF No. 305 at 1–2.

[19] Disc. Letter Br. – ECF No. 426 at 2–3.

[20] *Id.* at 4–5; Von Klemperer Decl. – ECF No. 426-1 at 7 (¶ 4).

[21] Order – ECF No. 269 at 14.

[22] Disc. Letter Br. – ECF No. 426 at 5.

United States District Court
Northern District of California

has learned." *Bio-Rad Labs., Inc. v. Pharmacia, Inc.*, 130 F.R.D. 116, 121 (N.D. Cal. 1990); *accord* 7 Moore's Federal Practice § 33.62 (3d ed. 2025).

Giarratano's claim — that he cannot identify witnesses or their knowledge[23] — is not credible. He was USF's head baseball coach for over two decades, giving him extensive personal knowledge of each plaintiff's allegations. He and his counsel have conducted a multi-year investigation, including interviewing witnesses and subpoenaing individuals. He fully litigated an arbitration against USF that turned on the same factual issues. He has attended every Doe deposition. And in denying the plaintiffs' allegations in his answer, he was required under Rule 11(b)(4) to certify that those denials were warranted on the evidence.

Giarratano argues that the plaintiffs should identify their own witnesses.[24] That landscape is clearer (the named plaintiffs, other percipient witnesses). But this dispute is about Giarratano's witnesses, not witnesses who support the plaintiffs' claims. The plaintiffs ask Giarratano to identify witnesses he contends have knowledge that contradicts the plaintiffs' allegations, information uniquely within his possession.

"Although discovery is an ongoing process, a party must still answer interrogatories to the best of its ability regardless of whether its own investigations are still continuing." *Nguyen v. Lowe's Home Ctrs., LLC*, No.: 15CV1085 H NLS, 2015 WL 12672153, at \*2 (S.D. Cal. Nov. 19, 2015). Giarratano must disclose what he knows now and supplement as additional information becomes available.

In sum, the plaintiffs' motion is granted. Giarratano must provide full and complete responses to Interrogatory 1 of John Does 1, 2, 4–6, and 8–19's First Sets of Interrogatories and Interrogatory 24 of John Doe 3's Second Set of Interrogatories within 21 days. "[T]the parties must start somewhere, even if more witnesses are identified later and interrogatory responses are updated later."[25] Giarratano must supplement his responses if necessary.

---

[23] *Id.* at 4–5.

[24] *Id.* at 5.

[25] Order – ECF No. 305 at 2.

ORDER – No. 22-cv-01559-LB                    9

United States District Court
Northern District of California

### 3. Giarratano's Affirmative-Defense Interrogatories (ECF No. 427)

The plaintiffs served interrogatories requesting "all material facts" supporting each of Giarratano's nineteen affirmative defenses, "including the identity of all witnesses with knowledge concerning those facts and all documents reflecting those facts." Doe 3 served Interrogatories 21–23 in August 2024; Does 1, 2, and 4 served Interrogatories 2–6 in February 2026.[26]

Giarratano objected on identical boilerplate grounds. For some defenses, he provided one-sentence summaries of what the defense "is premised on" but identified no material facts, witnesses, or documents. He previously demanded that the plaintiffs supplement their comparable interrogatory responses, citing the approaching discovery cutoff. On February 3, 2026, his counsel wrote that "we are about 5 months from the discovery cut-off" and requested supplementation. The plaintiffs agreed to supplement; Giarratano has not reciprocated.[27]

Interrogatories requesting the material facts supporting affirmative defenses are a standard and proper form of discovery. *Solaria Corp. v. GCL Sys. Integration Tech. Co.*, No. 20-cv-07778-BLF (VKD), 2021 WL 2022246, at *3 (N.D. Cal. May 21, 2021) ("[I]t is not unduly burdensome for [a defendant] to identify its defenses, state the factual bases for those defenses, and identify the documents that support those defenses."). Requiring factual support for affirmative defenses is consistent with Rule 11, which requires parties to have a factual basis for their assertions. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009).

Giarratano's prematurity argument fails for the reasons it failed for the witness-identification interrogatories. Such interrogatories "are logically answered towards the end of discovery."[28] That time has arrived. Giarratano himself recently demanded that the plaintiffs supplement comparable interrogatory responses, writing on February 3, 2026, that "we are about 5 months from the discovery cut-off" and that the court's prior order indicated these should be answered toward the

---

[26] Disc. Letter Br. – ECF No. 427 at 2; Von Klemperer Decl. – ECF No. 427-1 at 2–3 (¶¶ 2, 4).

[27] Disc. Letter Br. – ECF No. 427 at 4–6; Von Klemperer Decl. – ECF No. 427-1 at 2 (¶ 3), 5 (¶ 5), 6–7 (¶ 8).

[28] Order – ECF No. 269 at 14.

United States District Court
Northern District of California

end of discovery.[29] Giarratano cannot take one position when seeking information from the plaintiffs and the opposite position when asked to provide the same type of information himself.

As discussed above, the work-product doctrine does not protect the underlying facts supporting a party's contentions, including the identity of witnesses and their knowledge. Rule 33(a)(2) expressly authorizes contention interrogatories. The facts supporting affirmative defenses are not privileged. *McCoy v. Nationstar Mortg., LLC*, No.: 15-cv-02366-DMS-AGS, 2017 WL 11687972, at *3 (S.D. Cal. Mar. 7, 2017) (courts "repeatedly rejected" work-product objections to interrogatories seeking factual bases of defenses); *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. C01-20418JW, 2005 WL 1459555, at *4 (N.D. Cal. June 21, 2005).

Finally, Giarratano's responses are inadequate. For most defenses, he provides only a one-sentence description of the defense's legal premise (e.g., "this affirmative defense is premised on Defendant's contention that he acted in good faith"). That is not a statement of material facts. It identifies no specific facts, no witnesses, and no documents. If Giarratano has no factual support for a particular defense at this time, he should state so under oath and supplement when additional information becomes available. *Anderson v. St. Paul Cos.*, No. CV 04-3236 SJO (FMOx), 2006 WL 8434063, at *1–2 (C.D. Cal. Apr. 12, 2006).

The court also notes that Giarratano's opposition to this letter brief exceeds the two-page limit in the court's standing order by more than one page.[30] When asked to revise it, Giarratano's counsel responded: "Please file as is. If the judge is unhappy about our portion being over the page limit, I will handle that."[31] This is not the first time that Giarratano exceeded the page limits.[32] This was not a complex issue: he could easily have kept to the limits.

In sum, the plaintiffs' motion is granted. Giarratano must provide full and complete responses to Interrogatories 21–23 of John Doe 3's First Set of Interrogatories, Interrogatories 2–6 of John Doe 1's First Set of Interrogatories, Interrogatories 2–6 of John Doe 2's First Set of

---

[29] Disc. Letter Br. – ECF No. 427 at 7; Von Klemperer Decl. – ECF No. 427-1 at 5 (¶ 5).

[30] *See, e.g.*, Order – ECF No. 361 (noting the two-page limit).

[31] Von Klemperer Decl. – ECF No. 427-1 at 9–10 (¶ 11).

[32] Order – ECF No. 269 at 14.

Interrogatories, and Interrogatories 2–6 of John Doe 4's First Set of Interrogatories within 21 days of this order. Each response must identify the material facts supporting the affirmative defense, the witnesses with knowledge of those facts, and the documents reflecting those facts, to the extent of Giarratano's current knowledge. Giarratano must supplement his responses as additional information becomes available through ongoing discovery.

**IT IS SO ORDERED.**

Dated: April 4, 2026

_____
LAUREL BEELER
United States Magistrate Judge