United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JOHN DOE 1, et al.,

        Plaintiffs,

    v.

UNIVERSITY OF SAN FRANCISCO, et al.,

        Defendants.

Case Nos. 22-cv-01559-LB
25-cv-05311-LB

**ORDER ATTACHING ORDER ON MOTIONS TO DISMISS AND RESCINDING AMENDMENT**

In a case filed in 2022, Does 1–3, who are former University of San Francisco (USF) baseball players, sued USF and their former coaches, alleging misconduct by the coaches and USF's failure to respond to it, in violation of Title IX and state law (*Doe I*). Does 4–14 were added as plaintiffs in subsequent complaints. The parties consented to magistrate-judge jurisdiction. After three rounds of motions to dismiss and the denial of class certification, Does 15–19 filed a related lawsuit in 2025 with like claims (*Doe II*) and declined magistrate-judge jurisdiction, resulting in reassignment of *Doe II* to a district judge. A coach defendant then declined jurisdiction in *Doe II*.

The parallel proceedings caused logistical challenges, and the defendants moved to consolidate the cases. At a subsequent case-management conference on December 19, 2025, the court suggested that the plaintiffs could accomplish consolidation by filing an amended complaint adding Does 15–19 (as they had added previous Doe plaintiffs, all subject to motions to dismiss). On December 23,

ORDER – Nos. 22-cv-01559-LB, 25-cv-05311-LB

United States District Court
Northern District of California

the plaintiffs filed an amended complaint in *Doe I*, and Does 15–19 consented to magistrate-judge jurisdiction and dismissed *Doe II* in favor of the *Doe I* amended complaint.

In a subsequent motion, the defendants contended in part that the amended complaint prejudiced them because it mooted statute-of-limitations arguments for Does 15–19. Following a hearing, the court issued an order — consistent with the many on-the-record discussions it has had with the parties — that the right approach, with the parties' consent, was to address the *Doe II* motions to dismiss considering only the *Doe II* complaint, before consolidation (and flagging that the court had an order ready to go). It identified a second approach that accomplished the same goal: rescinding amendment and requiring the plaintiffs to move for leave to file an amended complaint. Either approach avoids any prejudice to the defendants in advancing their statute-of-limitations arguments. The court set a hearing for April 2, 2025, to address the next procedural steps.[1]

On April 1, 2026, in a case-management statement, and at the April 2 hearing, the defendants asked the court to issue a ruling on the pending motions to dismiss in *Doe II*, in part because it might moot the coach defendants' concerns and in part because it would promote a more efficient mediation, scheduled for next month. The plaintiffs did not oppose the request. The plaintiffs also agreed to recission of the amendment in *Doe I* — a remedy sought by the defendants — if there is no prejudice to them from the dismissal of the *Doe II* complaint and setting aside the amendment of the *Doe I* complaint in favor of a formal motion to add Does 15–19. The plaintiffs agree that this process preserves the defendants' tolling arguments.[2]

At the April 2 hearing, all defendants agreed on the record that there would be no prejudice to the plaintiffs by the dismissal of *Doe II*, the subsequent amendment of *Doe I* complaint, and the court's rescinding the *Doe I* amended complaint in favor of a motion for leave to amend the *Doe I* complaint to add Does 15–19. The remedy is a do-over, restoring the December 19 status quo.

---

[1] Order – ECF No. 433 at 1–5, 15 (discussing these issues and jurisdictional issues). The NCAA previously was dismissed for lack of personal jurisdiction. *Id.* at 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. There is no cutoff to amend the pleadings, which informed the court's suggestion to proceed by an amended complaint, which was the parties' practice previously.

[2] Case Mgmt. Statement – ECF No. 434 at 2–4.

Thus, as the defendants requested, and absent any opposition, attached is the court's order addressing the motions to dismiss in *Doe II*. The court rescinds the previous amendment of the pleadings in *Doe I*, given the defendants' concession that the dismissal of *Doe II* will not prejudice the plaintiffs, who will move for leave to amend the *Doe I* complaint. The recission is operative on the date that the plaintiffs file that motion. The parties must confer and submit a motions schedule within two weeks. If they disagree, they can file their competing schedules. They can defer a formal motion until after the May mediation. This order should be enough to preserve the status quo. To avoid any concern, the court approves the plaintiffs' filing a one-page motion to amend the earlier complaint, with a further schedule to be set within two weeks either by stipulation or by court order (if the parties cannot agree).

The briefing on the motion for leave to file an amended complaint to add Does 15–19 can address any jurisdictional issues. The court anticipates issuing a full order on all issues raised in the motion.

**IT IS SO ORDERED.**

Dated: April 6, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER – Nos. 22-cv-01559-LB, 25-cv-05311-LB          3