Jonathan M. Baum (SBN 303469)
William Sullivan (SBN 275059)
Julienne Pasichow (SBN 340486)
*jbaum@hwglaw.com*
*wsullivan@hwglaw.com*
*jpasichow@hwglaw.com*
**HWG LLP**
1919 M Street NW, 8th Floor
Washington, DC 20036
Telephone: (202) 730-1300 / Facsimile: (202) 730-1301

Attorneys for Defendant
UNIVERSITY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18 and JOHN DOE 19, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA,<br><br>Defendants. | Case No. 3:22-cv-01559-LB<br><br>**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S STATEMENT IN SUPPORT OF SEALING REQUEST**<br><br>Judge:  Hon. Laurel Beeler<br>Trial Date: None Set |

## **ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Civil Local Rule 79-5(f), Defendant University of San Francisco ("USF") submits this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 444).  Plaintiffs' Motion pertains to the following items, all filed on April 15, 2026: (i) Exhibits A–C and J–R to Plaintiffs' Opposition to USF Board Members Christine Whelan, John Boland, and John Nicolai's Motion to Quash Plaintiffs' Non-Party Subpoenas ("Plaintiffs' Opposition"); (ii) redacted portions of Plaintiffs' Opposition that quote from these exhibits; and (iii) redacted portions of the Declaration of Michael von Klemperer filed in support of Plaintiffs' Opposition.

### I.    Legal Standard

The materials were filed in connection with a nondispositive motion—specifically, Plaintiffs' opposition to a motion to quash non-Party subpoenas—that is, at most, only tangentially related to the merits of this case.  Where materials are filed in connection with a nondispositive motion, the applicable standard for sealing is the "good cause" standard under Rule 26(c) of the Federal Rules of Civil Procedure, rather than the more demanding "compelling reasons" standard that applies to dispositive motions.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  The Ninth Circuit has explained that the public's interest in accessing materials filed in connection with nondispositive motions is weaker because such materials "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana*, 447 F.3d at 1179 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).

To satisfy the good cause standard, the party seeking to seal must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips v. GMC*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  Discovery is largely "conducted in private as a matter of modern practice," and the public is not presumed to have a right of access to it.  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co.*, 467 U.S. at 33).

**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S STATEMENT IN SUPPORT OF SEALING REQUEST**

**CASE NO. 3-22-CV-01559-LB**

## II.    Good Cause Supports Sealing

There is good cause to maintaining the materials here under seal.  The materials at issue were produced by USF in discovery and designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 174).  The specific materials at issue consist of internal USF communications between and among members of the USF Board of Trustees, USF administrators, and third parties.  These documents include private email correspondence sent to and from personal email accounts of Board members regarding sensitive internal University matters, internal talking points, and unofficial notes in anticipation of a privileged executive committee session of the Board concerning USF's response to the allegations at issue in this lawsuit, and communications from third parties—including a parent of a USF baseball player and a former University administrator—directed to Board members regarding confidential internal University affairs.  Public disclosure of these materials would cause particularized harm to USF and to the non-party Board members.  The communications contain private deliberations among USF's governing body about sensitive personnel matters, the University's internal investigation, and USF's institutional response to the misconduct allegations in this case.  Unsealing these materials would expose the substance of confidential governance discussions and private strategic assessments to public view, causing harm to USF's institutional interests and the privacy of the non-party individuals involved.

## III.    The Request is Narrowly Tailored

The sealing request is narrowly tailored.  Plaintiffs have already filed a redacted public version of their Opposition brief and the von Klemperer Declaration, redacting only the specific portions that quote from or reference the substance of USF's confidential materials.  The request does not seek to seal the briefing in its entirety; rather, it is limited to the specific exhibits designated as confidential (Exhibits A–C and J–R) and the discrete portions of Plaintiffs' Opposition and supporting Declaration that would otherwise reveal the content of those confidential documents.  This approach ensures that the public retains access to the legal arguments and procedural posture of the motion while protecting the limited confidential material at issue.  Therefore, these exhibits, the redacted portions of Plaintiffs' Opposition, and

2

the redacted portions of the Declaration of Michael von Klemperer in support should remain sealed.

For the foregoing reasons, USF respectfully requests that this Court keep sealed ECF Nos. 444-5 through 444-16; and the redacted portions of ECF Nos. 444-3 and 444-4.

Dated:  June 1, 2026                              Respectfully submitted,

By: ___*/s/ Julienne Pasichow*_____
Jonathan M. Baum (SBN 202469)
jbaum@hwglaw.com
William Sullivan (SBN 275059)
wsullivan@hwglaw.com
Julienne Pasichow (SBN 340486)
jpasichow@hwglaw.com
HWG LLP
1919 M Street NW, 8th Floor
Washington, DC 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301

*Attorneys for Defendant*
University of San Francisco

3
**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S STATEMENT IN SUPPORT OF SEALING REQUEST**

CASE NO. 3-22-CV-01559-LB

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2026, I caused the foregoing document to be served by email upon counsel of record for all Parties listed in the service list below. I declare under penalty of perjury that the foregoing information in this Certificate of Service is true and correct.


<u>*/s/ Julienne Pasichow*</u>
Julienne Pasichow

**CERTIFICATE OF SERVICE**

**CASE NO. 3:22-CV-01559-LB**

**SERVICE LIST**

Jonathan Selbin (SBN 170222)          Attorneys for Plaintiffs
Michelle A. Lamy (SBN 308174)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
jselbin@lchb.com
mlamy@lchb.com

Jessica Moldovan (*pro hac vice*)          Attorney for Plaintiffs
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Elizabeth A. Fegan (*pro hac vice*)          Attorney for Plaintiffs
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100)
beth@feganscott.com

Lynn A. Ellenberger (*pro hac vice*)          Attorney for Plaintiffs
FEGAN SCOTT LLC
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100
lynn@feganscott.com

Michael von Klemperer (*pro hac vice*)          Attorney for Plaintiffs
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, D.C. 20009
Telephone: (202) 921-0002
Facsimile: (312) 264-0100
Mike@feganscott.com

5

**SERVICE LIST**

Georgia Jaye Zacest (*pro hac vice*)       Attorney for Plaintiffs
FEGAN SCOTT LLC
708 Main Street, 10th Floor
Houston, TX 77002
Telephone: (830) 212-4042
Facsimile: (312) 264-0100
Georgia@feganscott.com

Daniel A. Croley                           Attorney for Defendant,
FUTTERMAN DUPREE DODD CROLEY                ANTHONY N. GIARRATANO
MAIER LLP                                  *ALSO KNOWN AS*
601 Montgomery St., Suite 333              NINO GIARRATANO
San Francisco, CA 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dcroley@fddcm.com

Katherine O'Neal                           Attorney for Defendant,
Lesser Law Group                           ANTHONY N. GIARRATANO
1010 B Street                              *ALSO KNOWN AS*
Suite 350                                  NINO GIARRATANO
San Rafael, CA 94901
Telephone: (415) 453-7600
koneal@fddcm.com

Scott Brian Rapkin                         Attorneys for Defendant,
Michael Steven Rapkin                      TROY NAKAMURA
RAPKIN & ASSOCIATES, LLP
475 Washington Blvd.
Marina del Rey, CA 90292
Telephone: (310) 319-5465
Facsimile: (310) 306-1339
scottrapkin@rapkinesq.com

6
**SERVICE LIST**

CASE NO. 3:22-CV-01559-LB