Jonathan M. Baum (SBN 303469)
William Sullivan (SBN 275059)
Julienne Pasichow (SBN 340486)
*jbaum@hwglaw.com*
*wsullivan@hwglaw.com*
*jpasichow@hwglaw.com*
**HWG LLP**
1919 M Street NW, 8th Floor
Washington, DC 20036
Telephone: (202) 730-1300 / Facsimile: (202) 730-1301

Attorneys for Defendant
UNIVERSITY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18 and JOHN DOE 19, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA,<br><br>Defendants. | Case No. 3:22-cv-01559-LB<br><br>**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S STATEMENT IN SUPPORT OF SEALING REQUEST**<br><br>Judge:  Hon. Laurel Beeler<br>Trial Date: None Set |

## <u>ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL</u>

Pursuant to Civil Local Rule 79-5(f), Defendant University of San Francisco ("USF") submits this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 463). Plaintiffs' Motion pertains to the following items filed on May 8, 2026: (i) redacted portions of the Joint Discovery Letter Brief Concerning USF's Personnel Files ("Joint Discovery Letter Brief"); (ii) paragraphs 10–13 and 15–16 of the Declaration of Jessica A. Moldovan filed in support of the Joint Discovery Letter Brief; and (iii) Exhibit C to the Joint Discovery Letter Brief.

### I.    Legal Standard

The materials were filed in connection with a nondispositive motion—specifically, a joint discovery letter brief regarding USF's personnel files—that is, at most, only tangentially related to the merits of this case. Where materials are filed in connection with a nondispositive motion, the applicable standard for sealing is the "good cause" standard under Rule 26(c) of the Federal Rules of Civil Procedure, rather than the more demanding "compelling reasons" standard that applies to dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The Ninth Circuit has explained that the public's interest in accessing materials filed in connection with nondispositive motions is weaker because such materials "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana*, 447 F.3d at 1179 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).

To satisfy the good cause standard, the party seeking to seal must make a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. GMC*, 307 F.3d at 1210–11 (9th Cir. 2002). Discovery is largely "conducted in private as a matter of modern practice," and the public is not presumed to have a right of access to it. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Seattle Times Co.*, 467 U.S. at 33).

### II.    Good Cause Supports Sealing

There is good cause to maintain the materials here under seal. Exhibit C and the redacted portions of both the Joint Discovery Letter Brief and the Moldovan Declaration (paragraphs 10–

**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S STATEMENT IN SUPPORT OF SEALING REQUEST**

**CASE NO. 3-22-CV-01559-LB**

13 and 15–16) consist of or directly reference confidential internal deliberations or reflections by University officials regarding sensitive personnel decisions, compliance information, the structure and oversight of the Athletics Department, and USF's institutional response to complaints and reports of misconduct.  Moreover, all of the underlying documents discussed in the redacted portions of the Moldovan Declaration and Joint Discovery Letter Brief were produced by USF in discovery and designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 174).

Public disclosure of these materials would cause particularized harm to USF and to non-party individuals.  Unsealing would expose the substance of confidential internal University communications regarding sensitive personnel decisions, compliance processes, and the handling of internal complaints—information that USF has a strong institutional interest in protecting from public view.  Disclosure of personnel information would also invade the privacy of a non-party employee.  The public dissemination of this information would compromise the University's ability to conduct candid internal assessments, maintain confidential reporting channels, and manage sensitive personnel and compliance matters without fear of public exposure.

### III.    The Request is Narrowly Tailored

The sealing request is narrowly tailored.  Plaintiffs have already filed redacted public versions of the Joint Discovery Letter Brief and the Moldovan Declaration, redacting only the specific portions that quote from or reference the substance of USF's confidential materials.  The request does not seek to seal the briefing in its entirety; rather, it is limited to the specific exhibit that contains discussion of confidential information (Exhibit C) and the discrete portions of the Joint Discovery Letter Brief and supporting Moldovan Declaration that would otherwise reveal the confidential subjects noted above.  This approach ensures that the public retains access to the legal arguments and procedural posture of the letter brief while protecting the limited confidential material at issue.  Therefore, the redacted portions of the Joint Discovery Letter Brief, paragraphs 10–13 and 15–16 of the Declaration of Jessica A. Moldovan filed in support, and Exhibit C should remain sealed.

