# ATTACHMENT 1

## Declaration of Owen Smith

## REDACTED

Jonathan M. Baum (SBN 303469)
William Sullivan (SBN 275059)
Julienne Pasichow (SBN 340486)
*jbaum@hwglaw.com*
*wsullivan@hwglaw.com*
*jpasichow@hwglaw.com*
**HWG LLP**
1919 M Street NW, 8th Floor
Washington, DC 20036
Telephone: (202) 730-1300 / Facsimile: (202) 730-1301

Attorneys for Defendant
UNIVERSITY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7, JOHN DOE 8, JOHN DOE 9, JOHN DOE 10, JOHN DOE 11, JOHN DOE 12, JOHN DOE 13, JOHN DOE 14, JOHN DOE 15, JOHN DOE 16, JOHN DOE 17, JOHN DOE 18, and JOHN DOE 19,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNIVERSITY OF SAN FRANCISCO, ANTHONY N. (AKA NINO) GIARRATANO, and TROY NAKAMURA,<br><br>Defendants. | Case No. 3:22-cv-01559-LB<br><br>**DECLARATION OF OWEN SMITH IN SUPPORT OF DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS AGAINST PLAINTIFFS FOR FALSE INTERROGATORY STATEMENTS** |

I, Owen Smith, declare under penalty of perjury as follows:

1.      I am an attorney licensed to practice in the District of Columbia and am admitted pro hac vice in this matter. I am an attorney of record for Defendant the University of San Francisco ("USF") in this matter. I have personal knowledge of the facts set forth below.

2.      Counsel for USF sent Plaintiffs' counsel a letter on May 7, 2026 ("May 7 letter"), regarding inaccuracies in the interrogatory responses of Does 15 and 11, which became apparent during their depositions on April 22, 2026 and April 28, 2026, respectively. Exhibit A. USF's counsel also requested that to "the extent there are other interrogatory responses from Does 15 and 11 or other Plaintiffs that similarly are evasive or inaccurate, Plaintiffs have an obligation to correct those responses as well." *Id.*

3.      The May 7 letter, *see* Exhibit A, detailed that Special Interrogatory 4 requested that Doe 15 "STATE ALL FACTS REFERRING or RELATING TO any and all occasions during which YOU suffered (or were subjected to) the ALLEGED MISCONDUCT, during YOUR tenure as a student at USF." In his response, Doe 15 stated under oath that he suffered several incidents, including ███████████████████ ███████ and Coach Nakamura ████████████ █████████████████ During his deposition, however, Doe 15 made clear that he was not in fact subjected to this alleged behavior, and that he was not even present when it allegedly occurred. Doe 15 Dep. Tr. 130:7-18 ████████████████ ████████████████████ ████████████████████ ████████████████████ ████████████████████ ; *id.* at 131:21-23 ███ ████████████████████ ████████████████ .

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB

4.     The May 7 letter, *see* Exhibit A, also pointed out that for Doe 11, Special Interrogatory 6 requested that he "STATE ALL FACTS REFERRING or RELATING TO any and all occasions during which YOU or any member of the USF baseball team suffered (or were subjected to) the ALLEGED MISCONDUCT, during YOUR or the identified member's tenure as a student at USF." In his response, Doe 11 stated under oath that ███████████ ████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ███████████████████████████████████████████████ █████████████████████████████████████████████████ ███████████████████████████████████████████████████ Doe 11's Response to Special Interrogatory 9 likewise states that ███████████ ███████████████████████████████████████ However, during his deposition, Doe 11 testified that he does not recall ████████████████████████████████████████ ████████████████████████████████████ ████████ Doe 11 Tr. at 138:9–139:17, 157:6–11.

5.     In the May 7 letter, counsel for USF also explained why these false statements are problematic to USF's ability to build its defense for trial:

> Both Does 15 and 11's responses, which they verified under penalty of perjury, were inaccurate and evasive, and written in such a way as to artificially inflate Does 15 and 11's alleged experiences of wrongdoing by the defendants. Their responses spoke of alleged incidents that these Does themselves confirmed that they had not actually experienced. Interrogatories must be answered "fully" with "true, explicit, responsive, complete, and candid" answers. *Equal Rts. Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007) (quoting *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996)). Indeed, the whole purpose of the interrogatory rules is to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (citation omitted). Yet the Defendants were only able to discover the inaccuracies here by asking pointed questions to Does 15 and 11 at their depositions. Even when Defendants discover the inaccuracies in interrogatory answers (which is by no means guaranteed), it is inefficient to require Defendants to take time during depositions to re-confirm all the information the Plaintiffs swore to in their interrogatory responses. Defendants now understand that if they do not question every Plaintiff about the truthfulness of each interrogatory response that he submitted to USF, they bear the high risk that material misrepresentations by the Plaintiffs remain uncorrected in the record.

