UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE 1, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 22-cv-01559-LB<br><br>**ORDER GRANTING LEAVE TO AMEND**<br><br>Re: ECF No. 443 |

**INTRODUCTION**

The plaintiffs are former University of San Francisco (USF) baseball players who allege that their coaches created a sexualized, hostile environment and that USF knew of and covered up the conduct, in violation of Title IX, the California Education Code, and state law. Does 1–3 sued in 2022 in this putative class action (*Doe I*), and Does 4–14 were added in subsequent complaints. All parties consented to magistrate-judge jurisdiction. After the court denied class certification in March 2025, five absent putative class members (Does 15–19) filed a separate lawsuit (*Doe II*) asserting identical claims. The defendants moved to relate and consolidate the cases. The court suggested (and the plaintiffs accomplished) consolidation through an amended complaint. The defendants objected to that process. Then — at the defendants' request and with the parties' agreement — the court (1) decided the *Doe II* motions to dismiss on the *Doe II* complaint alone, denying them in full, and (2) rescinded the amendment so that the plaintiffs could move for leave to amend.

ORDER – No. 22-cv-01559-LB

The plaintiffs now so move: they ask for leave under Federal Rule of Civil Procedure 15(a)(2) to amend the complaint to add Does 15–19 as plaintiffs, asserting the claims that this court sustained in *Doe II*. USF opposes, contending that amendment is futile — because the claims are time-barred and fail on the merits — and would cause undue prejudice and undue delay.

The court grants the motion. The court has already held — at the defendants' request, on the *Doe II* complaint alone, and preserving every argument the defendants could have made had the cases remained separate — that the claims of Does 15–19 are timely and plausibly pleaded. An amendment adding claims that have survived dispositive challenge in this court is not futile. The remaining *Foman* factors also favor leave: the defendants asked for consolidation, discovery of Does 15–19 is essentially complete, the plaintiffs moved promptly after the court authorized the motion, and no one asserts bad faith. And because all parties consented to this court's jurisdiction for all further proceedings in this case — and no defendant contends that a properly noticed motion to amend requires new consent — the court may decide the motion.

## STATEMENT

Does 1–3 filed this putative class action on March 11, 2022, against USF, head baseball coach Anthony Giarratano, and assistant baseball coach Troy Nakamura, alleging that the coaches fostered a sexualized, hostile team environment — through conduct that included nudity, sexualized skits, vulgar and belittling taunts, and retaliation against players who resisted — and that USF knew of the conduct and covered it up, in violation of Title IX, the California Education Code, and state tort law.[1] All parties consented to magistrate-judge jurisdiction; each consent form states consent "to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment."[2] The plaintiffs twice amended to add parties — Does 4–12 in the second amended complaint and Does 13–14 in the third — and no defendant

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Consents – ECF Nos. 35 (Giarratano), 42 (Nakamura), 48 (USF), 15 (plaintiffs), & 397 (plaintiffs). The NCAA was dismissed for lack of personal jurisdiction. Order – ECF No. 88 at 2.

United States District Court
Northern District of California

contended that the amendments required new consent.[3] The claims survived three rounds of motions to dismiss, principally on a coverup theory.[4] On March 5, 2025, the court denied class certification for lack of commonality.[5]

On June 25, 2025, Does 15–19 — absent members of the putative class — filed a separate lawsuit (*Doe II*) asserting claims identical to those here. The case was reassigned to a district judge after the *Doe II* plaintiffs declined magistrate-judge jurisdiction; defendant Giarratano then declined it too.[6] The defendants moved to relate the cases and then to consolidate them, citing the duplication and expense of parallel proceedings.[7] At a December 19, 2025, case-management conference, the court suggested accomplishing consolidation by amendment. The plaintiffs filed the Fourth Amended Complaint adding Does 15–19 (who consented to magistrate-judge jurisdiction) and dismissed *Doe II*.[8]

The defendants moved to rescind the amendment or reassign the case, contending among other things that the amendment mooted their statute-of-limitations arguments against Does 15–19.[9] The court resolved that motion in two orders. The March 30, 2026, order held that the defendants were "not prejudiced in any way that bears on the amendment question" and identified two paths that preserved every defense argument: deciding the pending *Doe II* motions to dismiss on the *Doe II* complaint alone, or rescinding the amendment and requiring a formal motion for leave to amend.[10] On April 6, 2026 — at the defendants' request and without opposition — the court did both. It denied the *Doe II* motions to dismiss in full, holding the claims of Does 15–19 timely under

---

[3] Second Am. Compl. – ECF No. 93; Third Am. Compl. – ECF No. 133; Mem. – ECF No. 455 at 7 (making this point).

