UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE 1, et al., | Case No. 22-cv-01559-LB |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| UNIVERSITY OF SAN FRANCISCO, et al., | Re: ECF No. 453 |
| Defendants. | |

**INTRODUCTION**

The plaintiffs — nineteen former members of the University of San Francisco baseball program suing pseudonymously as John Does 1–19 — assert Title IX and related claims against USF and two former coaches, Anthony Giarratano and Troy Nakamura, based on alleged misconduct beginning in 1999.[1] The parties earlier agreed to a limit of twenty-five depositions per side.[2] The defendants now ask for leave under Rule 30(a)(2) to take thirty-five, contending that with nineteen plaintiffs to depose, the agreed limit leaves them only six depositions for every other witness in the case.[3] The plaintiffs respond that the defendants have not made the particularized

---

[1] Fourth Am. Compl. – ECF No. 456-1; Disc. Letter Br. – ECF No. 453 at 2; Order – ECF No. 88 at 1. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 453 at 4; von Klemperer Decl. – ECF No. 453-1 at 2–4 (¶¶ 2–5).

[3] Disc. Letter Br. – ECF No. 453 at 2–3.

ORDER – No. 22-cv-01559-LB

showing that Rules 26 and 30 require and that, if the court expands the limit at all, it should do so mutually (with thirty depositions per side) and should cap in-person depositions at twenty to control costs.[4] In reply, the defendants committed to taking any depositions beyond the original twenty-five remotely.[5]

The court can decide the dispute without a hearing, Civil L.R. 7-1(b), and grants the defendants' request: they may take up to thirty-five depositions, and all depositions beyond the previously agreed-to twenty-five must proceed remotely absent stipulation of the parties or further order of the court. The court denies the plaintiffs' request for the same number of depositions without prejudice to the plaintiffs' making a particularized showing of need.

### STATEMENT

Each plaintiff makes distinct fact allegations, identifies different percipient witnesses, and seeks substantial damages.[6] For example, in interrogatory responses served in March 2026, Doe 19 alone identified eight medical providers he consulted about issues related to the complaint and fourteen other individuals (not counting other plaintiffs) with whom he discussed the alleged misconduct.[7]

In May 2025, the plaintiffs proposed a cap of twenty-five depositions per side, coupled with limits on in-person depositions to reduce costs.[8] In August 2025, USF agreed to a twenty-five-deposition limit.[9] On February 26, 2026, the defendants asked to raise the limit (for their side only). The parties met and conferred twice and exchanged correspondence, but they reached an impasse and filed this joint letter brief.[10]

---

[4] *Id.* at 4–5.

[5] *Id.* at 6.

[6] *Id.* at 2.

[7] *Id.* The plaintiffs designated the responses as confidential, and the defendants did not attach them but offered to lodge them pursuant to the protective order. *Id.* at 2 n.1.

[8] *Id.* at 4; von Klemperer Decl. – ECF No. 453-1 at 2–3 (¶¶ 2–4).

[9] Disc. Letter Br. – ECF No. 453 at 4; von Klemperer Decl. – ECF No. 453-1 at 4 (¶ 5).

[10] Disc. Letter Br. – ECF No. 453 at 1, 4; von Klemperer Decl. – ECF No. 453-1 at 4–5 (¶¶ 7–8).

ORDER – No. 22-cv-01559-LB                    2

The defendants have deposed three nonparties so far (the mothers of Does 1 and 3 and the father of Doe 2) and contend that those depositions yielded critical information on, among other things, the plaintiffs' claims that USF was deliberately indifferent to the alleged misconduct.[11] They want to depose other parents of the Does (many cited in the complaint), a select number of the plaintiffs' medical-treatment providers, and other nonparty percipient witnesses.[12] The plaintiffs respond that the defendants have not identified the additional deponents by name, the plaintiffs are providing HIPAA authorizations giving the defendants access to contemporaneous medical records, and counsel and witnesses are dispersed nationwide, making in-person depositions costly (citing the costs of full-day transcripts that typically exceed $3,000).[13] The plaintiffs have deposed eleven current or former USF employees and have fourteen depositions remaining under the current limit.[14]

## LEGAL STANDARDS

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

The court may alter the limits in the federal rules on depositions under Rule 30. Fed. R. Civ. P. 26(b)(2)(A). A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2), if the parties have not stipulated to the deposition and the deposition would result in more than ten depositions by a party. Fed. R. Civ. P. 30(a)(2)(A)(i). A party seeking to exceed the limit for depositions must make a particularized showing of the need

---

[11] Disc. Letter Br. – ECF No. 453 at 3.

[12] *Id.* at 3 (citing complaint paragraphs 85, 180, 183, 217–19, 250, 281, 297–98, 314–18, 404, 444, 585–86, 641, 699), 6.

