UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOHN DOE 1, et al., | Case No. 22-cv-01559-LB |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER** |
| | Re: ECF No. 464 |
| UNIVERSITY OF SAN FRANCISCO, et al., | |
| Defendants. | |

### INTRODUCTION AND STATEMENT

The plaintiffs — nineteen former members of the University of San Francisco's baseball team — claim principally that two baseball coaches abused them and that USF's response violated Title IX. The current dispute concerns Workday, USF's central electronic repository of personnel records. The plaintiffs learned of it during their December 2025 deposition of USF's Rule 30(b)(6) designee. In their request for production (RFP) No. 4, the plaintiffs sought personnel files for the coach defendants, Brenda Giarratano, and Joan McDermot. In RFP No. 18, they sought records of all disciplinary action taken against coaches or Athletic Department personnel for failure to adhere to codes of conduct or Title IX. In RFP No. 46, they sought documents "reflecting an Athletic Program head, associate, or assistant coach's involvement in any investigation . . . performed following receipt of a Title IX complaint" or a complaint of sexual misconduct. For the coach

ORDER – No. 22-cv-01559-LB

United States District Court
Northern District of California

defendants, the RFP is for records for their entire employment, and for the other employees, 1999–2000 and 2007–2022, timelines that the court previously deemed relevant for the lawsuit.[1]

USF responds that it has produced virtually all relevant personnel material for the coach defendants, offers to search Workday for the four individuals named in RFP No. 4, and objects to the discovery of unidentified employees as never requested, irrelevant, and disproportionately burdensome, in part because the records are searchable only by employee.[2]

The court can decide the dispute without oral argument. Civil L.R. 7-1(b). First, the court grants the motion as to RFP No. 4: USF must search Workday and produce the four requested personnel files (hiring and promotion records, performance evaluations, complaints, disciplinary records, and misconduct-investigation materials) for the coach defendants (for their full USF employment) and for Brenda Giarratano and Joan McDermott (for 1999–2000 and 2007–2022). Second, the court grants the motion as to RFP Nos. 18 and 46: USF has not supported its burden objection, and the discovery is relevant. Third, the court denies the motion without prejudice as to the personnel files of the other individuals because the plaintiffs served no Rule 34 request for them.

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

---

[1] Disc. Letter Br. – ECF No. 463-3 at 2–3, 6; *see, e.g.*, Order – ECF No. 439 at 6–7. Citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 463-3 at 4–5.

## ANALYSIS

### 1. Personnel Files of Coach Defendants, Giarratano, and McDermott (RFP No. 4): Granted

USF does not dispute that, in response to RFP No. 4, it should produce the personnel files of the coach defendants, Brenda Giarratano, and Joan McDermott (but not administrative records like benefits, tax, payroll, and medical records).[3] It must do so: for the coach defendants (for their full USF employment), and for Brenda Giarratano and Joan McDermott (for the case's relevant period, 1999–2000 and 2007–2022, consistent with the court's earlier order).[4]

### 2. Workday Records Responsive to RFP Nos. 18 and 46: Granted

The issue is whether USF must search Workday for records responsive to RFP Nos. 18 and 46: disciplinary records and Title IX and sexual-misconduct investigation records concerning coaches and Athletic Department personnel. It must.

USF's threshold objection — that the plaintiffs never requested these documents — fails. RFP No. 18 asks for records of disciplinary action against coaches or Athletic Department personnel for failure to adhere to codes of conduct or Title IX, and RFP No. 46 asks for documents reflecting a coach's involvement in Title IX or sexual-misconduct investigations.[5] USF's Rule 30(b)(6) designee testified that Workday houses these materials: complaints, disciplinary records, and the findings of Human Resources investigations into sexual-misconduct complaints.[6] A Rule 34 request defines a category of documents, not a repository. The responding party must search the sources likely to contain responsive documents, and it cannot avoid production because the requesting party did not name a system that the responding party never disclosed. *Albert v. Lab'y Corp. of Am.*, 536 F. Supp. 3d 798, 800–01 (W.D. Wash. 2020). *Bermudez* does not help USF here: the plaintiffs served requests that cover these records, and the dispute is about where USF must look, not whether a request exists. *Bermudez v. Duenas*, 936 F.2d 1064, 1068 (9th Cir. 1991).

---

[3] *Id.* at 2, 6.

[4] Order – ECF No. 439.

[5] Moldovan Decl. – ECF No. 464-1 at 2–3 (¶¶ 4, 6).

[6] Gary Dep., Ex. B to *id.* – ECF No. 464-3 at 2 (106:7–9), 3–4 (324:1–326:24).

USF's proportionality objection fails too. It describes a laborious manual process (Workday cannot run text searches or bulk exports), but it does not quantify the time, cost, or personnel required for the collection, as the court's earlier order requires.[7] The requested categories are discrete (discipline and misconduct-investigation records, not complete files), which narrows the universe considerably. No previously searched source allegedly contains the records Workday houses, and custodial document collections do not collect the contents of a human-resources system.[8] This undermines USF's argument that the discovery is duplicative. The court therefore grants the motion as to RFP Nos. 18 and 46: USF must search Workday and produce nonprivileged responsive records for the relevant period, 1999–2000 and 2007–2022. If the review proves genuinely onerous in practice, USF may — after meeting and conferring — make a specific, quantified proportionality showing and propose sampling, phasing, or another sensible limit.

### 3. Personnel Files That No Served Request Names: Denied Without Prejudice

The plaintiffs also seek the complete personnel files — hiring, promotion, evaluations, and the like — of all other baseball coaches, all athletic and associate athletic directors, all men's soccer, women's basketball, and women's volleyball coaches, and all Title IX office personnel. No served request asks for those files. RFP No. 4 names four individuals. RFP Nos. 18 and 46 reach disciplinary and investigation records (and the order above requires their production, but not hiring records or performance evaluations for dozens of non-parties). The plaintiffs implicitly concede the point: their reply proposes to serve a new RFP for the Title IX office personnel files.[9]

The court denies the plaintiffs' motion on this part without prejudice.

---

[7] Disc. Letter Br. – ECF No. 463 at 5; Order – ECF No. 439 at 6.

[8] Disc. Letter Br. – ECF No. 463 at 2, 5.

[9] *Id.* at 6.

ORDER – No. 22-cv-01559-LB                4

**CONCLUSION**

The timeline for production is forty-five days. This resolves ECF No. 463.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
LAUREL BEELER
United States Magistrate Judge