United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JOHN DOE 1, et al.,

Plaintiffs,

v.

UNIVERSITY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 22-cv-01559-LB

**ORDER DENYING DEFENDANTS' JOINT MOTION FOR SANCTIONS**

Re: ECF No. 516

**INTRODUCTION**

In this Title IX case, nineteen former USF baseball players claim that their baseball coaches subjected them to sexualized misconduct and that USF and the coaches are responsible.[1] Discovery has been extensive.[2]

The defendants move for sanctions against certain plaintiffs under Fed. R. Civ. P. 37(d)(1)(A)(ii) and the court's inherent authority based on (1) false interrogatory responses by some Doe plaintiffs (Does 1, 2, 3, 11, 15, 16, and 17) mispresenting hearsay as personal observations, single incidents as patterns, and one coach's conduct as both coaches' conduct (with the alleged falseness revealed by deposition testimony); and (2) improper coaching of Does 11, 16,

[1] Fourth Am. Compl. – ECF No. 532. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents and, for depositions, also to the deposition page numbers.

[2] *See* Dkt.

and 17 during breaks in their deposition, resulting in changed, damaging answers.[3] The defendants ask the court to find that the plaintiffs were untruthful and to instruct the jury — based on Ninth Circuit Model Civil Jury Instruction 1.14 — that it "may accordingly choose not to believe anything they have said or will say at trial." The defendants seek their fees for the motion.[4]

The plaintiffs oppose the motion, contending that the full record supports the conclusion that the interrogatory responses do not contradict later deposition testimony. They assert that in any event there was no Rule 37 violation because they served their responses, and there was no coaching. They also request their fees.[5]

The court denies the defendants' motion and both parties' requests for fees. First, Rule 37(d) authorizes sanctions for failing to serve discovery responses, and the plaintiffs served responses. Second, the record does not support a finding of the bad faith needed for sanctions. The discrepancies in the interrogatory responses and deposition testimony (some more troubling than others) are impeachment at trial. The jury instructions are better addressed through motions in limine at the pretrial conference and at trial, based on the trial evidence.

**STATEMENT**

The disputed interrogatory responses (Does 1, 2, 3, 11, 15, 16, and 17) are in three categories.

First, USF's first set of interrogatories asked each plaintiff to state all facts about occasions where he (1) "suffered (or [was] subjected to)" alleged misconduct or (2) "complained of or reported an incident" involving coaches Giarratano and Nakamura.[6]

Second, USF's second set of interrogatories asked Does 1, 2, 3, and 11 to identify facts or omissions related to "cover ups" referenced in the plaintiffs' opposition to the defendants' earlier

---

[3] Mot – ECF No. 515-3 at 7–10.

[4] *Id.* at 10.

[5] Opp'n – ECF No. 537-2 at 6–10, 30.

[6] USF Interrogs., Defs.' Exs. 13, 25 – ECF No. 515-18 at 3 & 515-30 at 3; Opp'n – ECF No. 537-2 at 23–24.

United States District Court
Northern District of California

motions to dismiss.[7] The responses were largely identical, stating that the responses were known to the plaintiffs collectively and should not be construed to imply personal knowledge by any plaintiff.[8]

Third, coach Giarratano's interrogatories asked the plaintiffs to identify acts they personally witnessed. Does 1 and 15 answered with acts that the plaintiffs witnessed personally or experienced.[9]

The court can decide the motion without oral argument. Civil L.R. 7-1(b).

**ANALYSIS**

First, discovery sanctions under Rule 37 do not apply to parties who serve answers to interrogatories, even if incomplete, evasive, or false. *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995) (per curiam); *Fjelstad v. Am. Honda Motor Co*., 762 F.2d 1334, 1339–40 (9th Cir. 1985). The court's standing order is meant to resolve issues like this, short of a formal motion.[10]

Second, the record does not support a finding of bad faith. The court evaluated the alleged contradictions. They turned on contested terms or characterizations that do not amount to bad faith warranting sanctions.