**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S STATEMENT IN SUPPORT OF SEALING REQUEST**

**CASE NO. 3-22-CV-01559-LB**

For the foregoing reasons, USF respectfully requests that this Court keep sealed the redacted portions of ECF Nos. 463-3 and 463-4, as well as ECF No. 463-5 in its entirety.

Dated:  June 2, 2026                              Respectfully submitted,


By:     /s/ Julienne Pasichow
Jonathan M. Baum (SBN 202469)
jbaum@hwglaw.com
William Sullivan (SBN 275059)
wsullivan@hwglaw.com
Julienne Pasichow (SBN 340486)
jpasichow@hwglaw.com
HWG LLP
1919 M Street NW, 8th Floor
Washington, DC 20036
Telephone: (202) 730-1300
Facsimile: (202) 730-1301

*Attorneys for Defendant*
University of San Francisco

3
**DEFENDANT UNIVERSITY OF SAN FRANCISCO'S STATEMENT IN SUPPORT OF SEALING REQUEST**

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, I caused the foregoing document to be served by email upon counsel of record for all Parties listed in the service list below. I declare under penalty of perjury that the foregoing information in this Certificate of Service is true and correct.

*/s/ Julienne Pasichow*
Julienne Pasichow

4
**CERTIFICATE OF SERVICE**
**CASE NO. 3:22-CV-01559-LB**

**SERVICE LIST**

Jonathan Selbin (SBN 170222)                    Attorneys for Plaintiffs
Michelle A. Lamy (SBN 308174)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
jselbin@lchb.com
mlamy@lchb.com

Jessica Moldovan (*pro hac vice*)              Attorney for Plaintiffs
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
jmoldovan@lchb.com

Elizabeth A. Fegan (*pro hac vice*)            Attorney for Plaintiffs
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100)
beth@feganscott.com

Lynn A. Ellenberger (*pro hac vice*)           Attorney for Plaintiffs
FEGAN SCOTT LLC
500 Grant St., Suite 2900
Pittsburgh, PA 15219
Telephone: (412) 346-4104
Facsimile: (312) 264-0100
lynn@feganscott.com

Michael von Klemperer (*pro hac vice*)         Attorney for Plaintiffs
FEGAN SCOTT LLC
1763 Columbia Road NW, Suite 100
Washington, D.C. 20009
Telephone: (202) 921-0002
Facsimile: (312) 264-0100
Mike@feganscott.com

Georgia Jaye Zacest (*pro hac vice*)                Attorney for Plaintiffs
FEGAN SCOTT LLC
708 Main Street, 10th Floor
Houston, TX 77002
Telephone: (830) 212-4042
Facsimile: (312) 264-0100
Georgia@feganscott.com

Daniel A. Croley                                         Attorney for Defendant,
FUTTERMAN DUPREE DODD CROLEY            ANTHONY N. GIARRATANO
MAIER LLP                                               *ALSO KNOWN AS*
601 Montgomery St., Suite 333                  NINO GIARRATANO
San Francisco, CA 94111
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dcroley@fddcm.com

Katherine O'Neal                                        Attorney for Defendant,
Lesser Law Group                                       ANTHONY N. GIARRATANO
1010 B Street                                            *ALSO KNOWN AS*
Suite 350                                                NINO GIARRATANO
San Rafael, CA 94901
Telephone: (415) 453-7600
koneal@fddcm.com

Scott Brian Rapkin                                      Attorneys for Defendant,
Michael Steven Rapkin                               TROY NAKAMURA
RAPKIN & ASSOCIATES, LLP
475 Washington Blvd.
Marina del Rey, CA 90292
Telephone: (310) 319-5465
Facsimile: (310) 306-1339
scottrapkin@rapkinesq.com

**SERVICE LIST**
**CASE NO. 3:22-CV-01559-LB**