2

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS
CASE NO: 3:22-CV-01559-LB

Exhibit A.

6. Additionally, on May 7, counsel for USF explained that these are not the first instances where issues have arisen regarding the accuracy of Plaintiffs' discovery responses and depositions. Counsel explained that the evening before Doe 10's deposition on March 10, 2026, Plaintiffs' counsel served "supplemental responses" to Doe 10's interrogatories that substantially rewrote Doe 10's interrogatory responses from two years earlier and made new assertions of misconduct by the Defendants. In the deposition, Doe 10 could offer no explanation for his decision to make such wholesale changes to his interrogatory answers. Again, the record suggests gamesmanship and unsupported allegations made without any regard for their veracity or lack thereof. *Id.*

7. USF explained in its May 7 letter that "Rule 37 makes clear that 'an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.' Fed. R. Civ. P. 37(a)(4). Such a failure justifies an award of sanctions. Fed. R. Civ. P. 37(d)(1)(A)(ii)." *Id.*

8. USF's May 7 letter concluded by requesting that Plaintiffs' counsel (1) provide an explanation within five days for Does 11 and 15's failures to provide complete answers; (2) agree to supplement Does 11 and 15's interrogatory responses within 14 days; and (3) "[t]o the extent there are other interrogatory responses from Does 15 and 11 or other Plaintiffs that similarly are evasive or inaccurate, Plaintiffs have an obligation to correct those responses as well." Defense counsel concluded that "[o]therwise, USF will seek relief from the Court under Rule 37." *Id.*

9. Plaintiffs' counsel did not respond within the five days requested.

10. I sent Plaintiffs' counsel an email on May 13, noting that we "have not received any response to our May 7 letter, despite the deadline passing yesterday." Exhibit B.

11. I also explained in that email that since counsel for USF sent its May 7 letter, "Doe 16's deposition has revealed yet another instance of the same problem: a Plaintiff served

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB

verified interrogatory responses that were false, misleading, or materially incomplete when compared against his sworn deposition testimony." I further wrote that "This concerning pattern cannot continue. Plaintiffs cannot serve broad, inflammatory interrogatory responses under penalty of perjury, force Defendants to test those responses witness-by-witness under oath at deposition, and then leave the record uncorrected once the misstatements are exposed. Nor can Plaintiffs ignore correspondence identifying these issues and requesting a prompt explanation and supplementation." *Id.*

12.     I ended the May 13 email by requesting that Plaintiffs "[p]lease provide by the end of the day Plaintiffs' position regarding the issues raised in our May 7 letter and confirm whether Plaintiffs will promptly supplement the interrogatory responses for Does 11, 15, and 16, as well as any other Plaintiff whose responses are inaccurate, evasive, or incomplete." *Id.*

13.     Plaintiffs' counsel, Jonathan Selbin, responded on May 13, that Plaintiffs "intend to respond this week." *Id.*

14.     Mr. Selbin also wrote on May 13 that "And this is, as you well know, all nonsense." *Id.*

15.     Counsel for USF responded on May 13, making the intended timing of this motion clear: "We need to tee this up for the June 18 sanctions hearing that you set with Judge Beeler." *Id.*

16.     Plaintiffs' counsel responded via letter after the requested May 13 deadline, one day later on May 14. Exhibit C.

17.     In their May 14 letter, Plaintiffs' counsel were dismissive of USF's concerns and refused to take any corrective action. *Id.*

18.     Plaintiffs' counsel did not further respond in response to our May 7 request that that to "the extent there are other interrogatory responses from Does 15 and 11 or other Plaintiffs that similarly are evasive or inaccurate, Plaintiffs have an obligation to correct those responses as well." Exhibit A.

19. On May 21, 2026, Doe 17 was deposed, revealing further inconsistent statements between his verified interrogatory responses and his testimony under oath at deposition.

20. Defense counsel undertook a review of deposition transcripts and interrogatory responses for further false statements.

21. After review into false statements by Plaintiffs, counsel for USF wrote, on June 11, 2026, on behalf of USF, Defendant Giarratano, and Defendant Nakamura, to request a meet and confer regarding Plaintiffs' false interrogatory responses as well as for improper coaching of witnesses during depositions. Exhibit B. We explained that "Local Rule 7-8 requires that '[t]he motion . . . must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate,' and accordingly, after further investigation, we seek to confer without delay." *Id.* In that correspondence, we further wrote:

> Since our exchange, additional depositions have revealed that the problem is not limited to Does 11, 15, and 16—it is systemic across most of the Plaintiffs that have been deposed so far. Additionally, our review has now revealed that Plaintiffs' counsel improperly coached certain Plaintiffs during their depositions—resulting in witnesses providing materially different and contradictory testimony after consulting with counsel during breaks. In each instance, the changed testimony aligned with Plaintiffs' legal theories in ways that the witnesses' spontaneous answers did not.