[4] Orders – ECF Nos. 88, 128, & 149.

[5] Order – ECF No. 312.

[6] Compl., No. 25-cv-05311-TLT – ECF No. 1; Order – ECF No. 433 at 3–4; Order – ECF No. 441-1 at 5 (the claims in the two cases are identical).

[7] Mot. – ECF No. 353; Mot., No. 25-cv-05311 – ECF No. 47; Joinders, *id.* – ECF Nos. 49 & 50.

[8] Order – ECF No. 394; Fourth Am. Compl. – ECF No. 396; Consent – ECF No. 397; Dismissal, No. 25-cv-05311 – ECF No. 65.

[9] Mot. – ECF No. 403.

[10] Order – ECF No. 433 at 13, 15.

ORDER – No. 22-cv-01559-LB                    3

United States District Court
Northern District of California

*American Pipe* class-action tolling and, independently, under California equitable tolling, and plausibly pleaded for the reasons stated in the *Doe I* orders. And it rescinded the amendment so that the plaintiffs could move for leave to amend, with all defendants agreeing on the record that the do-over would not prejudice the plaintiffs.[11]

The plaintiffs filed this motion two days after the April 6 order, and the parties stipulated to a briefing schedule.[12] In the meantime, the defendants have litigated as if Does 15–19 were parties: they have deposed or noticed depositions of four of the five, demanded Rule 35 examinations, and required document productions, which are essentially complete.[13] USF opposes the motion on futility, prejudice, and delay grounds, and the coach defendants joined its opposition.[14] The court can decide the motion without oral argument. Civil L.R. 7-1(b).

## LEGAL STANDARD

Rule 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." The Ninth Circuit applies the rule with "extreme liberality," and there is a presumption in favor of granting leave. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). A court may deny leave for undue delay, bad faith or dilatory motive, futility, or undue prejudice to the opposing party. *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Prejudice is the "touchstone of the inquiry," and the party opposing amendment bears the burden of showing it. *Id.* at 1052. Absent prejudice or a strong showing on the other factors, the presumption in favor of leave controls. *Id.*

---

[11] Order – ECF No. 441 at 2–3; Order – ECF No. 441-1 at 4–8.

[12] Mot. – ECF No. 443; Mem. – ECF No. 455; Stip. & Order – ECF Nos. 449 & 450.

[13] Selbin Decl. – ECF No. 456 at 2 (¶¶ 3–5); Mem. – ECF No. 455 at 8; Opp'n – ECF No. 477 at 13 (acknowledging that depositions of most of the proposed plaintiffs have occurred).

[14] Opp'n – ECF No. 477; Joinders – ECF Nos. 476, 478; Reply – ECF No. 494. Because the coach defendants joined USF's opposition, the order's references to USF's arguments encompass theirs, and the rulings apply to all defendants.

**ANALYSIS**

**1. The Court May Decide the Motion**

All parties expressly consented to magistrate-judge jurisdiction "for all further proceedings in this case, including trial and entry of final judgment."[15] In its March 30 order, the court explained that a formal motion for leave to amend presents no consent problem: "[h]ad the plaintiffs moved to amend their existing complaint to add Does 15–19, as they did when they added Does 4–14, then seemingly there would be no issue about the defendants' consent."[16] The defendants agreed, conceding that they "do not contend that the routine addition of a party through a properly noticed motion to amend necessarily triggers a new consent obligation."[17] The concession follows from settled law. Consent to "all further proceedings" reaches every "possible step[] in an action from its commencement to the execution of judgment," *see Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 316 (2025) (defining the term "proceeding"), and nothing in 28 U.S.C. § 636(c)(1) "requires continuing expressions of consent before a magistrate can exercise authority under a valid reference," *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993) (cleaned up).

The jurisdictional wrinkle that the March 30 order flagged for possible Article III resolution — whether the defendants' consent extended to claims imported by a court-directed amendment while a separately filed case, in which one defendant had declined magistrate-judge jurisdiction, remained pending — no longer exists. *Doe II* has been dismissed, the amendment has been rescinded, and the plaintiffs now proceed by the ordinary Rule 15 motion that the parties and the court identified as the clean path.[18] USF's opposition does not contest the court's authority to grant a properly noticed motion to amend.[19] The court therefore decides the motion.

---

[15] *See supra* Statement.

[16] Order – ECF No. 433 at 7.

[17] Reply – ECF No. 420 at 9; Order – ECF No. 433 at 9 (quoting the concession).