[13] *Id.* at 4–5; von Klemperer Decl. – ECF No. 453-1 at 5 (¶¶ 10–11).

[14] Disc. Letter Br. – ECF No. 453 at 6.

ORDER – No. 22-cv-01559-LB                    3

for the additional depositions. *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). "To that end, courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)." *Id.*

## ANALYSIS

### 1. The Dispute Is Ripe for Decision

The plaintiffs do not dispute that the issue is ripe for resolution.[15] While sometimes courts require a party to exhaust the depositions it is permitted before seeking more, courts depart from this when there are multiple plaintiffs and defendants and the case's complexity warrants more depositions. *See Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151 JW (PVT), 2007 WL 3306496, at *5–6 (N.D. Cal. Nov. 6, 2007). That is this case: nineteen plaintiffs, three defendants, and many nonparty witnesses.[16] Requiring the defendants to exhaust their remaining depositions and then ask for more would delay discovery and the case without any offsetting benefit.

### 2. The Defendants Have Made the Required Particularized Showing

Deposing the nineteen plaintiffs (depositions that no one disputes are appropriate) consumes nineteen of the twenty-five available depositions, leaving six for every other witness bearing on nineteen sets of distinct allegations. That distinguishes this case from the ordinary two-sided dispute. The complaint identifies reports that the parents made to USF, which bear on whether USF had actual notice. The three parent depositions taken so far allegedly yielded relevant, non-duplicative testimony. The plaintiffs identified their treating providers, who have relevant information about damages. There are multiple percipient witnesses.[17]

---

[15] *Id.* (noting the plaintiffs' non-opposition).

[16] *Id.* at 3, 6.

[17] *Id.* at 2, 6.

United States District Court
Northern District of California

The plaintiffs contend that the defendants have not named specific deponents and made only generic references to parents, other percipient witnesses, and doctors.[18] The Federal Rules do not require parties to name the additional deponents. The issue is whether the moving party provides "information that would allow the Court to weigh the benefits and burdens of additional depositions." *Thykkuttathil v. Keese*, 294 F.R.D. 597, 600–01 (W.D. Wash. 2013). One way to do so is to name the deponents. *Id.* The defendants have identified categories of deponents (parents, medical providers, and percipient witnesses). That is enough in the context of this case.

The plaintiffs also contend that providing HIPAA authorizations (to allow the defendants access to their contemporaneous medical records) makes the depositions duplicative (though they offered a compromise of thirty depositions each).[19] Medical records might limit the scope or length of depositions but are not a substitute for medical testimony relevant to causation and harm.

The remaining Rule 26(b)(1) factors favor the defendants. The amount in controversy is large, the issues (an institution's response to reported sexual misconduct) are important, and the marginal burden is limited because the defendants have committed to taking the ten additional depositions remotely.[20] Thirty-five depositions are fewer than two per plaintiff. The court grants leave to take up to thirty-five depositions.

As the defendants propose, the additional ten depositions will be conducted remotely.[21] The plaintiffs proposed a cap of twenty in-person depositions to contain costs: counsel are in Washington, D.C., Chicago, New York, and Los Angeles, witnesses are spread nationwide, and every in-person deposition so far has required cross-country travel.[22] The remote depositions address these concerns sufficiently. The court trusts that the parties will conduct other depositions remotely if appropriate (given the utility of the deposition platform available to them).[23]

---

[18] *Id.* at 4.

[19] *Id.* at 4–5.

[20] *Id.* at 6.

[21] *Id.*

[22] *Id.* at 5; von Klemperer Decl. – ECF No. 453-1 at 5 (¶ 11).

[23] Disc. Letter Br. – ECF No. 453 at 5; von Klemperer Decl. – ECF No. 453-1 at 5 (¶ 9) & Veritext Pamphlet, Ex. B to *id.*

ORDER – No. 22-cv-01559-LB                     5

**3.  The Court Denies Without Prejudice the Plaintiffs' Request for a Matching Increase**

The plaintiffs ask that any increase in depositions be mutual.[24] The request is denied without prejudice to the plaintiffs' making a particularized showing of need.

Additional depositions require a party's making a particularized showing of need. *Authentec*, 2008 WL 5120767, at *1. The plaintiffs have taken eleven depositions and have fourteen remaining. They are positioned differently than the defendants, who seek only to depose a reasonable number of witnesses beyond the nineteen plaintiffs.

**CONCLUSION**

The court grants the defendants' request for up to thirty-five depositions. The additional ten depositions must be taken remotely absent stipulation of the parties or further order of the court. The plaintiffs' request for a reciprocal number of depositions is denied without prejudice to their making a particularized showing of need.

This resolves ECF No. 453.

**IT IS SO ORDERED.**

Dated: July 7, 2026

LAUREL BEELER
United States Magistrate Judge

[24] Disc. Letter Br. – ECF No. 453 at 5.

United States District Court
Northern District of California