For example, Doe 16 responded that the coach defendants "forced [him] to renounce his guaranteed four-year scholarship."[11] During his deposition, Doe 16 acknowledged that four-year scholarships are guaranteed at USF, even if a player stops playing on the team, and he conceded

---

[7] *See* USF's Second Set of Special Interrogs., Ex. KK to von Klemperer Decl. – ECF No. 538-38 at 3, 5; Mot. – ECF No. 515-3 at 22–25.

[8] Pls.' Resps., Exs. LL, RR to von Klemperer Decl. – ECF No. 538-39 at 3, ECF No. 538-45 at 4; Pls.' Opp'n to Mot. to Dismiss – ECF No. 114.

[9] Doe 1 Resps., Defs.' Ex. 26 – ECF No. 515-31 at 3–9; Doe 15 Resps., Defs.' Ex. 8 – ECF No. 515-13 at 7–17; Mot. – ECF No. 515-3 at 11–14, 21; Opp'n – ECF No. 537-2 at 24–26.

[10] Standing Order – ECF No. 394.

[11] Doe 16 Resps., Defs.' Ex. 14 – ECF No. 515-19 at 6.

that he could have remained at USF on scholarship. Doe 16 also testified that "no part of it felt like staying was an option."[12] "Forced" is a characterization that the jury must weigh.

Another example is Doe 17's response that Giarratano "would hurl balls at Plaintiff's genitalia during batting practice" and "grabbed Plaintiff by the neck, squeezing him tightly, and threw him violently to the ground."[13] Doe 17 testified at his deposition that in a batting-cage session, Giarratano "soft toss[ed]" a ball that struck his genitals and that Giarratano "put his hands on the back of my neck, and he kind of shoved me and pushed me," but never grabbed the front of his neck.[14] The relevance of these discrepancies — the "[u]sual discrepancies of litigation" — are best addressed through impeachment at trial. *Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, No. 06-CV-01848-H (POR), 2009 WL 10671730, at *3 (S.D. Cal. Jan. 23, 2009).

Other disputes over "witnessed," "sexual misconduct," and "toxic culture" are lay-witness accounts that are better addressed as credibility calls through impeachment.[15] This testimony does not amount to factual inconsistency supporting a judicial determination of falsity before trial.

Unlike the facts in the cases that the defendants cite, these are not demonstrably false statements.[16] *E.g.*, *Englebrick v. Worthington Indus., Inc.*, 944 F. Supp. 2d 899, 901 (C.D. Cal. 2013) (plaintiffs admitted that deposition testimony about their history of meth use was false); *ConsumerDirect, Inc. v. Pentius, LLC*, No. 8:21-cv-01968-JVS (ADS), 2023 WL 8876198, at *9 (C.D. Cal. Sep. 21, 2023) (plaintiff lied about existence of an amendment in sworn declarations and depositions); *Sunrider Corp. v. Bountiful Biotech Corp.*, No. SACV 08–1339 DOC (AJWx),

---

[12] Doe 16 Tr., Defs.' Ex. 15 – ECF No. 515-20 at 3 (pp. 69:7–13), 8–9 (pp. 146:20–147:7), 19 (pp. 402:4–17); Mot. – ECF No. 515-3 at 17; Opp'n – ECF No. 537-2 at 21.

[13] Doe 17 Resps., Defs.' Ex. 10 – ECF No. 515-15 at 3–19.

[14] Doe 17 Tr., Defs.' Ex. 11 – ECF No. 515-16 at 6 (pp. 172:7–10), 7 (pp. 246:16–18), 8 (pp. 254:21), 16–17 (pp. 297:18–298:3), 19–20 (pp. 307:16–308:14); Mot. – ECF No. 515-3 at 22 n.6; Opp'n – ECF No. 537-2 at 20; Reply – ECF No. 548 at 8–9.