*Id.*

22. Defense counsel further explained in that correspondence that this contradictory testimony "is especially concerning in light of Giarratano's interrogatories, which specifically asked Plaintiffs to identify each act or omission that they 'personally witnessed'. In response, multiple Plaintiffs listed events they did not witness and misconduct they did not experience—admissions that were exposed only through deposition questioning." *Id.* Counsel then informed Plaintiffs that "Defendants are therefore contemplating a motion for sanctions, which we intend to file promptly as required by the local rules" and asked for Plaintiffs' counsel's availability to meet and confer that day or the next day. *Id.*

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB

23.    Plaintiffs' counsel responded that evening at 10:13 PM, on June 11, 2026, asking for additional examples of alleged false interrogatory responses and witness coaching at deposition and offering to stipulate that any deadlines in Local Rule 7-8(c) be tolled. *Id.*

24.    Local Rule 7-8 requires that motions for sanctions "be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." Defendants do not believe the rule is a requirement the parties could agree to toll. Moreover, Plaintiffs' false statements had continued at depositions since we sent our May 7, 2026 letter. Defendants require prompt resolution of this issue before it continues at subsequent depositions and further impedes discovery, so could not accept the offer to toll.

25.    Defense counsel responded the next morning, on June 12, 2026, asking again whether Plaintiffs' counsel has time to meet and confer. *Id.* Defense counsel also provided an example of witness coaching and another example of false statements by the Plaintiffs, explaining that:

> the same testimony already provided contradicts answers to Giarratano's interrogatories as well, which specifically asked Plaintiffs to describe what they 'personally witnessed'. Multiple Plaintiffs listed events in those responses that they admitted under oath they did not witness. For example, Doe 15 listed misconduct by Nakamura across Giarratano's Interrogatory Nos. 1, 3, and 5 only to testify at deposition: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ When asked ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Doe 15 answered:
> ▮▮▮▮▮▮▮▮

*Id.*

26.    Plaintiffs' counsel responded that afternoon on June 12, writing that the Defendants' "email is confusing," and stating that they are unavailable to meet and confer that day. Plaintiffs did not offer further availability to meet and confer. Instead, Plaintiffs' counsel requested again additional detail of alleged false statements. *Id.*

27.    That same day, defense counsel responded:

> There is nothing confusing about our position. We have repeatedly identified the issue. Our May 7 letter, May 13 email, and prior emails in this chain identified three Plaintiffs by name, quoted the interrogatory requests and responses, cited the

6

contradicting deposition testimony, and provided a specific example from Giarratano's interrogatories. We asked your team to look into the issue as well. Your team's response to all of it was to deny any problem existed. We don't agree that we need to provide you a detailed list today in order to meet and confer so that we can talk about the issue we raised over a month ago in early May.

*Id.*

28.    Defense counsel then provided further examples from defense counsel's initial review of false and misleading testimony in Plaintiffs' interrogatory responses when compared to their deposition testimony and examples of testimony changed at deposition after breaks with counsel:



7



DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN
FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION
FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB



DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN
FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION
FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB

*Id.*

29.    Defense counsel then addressed Plaintiffs' counsel's alleged confusion regarding our prior email, writing:

> In your response, you suggest there is a contradiction between asking you to correct false responses and saying supplementation will not cure the problem. There is no contradiction. We asked you in May to correct the record and identify any other false statements. You refused and denied any problem existed. In the five weeks since, our review and additional depositions have revealed that the false statements extend beyond Does 11, 15, and 16, as shown by the list above. The volume and materiality of these false statements make clear that amendment will not solve the problem. At this point, the harm has already occurred and quietly amending responses would not unwind the prejudice, and it does not address Plaintiffs' pattern of false statements.

10

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS
CASE NO: 3:22-CV-01559-LB

As for coaching, the exchange I cited is not "defense counsel's own accusation"—it is Doe 16's testimony. Doe 16 was asked whether any facts had changed between his initial answers and his contradictory answers other than speaking to his counsel, and he answered: ███████████████████ That is the witness's own sworn testimony, not argument. And this is not about redirect examination. The issue is that your clients provided spontaneous testimony under oath, conferred with counsel during breaks, and then returned to provide materially different answers on the same topics—with the witnesses themselves confirming that nothing changed other than speaking with their attorneys. That is not redirect.

You assert that we are "rushing" or "trying to check a box." We first raised these issues on May 7—over five weeks ago. We followed up on May 13 when you missed the deadline. Your team dismissed the issues on May 14. We have been exchanging letters about this for more than a month and the conduct has not changed—it is ongoing at depositions that have occurred since our May 7 letter. Local Rule 7-8 requires that the motion be made "as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate," and we have now completed our review. We cannot agree to toll that obligation while this pattern continues.