[18] Order – ECF No. 433 at 6–8 (referring that question, if it remained live, to a district judge); Order – ECF No. 441 at 2–3 (rescission and the parties' agreement to the do-over); Mem. – ECF No. 455 at 17 (the posture is now an "organic" motion to amend).

[19] Opp'n – ECF No. 477 at 5–15 (contesting only the *Foman* factors); Reply – ECF No. 494 at 6 n.1 (contending that USF has waived any jurisdictional argument).

United States District Court
Northern District of California

## 2.  The *Foman* Factors Do Not Warrant Denying Leave

### 2.1 Amendment Is Not Futile

A proposed amendment is futile if it "would be immediately subject to dismissal," judged under the Rule 12(b)(6) standard. *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) (cleaned up); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Denial on futility grounds is proper only where it is "clear beyond doubt that amendment of the complaint would be futile." *Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 1110, 1114 (9th Cir. 2005). Where a proposed claim "involves complicated factual or legal issues," the merits are better tested "on a fully briefed motion to dismiss rather than under the more circumscribed Rule 15(a) 'futility' analysis." *Entangled Media*, 348 F.R.D. at 656; *accord Chang v. Cashman*, 723 F. Supp. 3d 772, 783 (N.D. Cal. 2024).

One ground resolves the issue. On April 6, 2026 — at the defendants' request and to preserve their timeliness arguments — the court denied the defendants' motions to dismiss the very claims that the plaintiffs now seek to add, considering only the *Doe II* complaint. The court held the claims timely under *American Pipe* tolling and, independently, under California equitable tolling, and plausibly pleaded for the reasons stated in the *Doe I* orders.[20] Claims that survived a dispositive challenge in this court three weeks before the motion was filed are not futile "clear beyond doubt." *Ctr. for Biological Diversity*, 394 F.3d at 1114.

USF's opposition does not engage that problem; it relitigates it. Each of USF's futility arguments — *American Pipe* does not reach state-law claims in federal court or claims "not viable for class resolution"; California equitable tolling is unavailable when successive actions are filed in the same forum; the coaches were "equal opportunity harassers" whose conduct was not based on sex; USF responded promptly upon actual notice; the pre-assault and retaliation theories are insufficiently pleaded; and the gross-negligence, intentional-infliction, ratification, and Education Code claims fail as a matter of law — was raised in the *Doe II* motions to dismiss (or the replies

---

[20] Order – ECF No. 441 at 2–3; Order – ECF No. 441-1 at 4–8.

ORDER – No. 22-cv-01559-LB                    6

there) and rejected.[21] USF characterizes some arguments as "never presented to or decided by" this court "with respect to Does 1–14," but they were presented and decided with respect to Does 15–19, the only plaintiffs the amendment adds.[22]

USF identifies no intervening change in controlling law, no new material facts, and no manifest error, only its disagreement with the April 6 order. A request that the court "revisit" a ruling it issued three weeks earlier is in substance a motion for reconsideration, which requires leave of court, Civil L.R. 7-9(a), on a showing that USF does not attempt to make, *id.* 7-9(b).[23] And whether or not the law-of-the-case doctrine formally attaches to the April 6 order — a question the parties dispute — the answer does not matter: the court has reviewed USF's arguments and adopts the April 6 reasoning as its own. Nothing in the opposition persuades the court that the analysis was wrong. Finally, to the extent any argument is genuinely new, the "merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss . . . or for summary judgment." *Chang*, 723 F. Supp. 3d at 783 (cleaned up). Amendment is not futile.

Even reached anew, USF's tolling arguments fail. USF concedes that *American Pipe* tolls the federal claims of absent class members: the filing of a class action suspends the limitations period for putative class members until class certification is denied. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552–54 (1974). Its only rejoinder is that tolling is unavailable because the class claims were "clearly not viable for class resolution."[24] They were not frivolous. The court denied certification for lack of commonality on a close question: the plaintiffs advanced a uniform theory of deliberate indifference predicated on USF's lack of policies but had not shown that the policies

---

[21] *Compare* Opp'n – ECF No. 477 at 6–13, *with* Mots. & Replies, No. 25-cv-05311 – ECF Nos. 28, 29, 31, 56, 57, & 58; *see* Reply – ECF No. 494 at 11 (collecting the overlap).

[22] Opp'n – ECF No. 477 at 13–14. The parties renew their dispute about *Berk v. Choy*, 607 U.S. 187 (2026), and whether it requires applying *American Pipe* tolling to state-law claims in federal court regardless of state tolling rules. *Id.* at 7; Reply – ECF No. 494 at 8. The court need not decide the question: the April 6 order held the state claims timely under California tolling law and, independently, under California equitable tolling. Order – ECF No. 441-1 at 5–8.