[15] Doe 15 Tr., Defs.' Ex. 9 – ECF No. 515-14 at 7–8 (pp. 270:21– 271:3); 10–11 (pp. 277:25–278:19); Doe 15 Chart, Ex. C to von Klemperer Decl. – ECF No. 538-4 at 1-2; Doe 15 Resps., Defs.' Ex. 7 – ECF No. 515-12 at 2–6; Doe 16 Chart, Ex. E to von Klemperer Decl. – ECF No. 538-6 at 8; Doe 16 Tr., Ex. BBB to *id.* – ECF No. 528-55 at 9–10 (pp. 120:3-121:9); Mot. – ECF No. 515-3 at 12; Opp'n – ECF No. 537-2 at 21–22, 28.

[16] Opp'n – ECF No. 537-2 at 28–30 (collecting cases).

2010 WL 4590766, at *3 (C.D. Cal. Oct. 8, 2010) (plaintiffs' evidence "credibly and unambiguously" contradicted the defendant's statements regarding his ownership interest); *Combs v. Rockwell Int'l Corp.*, 927 F.2d 486, 488 (9th Cir. 1991) (plaintiff lied about personally reviewing and altering deposition transcripts where counsel made revisions).

Third, the defendants challenge verified responses to interrogatories that describe repeated conduct, even when there was one incident, no personal recollection, and conduct by only one coach, not both.[17] The defendants provide examples.

For example, Doe 15 said that Nakamura's "inappropriate sexual remarks" in front of players were "so frequent" he could not recall who heard the comments or when exactly they occurred. But in his deposition, when asked about the inappropriate remarks he had heard from Nakamura on the baseball field, Doe 15 testified, "None that I can recall."[18] Doe 15's verified response was that "Giarratano regularly overheard such remarks [by Nakamura] and laughed." The point is that by his own admission, Doe 15 overheard only one remark from Nakamura, so he necessarily could not have personal knowledge that Giarratano "regularly" overheard and laughed at any of Nakamura's comments.[19]

Another example is Doe 11's response that "Coach G routinely joined John Doe 11 and the other players when they showered" (but later recalled only one such occasion), and his response that the coach defendants collectively engaged in "continuous sexualized conduct," retaliation, and verbal abuse against him." Later, he could not recall Nakamura engaging in any such conduct.[20] Doe 3 responded that the coach defendants "constantly verbally abus[ed] him," but then testified

[17] Mot. – ECF No. 515-3 at 12–14, 17–18, 29.

[18] Doe 15 Tr., Defs.' Ex. 9 – ECF No. 515-14 at 8 (pp. 271:10–13), 12 (pp. 282:7–22); Mot. – ECF No. 515-3 at 12–13.

[19] Mot. – ECF No. 515-3 at 13–14. *But see* Opp'n – ECF No. 537-2 at 22 (defendants did not question Doe 15 about this at his deposition).

[20] Doe 11 Resps., Defs.' Ex. 16 – ECF No. 515-21 at 3; Doe 11 Tr., Defs.' Ex. 17 – ECF No. 515-20 at 6–7 (pp. 103:17–104:20), 8 (pp. 108:4–11), 9–10 (pp. 138:9–139:17), 13 (pp. 157:6–11); Mot. – ECF No. 515-3 at 22 n.6; Reply – ECF No. 548 at 11–12. *But see* Opp'n – ECF No. 537-2 at 23 (evidence that Giarratano routinely showered with players).