. . .

The conduct has not changed—it is ongoing. We need to meet and confer no later than Monday. Please confirm your availability.

*Id.*

30.    Plaintiffs' counsel responded three days later at 12:00 PM on June 15. In that communication, they refused to provide any availability the entire week of June 15, and instead stated that they were only willing to confer the following week. *Id.*

31.    Defense counsel responded that day:

We first raised these issues on May 7—over five weeks ago. We followed up on May 13 when your team missed the deadline. Your team dismissed our serious concerns on May 14. We asked for your availability to meet and confer last week. Now you are refusing to meet and confer until three weeks after we asked for your availability. Given that Local Rule 7-8 requires that "[t]he motion . . . must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate," your refusal to meet and confer timely is unreasonable and we view that as a denial to meet and confer. It is clear that your intent is to delay our motion.

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB

The fact that Thursday's hearing addresses other pending motions does not change the timeline on this issue—these are independent matters. And we are preparing and traveling for the same motions as you are.

Defendants will be filing our motion by the end of the day. If you are willing to confer before then, please let us know when you are available.

*Id.*

32.     Plaintiffs' counsel did not provide availability to confer. *Id.*

33.     Instead, Plaintiffs' counsel threatened that the examples of false statements Defendants' provided via email do not show that Plaintiffs committed perjury, but rather that they "would demonstrate Defendants' willingness to make false and misleading statements to the Court, raising serious ethical and Rule 11 concerns." *Id.*

34.     Defense counsel responded offering to delay filing this motion by one day to facilitate a meet and confer to discuss any concerns Plaintiffs have, and pointed out that Plaintiffs threat is not supported by any substance:

We made abundantly clear we were open anytime today to confer, and you instead refused to confer with us anytime this week.  In order make every effort to give you an opportunity to respond, we will hold off filing until tomorrow if you will let us know a time you are available tomorrow morning to talk.  But your email (and Jonathan Selbin's prior email today) have not said anything of substance in response to the detailed information we provided you.  Simply asserting that Plaintiffs are right while making threats is not a constructive way to address the repeated discrepancies that have arisen between the Plaintiffs' rog responses and their sworn testimony.

*Id.*

35.     Plaintiffs' counsel then confirmed that they would not confer with defense counsel the next day, and insisted that a meet and confer wait until three weeks after our initial request to meet and confer. *Id.*

36.     Defense counsel responded:

I take your note to mean your entire team is unavailable to talk anytime tomorrow, just like you were not available when we tried to schedule a meet and confer call last Thursday, Friday, and again today?

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB

> Please let me know if I've got that wrong and we will make ourselves available anytime tomorrow.

> The rule you cite obviously doesn't work when one side refuses to talk by phone so it can delay a filing it would prefer to avoid.

*Id.*

37. Plaintiffs' counsel then re-confirmed that they are unwilling to meet and confer with Defense counsel that week. *Id.*

38. After the scheduled hearing set for June 18 was canceled by the Court, Plaintiffs' counsel agreed to meet and confer on June 18 at 9 a.m. PT / 12:00 p.m. ET, and provided a letter response the evening prior.

39. Defense counsel reviewed Plaintiffs' letter response prior to the meet and confer.

40. Plaintiffs' letter response provided responses to Defendants' examples of false and misleading statements while not admitting that any were false or misleading. Nonetheless, Plaintiffs wrote that at "most, a limited number of interrogatory responses could be clarified in light of the Does' deposition testimony, and we are open to discussing appropriate ways to address those during our meet and confer."

41. At the meet and confer, defense counsel explained that despite Plaintiffs' letter response, subsequent depositions and our further review since our May 7 letter has revealed that Plaintiffs' false and misleading statements are pervasive and material, and that amending interrogatory responses would no longer cure the harm from our perspective.

42. We informed Plaintiffs' counsel that we view this conduct as supporting dismissal of certain claims, but instead intend to pursue an adverse inference jury instruction consistent with 9th Cir. Model Civ. Jury Instr. 1.14 (Mar. 2026) ("if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.").

43. Defense counsel asked Plaintiffs' counsel if they would stipulate to that relief, which they denied.

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB

44.    Defendants undertook additional review of Plaintiffs' response and the record between the meet and confer and filing this motion.

Executed June 19, 2026 in Washington, DC.

/s/ *Owen H. Smith*
Owen H. Smith

DECLARATION OF OWEN SMITH ISO DEFENDANTS UNIVERSITY OF SAN FRANCISCO, ANTHONY GIARRATANO, AND TROY NAKAMURA'S JOINT MOTION FOR SANCTIONS FOR FALSE INTERROGATORY STATEMENTS

CASE NO: 3:22-CV-01559-LB