[23] Opp'n – ECF No. 477 at 8 (asking the court to "revisit the issue").

[24] *Id.* at 7 (quoting *Am. Pipe*, 414 U.S. at 552–53); Reply – ECF No. 494 at 8 (noting the concession that *American Pipe* applies to the federal claims).

were constant across a twenty-year class period.[25] A certification motion that fails on commonality is not frivolous. No party disputes that Does 15–19 were members of the putative class, that their claims were timely when *Doe I* was filed, or that they filed *Doe II* on June 25, 2025, one hundred twelve days after certification was denied on March 5.[26] The Title IX claims are timely.

The state claims are timely too. The parties agree that California tolling law governs the state-law claims.[27] California would apply *American Pipe* tolling here. The doctrine applies when the class action informed the defendants of "the substantive claims being brought against them" and "the number and generic identities of" the class members, and when tolling furthers the economy and efficiency of litigation. *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1121–25 (1988); *Hildebrandt v. Staples the Off. Superstore LLC*, 58 Cal. App. 5th 128, 137, 144–45 (2020) (a class action tolled an individual plaintiff's later suit asserting the same state claims based on the same conduct). Both requirements are met: the claims and conduct are identical, and the defendants knew by June 2024 that plaintiffs' counsel represented additional members of the putative class.[28]

USF's cross-jurisdictional bar does not apply because there is no second jurisdiction. A "cross-jurisdictional" action is one in which "a plaintiff sought to use a class action filed in one jurisdiction to toll an action later filed in another." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1187 (9th Cir. 2009). *Doe I* and *Doe II* were filed in the same federal district, and the claims now are proposed for the very case in which the class action was pending. *Centaur Classic*'s broader rule — that the bar "includes all situations where a class action is filed outside the California state court system," *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1017 (C.D. Cal. 2011) — does not persuade the court that the California

---

[25] Order – ECF No. 312; Order – ECF No. 441-1 at 5.

[26] Order – ECF No. 441-1 at 3 (summarizing timeline).

[27] Opp'n – ECF No. 477 at 6–7 (state law governs tolling of the state claims); Order – ECF No. 441-1 at 5–6; *see supra* note 22 (the court does not reach *Berk v. Choy*).

[28] Mem. – ECF No. 455 at 7; Fegan Decl., No. 25-cv-05311 – ECF No. 24-1 at 2 (¶ 3); Order – ECF No. 441-1 at 7 & n.25.

Supreme Court would deny tolling on these facts, where the successive filings were in the same court and the *Jolly* factors are fully satisfied.[29]

Equitable tolling independently saves the state claims. California suspends the limitations period where there is "(1) timely notice to the defendant in the filing of the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Hatfield*, 564 F.3d at 1185. All three factors exist for the reasons stated in the April 6 order: *Doe I* asserted the same claims and challenged the same conduct, the discovery overlaps, and Does 15–19 filed within four months of the denial of class certification.[30]

USF's argument on the same-forum bar overreads its authorities. *Addison* and *McDonald* hold that equitable tolling applies when a plaintiff reasonably and in good faith pursues one of several available remedies. Neither holds that successive filings in the same forum are categorically excluded. *Addison v. California*, 21 Cal. 3d 313, 317–19 (1978); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 96–102 (2008). And USF's remaining cases analyzed the thirty-day refiling window of 28 U.S.C. § 1367(d), not class-action tolling. *Bonifield v. County of Nevada*, 94 Cal. App. 4th 298, 303–06 (2001); *Kolani v. Gluska*, 64 Cal. App. 4th 402, 411 (1998).

USF's invocation of the federal equitable-tolling standard — diligence plus extraordinary circumstances, *Credit Suisse Securities (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) — is inapposite. California's three-factor test governs the state claims. And on diligence, USF's authority undermines its position: *Emerson* denied tolling where the plaintiff filed nearly three years after certification was denied, observing that courts deny equitable tolling for delays of over a year and grant it for gaps of less than ten months. *Emerson v. N. Tr. Corp.*, No. 23-cv-00241-TLT, 2023 WL 11884593, at *10–12 (N.D. Cal. Nov. 15, 2023). One hundred twelve days is comfortably on the

---

[29] The April 6 order described *Centaur Classic*'s cross-jurisdictional holding as resting on a Texas case applying Texas law. Order – ECF No. 441-1 at 7. USF responds that *Centaur*'s equitable-tolling analysis applied California authority (*Addison* and *McDonald*). Opp'n – ECF No. 477 at 8. Both observations are accurate in part, and neither matters: on either reading, *Centaur* does not address successive filings in the same court, much less in the same case.