United States District Court
Northern District of California

that Nakamura was "harsh," not abusive, and never threatened or touched him.[21] Doe 16 responded that the alleged "café" exercises were "so common" he could not remember the exact dates they took place. In his deposition, he recalled only one incident and stated that Giarratano "was regularly present and laughed at Nakamura's inappropriate comments." Later he recalled that "G has laughed at things that are out of line."[22] And Doe 1's supplemental responses to Giarratano's interrogatories (which asked only for what Doe 1 "personally witnessed") stated that the alleged sexualized skits started in September 2020 and "continu[ed] at least several times per week at practice throughout the Fall 2020, Spring 2021, and Fall 2021 semesters." At his deposition, Doe 1 testified that during his first year (fall 2020/spring 2021), he had heard about the skits from teammates, and he could remember only two skits "well."[23]

There are discrepancies between the plaintiffs' deposition testimony and their verified interrogatory responses.[24] These differences are fair impeachment but not (on this record) willful deception. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Arguably, some interrogatories invited responses beyond the plaintiffs' personal knowledge. An example is USF's definition of "YOU" as the plaintiff and his attorneys, agents, and family, and its request for "all facts" bearing on the requests. "DEFENDANT COACHES" was defined in the interrogatories as both coach defendants.[25] The record as a whole — USF's investigative findings and other witnesses' testimony — supports the plaintiffs' view that the alleged misconduct was recurring in

---

[21] Doe 3 Tr., Defs.' Ex. 19 – ECF No. 515-24 at 4–5 (pp. 136:3–137:11).

[22] Doe 16 Tr., Defs.' Ex. 15 – ECF No. 515-20 at 16 (pp. 274:6–25), 12–13 (pp. 235:25–236:5); Doe 16 Tr., to von Klemperer Decl. – ECF No. 538-55 at 4 (pp. 91:9–18), 11 (pp. 136:3–6), 21–22 (pp. 268:1–6, 270:2–17), 26 (pp. 327:6–11); Mot. – ECF No. 515-3 at 17, 22 n.6; Opp'n – ECF No. 537-2 at 21; Reply – ECF No. 548 at 10.

[23] Doe 1 Tr., Defs.' Ex. 27 – ECF No. 515-32 at 3–5 (pp. 108:23–110:8); Mot. – ECF No. 515-3 at 21–22; Doe 1 Tr., Ex. FFF to von Klemperer Decl. – ECF No. 538-59 at 5–6 (pp. 106:6–25, 108:7–22) (skits occurred "a couple times a week, at least," beginning his first year); Opp'n – ECF No. 537-2 at 24.

[24] Mot. – ECF No. 515-3 at 28; Reply – ECF No. 548 at 16.

[25] Opp'n – ECF No. 537-2 at 23–26, 28–29.

the baseball program.[26] The plaintiffs' responses concern events years in the past. The court does not find bad faith for these interrogatory responses meriting sanctions.

Fourth, there are other discrepancies.

Doe 3 said that he did not take drugs in his interrogatory response but testified more expansively at his deposition about having a "hit" the week before and his mother's coaching him about avoiding a positive drug test result.[27] Doe 17 had discrepancies between where the misconduct occurred (many places versus the baseball field).[28] Doe 11 explained in his deposition his reasons for seeing a therapist (which were not related to the baseball team).[29]

The discrepancies may be fair impeachment but do not warrant sanctions now.

Fifth, the defendants challenge the responses of Does 1, 2, 3, and 11 to the interrogatories related to the alleged cover-up of the coaches' conduct. Procedurally, the issue was not raised during the parties' conferences that preceded the current motion.[30] On the merits, the interrogatories request "ALL FACTS REFERRING or RELATING TO" the "cover ups" referenced in an opposition brief filed by fourteen Doe plaintiffs, and they defined "YOU" to include each individual plaintiff, each plaintiff's "attorneys, agents, consultants, parents, family members," and others.[31] Each answer stated that it "contains facts known to all Plaintiffs collectively" and that their verification "should not be construed to imply that Plaintiff has

---

[26] *Id.* at 7 (USF's internal investigation found that Nakamura "[a]dmitted to being naked in front of players on numerous occasions"), 14–16 (USF's other investigative findings; other witness' testimony).