[30] Order – ECF No. 441-1 at 7–8.

United States District Court
Northern District of California

United States District Court
Northern District of California

permissible side of that line. There is, finally, a tension in USF's position: *American Pipe* tolling assertedly fails because *Doe II* was filed in a different "jurisdiction," while equitable tolling assertedly fails because *Doe II* was filed in the same forum. Read together, those positions would leave an absent class member nowhere to file after certification is denied.[31] Neither California law nor equity requires that result.

### 2.2 There Is No Undue Prejudice

Undue prejudice means "substantial prejudice or substantial negative effect" on the opposing party. *Entangled Media*, 348 F.R.D. at 656 (cleaned up). USF asserts that adding five plaintiffs "would significantly expand the scope of this litigation, requiring additional discovery and motion practice" and delaying trial.[32] The record is to the contrary. The defendants have litigated since December as if Does 15–19 were parties: depositions of four of the five have occurred or are noticed, Rule 35 examinations have been demanded, and the new plaintiffs' document productions are complete.[33] The defendants' discovery burden is the same whether the claims proceed here or in a refiled standalone action — a circumstance that militates against a finding of prejudice, *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) — and the defendants themselves moved to consolidate the cases because consolidation would "sav[e] time and effort" and minimize the "burden on the parties and the court."[34] Losing the opportunity to relitigate issues that the court has already decided is not cognizable prejudice, and the ordinary burdens of litigation are not "substantially prejudicial." *Entangled Media*, 348 F.R.D. at 656.

### 2.3 There Is No Undue Delay or Bad Faith

The court authorized — indeed directed — this motion and permitted its deferral until after the May mediation. The plaintiffs filed it two days later, and the parties deferred briefing by stipulation. No order set a deadline to amend the pleadings or add parties.[35] The court previously held that the

---

[31] Opp'n – ECF No. 477 at 6–9; Reply – ECF No. 494 at 9–10.

[32] Opp'n – ECF No. 477 at 13.

[33] Selbin Decl. – ECF No. 456 at 2 (¶¶ 3–5); Opp'n – ECF No. 477 at 13.

[34] Mot., No. 25-cv-05311 – ECF No. 47 at 3–4; Joinders, *id.* – ECF Nos. 49 & 50.

[35] Order – ECF No. 441 at 2 n.1, 3; Mot. – ECF No. 443; Stip. & Order – ECF Nos. 449 & 450; Order – ECF No. 433 at 3, 10, 12.

underlying sequence — filing *Doe II* within four months of the denial of class certification, followed by months of consolidation discussions — involved no undue delay. USF's only delay argument is that the plaintiffs could have amended the 2022 complaint earlier instead of filing *Doe II*; but "the mere fact that [a party] could have moved at an earlier time to amend does not by itself constitute an adequate basis for denying leave to amend." *Howey*, 481 F.2d at 1191. USF does not contend bad faith, and there is none: the plaintiffs have followed the court's directives at every step, including dismissing *Doe II* in reliance on the court's consolidation plan.[36]

### 2.4 The Presumption Favoring Amendment Governs

USF has not shown prejudice or a strong showing on any other *Foman* factor, so the presumption in favor of leave controls. *Eminence Cap.*, 316 F.3d at 1052. Justice independently requires amendment: Does 15–19 dismissed their separate case at the court's suggestion and, until the amendment is restored, have no pending case, despite claims that this court has held timely and plausible. They are entitled to "an opportunity to test [their] claim[s] on the merits." *Foman*, 371 U.S. at 182.

### CONCLUSION

The court grants the plaintiffs' motion for leave to amend the complaint to add John Does 15–19 as plaintiffs. The plaintiffs must file the amended complaint — in the form of the proposed pleading at ECF No. 456-1 — within seven days of this order. The defendants must respond within fourteen days after service of the amended complaint. Fed. R. Civ. P. 15(a)(3). Because the court has denied motions to dismiss the identical claims, the court expects that the parties can agree that the responsive pleadings can be answers to avoid wasteful motions on issues better addressed at summary judgment. *Chang*, 723 F. Supp. 3d at 783.

This resolves ECF No. 443.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____

LAUREL BEELER
United States Magistrate Judge

---

[36] Mem. – ECF No. 455 at 8, 11; Order – ECF No. 441 at 1–2.