[27] Doe 3 Resps., Defs.' Ex. 18 – ECF No. 515-23; Doe 3 Tr., Defs.' Ex. 19 – ECF No. 515-24 at 9–10 (pp. 252:14–253:16); Doe 3 Tr., Defs.' Ex. 20 – ECF No. 515-25 at 3–4 (pp. 58:18–59:13); Doe 3 Mother Tr., Defs.' Ex. 22 – ECF No. 515-27 at 3 (pp. 92:1–18); Defs.' Exs. 23–24 (PLS-USF-0058591; PLS-USF-0058639 at -0058643)); Reply – ECF No. 548 at 13.

[28] Doe 17 Resps., Defs.' Ex. 10 – ECF No. 516-14 at 4–5, 11, 16–17; Doe 17 Tr., Ex. AAA to von Klemperer Decl. – ECF No. 538-54 at 22–23 (pp. 287:5–8, 289:7–8, 289:6–8), 24 (pp. 291:5–9, 291:5–19).

[29] Doe 11 Resps., Defs.' Ex. 16 – ECF No. 515-21 at 3.

[30] Opp'n – ECF No. 537-2 at 16, 24; Reply – ECF No. 548 at 18.

[31] USF Interrogs., Ex. KK to von Klemperer Decl. – ECF No. 538-38 at 5; Pls.' Opp'n to Mot. to Dismiss – ECF No. 114.

United States District Court
Northern District of California

personal knowledge of all facts provided in this response."[32] The defendants accepted the responses for more than a year, probed the answers through deposition, obtained the plaintiffs' individual concessions, and can challenge them at trial. The interrogatories invited the composite answers, and the plaintiffs conceded the limits of their personal knowledge at their depositions.[33] Any challenges are (again) reserved for the pretrial process and for trial.

Sixth, the final issue is whether Doe plaintiffs changed their deposition testimony after coaching from their counsel during breaks.[34] For example, Doe 17 "reviewed things" during a deposition break, and counsel told him what questions she was going to ask. He admitted that "after the break and after speaking with your attorney, you changed your answer about toxic culture."[35] There are other examples of changed testimony by Does 16 and 11.[36] The parties dispute whether this was "ordinary deposition practice" or improper coaching.[37] The issues are better addressed at minimum after the close of fact discovery and likely are impeachment at trial.

## CONCLUSION

The defendants' motion for sanctions is denied without prejudice to addressing the issue at the pretrial conference. The parties' requests for fees are denied. This resolves ECF No. 516.

**IT IS SO ORDERED.**

Dated: August 5, 2026

LAUREL BEELER
United States Magistrate Judge

---

[32] *See* Doe 1 Resps., Ex. LL to von Klemperer Decl. – ECF No. 538-39 at 3; Opp'n – ECF No. 537-2 at 25–26 (quoting *id.*).

[33] Mot. – ECF No. 515-3 at 23–25 (citing deposition transcripts).

[34] *Id.* at 25–28; Opp'n – ECF No. 537-2 at 25–28; Reply – ECF No. 548 at 9–12, 17.

[35] Doe 17 Tr., Ex. AAA to von Klemperer Decl. – ECF No. 538-54 at 47–49 (pp. 374:22–375:14, 376:10–13); Mot. – ECF No. 515-3 at 25–26.

[36] Doe 16 Tr., Ex. BBB to von Klemperer Decl. – ECF No. 538-55 at 8–9 (pp. 116:4–10, 120:9–20), 12–14 (pp. 143:8–145:1), 18 (pp. 210:14–17), 27 (pp. 400:13–23), 28–30 (pp. 402:18–404:23), 31 (pp. 405:6–14); Comparison Chart, Defs.' Ex. 6 – ECF No. 515-11 at 4; Doe 11 Tr., Ex. CCC to von Klemperer Decl. – ECF No. 538-56 at 19 (pp. 198:10–18), 21–23 (pp. 275:25–277:16); Mot. – ECF No. 515-3 at 26–28.

[37] Opp'n – ECF No. 537-2 at 26.