United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JOHN DOE 1, et al.,

Plaintiffs,

v.

UNIVERSITY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 22-cv-01559-LB

**DISCOVERY ORDER**

Re: ECF No. 557

**INTRODUCTION**

The plaintiffs — nineteen former members of the University of San Francisco's baseball team — claim principally that two baseball coaches abused them and that USF's response violated Title IX.[1] The current dispute concerns the plaintiffs' deadline to serve contention interrogatories and requests for admission on defendants Nino Giarratano and Troy Nakamura (the Coach Defendants). The plaintiffs seek a sixty-day extension of the current September 1, 2026, deadline.[2] Defendant University of San Francisco has already stipulated to the extension, in exchange for the plaintiffs' agreement to

[1] Fourth Am. Compl. – ECF No. 532. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 557 at 2.

United States District Court
Northern District of California

treat its late answer to the Fourth Amended Complaint as timely.[3] The Coach Defendants — who also filed their answers late (or not at all) — refused to stipulate and oppose the extension request.[4]

The plaintiffs argue that the sixty-day extension is warranted because (1) they could not begin formulating contention discovery until the defendants filed their answers to the Fourth Amended Complaint; (2) the defendants' document productions remain ongoing, despite the court-ordered May 1, 2026, production deadline; (3) they have not deposed the Coach Defendants; and (4) the factual record is not yet fully developed.[5]

In response, Mr. Giarratano contends that an extension of "unlimited" written discovery would be unduly burdensome for his two-lawyer defense team and that the plaintiffs' own scheduling choices (like waiting to depose him until the last month of discovery) do not justify their request. In the alternative, Mr. Giarratano proposes that any extension of written discovery come with a cap: no more than ten contention interrogatories and ten requests for admission from all plaintiffs, with each tied to new facts elicited during his deposition.[6] Mr. Nakamura joins Mr. Giarratano's position and suggests that any new written discovery be limited to the claims of Does 15 through 19, who were recently added as plaintiffs.[7] The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

The plaintiffs' request for a sixty-day extension is granted. There is good cause for the extension: end-of-case discovery is only effective when served on a near-complete record, and the close of fact discovery is not here yet. The service deadline for the plaintiffs' contention interrogatories and requests for admission is therefore extended from September 1, 2026, to Monday, November 2, 2026.

---

[3] Stip. – ECF No. 555; Moldovan Decl. – ECF No. 557-1 at 2 (¶ 5–6).

[4] Disc. Letter Br. – ECF No. 557 at 2; Moldovan Decl. – ECF No. 557-1 at 2 (¶ 4, 7–8). The defendants' answers were due by July 21, 2026. Disc. Letter Br. – ECF No. 557 at 2. Mr. Giarratano filed his answer on July 24, 2026. Answer – ECF No. 552. Mr. Nakamura has not filed his answer; he represents that he will file it by August 5, 2026. Disc. Letter Br. – ECF No. 557 at 6 & n.1. The parties have not briefed the issue of the late answers.

[5] Disc. Letter Br. – ECF No. 557 at 2.

[6] *Id.* at 4–5.

[7] *Id.* at 6; Fourth Am. Compl. – ECF No. 532 (adding Does 15–19).

## LEGAL STANDARD

A case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The primary inquiry is diligence: the court may modify a case deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (cleaned up). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* The court may extend a case deadline where, as here, the extension request is made before the deadline has expired. Fed. R. Civ. P. 6(b)(1)(A).

Contention interrogatories are governed primarily by Rule 33(a)(2), which provides that the court "may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). "The purpose of contention interrogatories is to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa County*, 2014 WL 7206849, at *3 (N.D. Cal. Dec. 18, 2014) (cleaned up). "Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken" and prefer them when "discovery almost is complete." *In re eBay Seller Antitrust Litig.*, No. C07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008).

## ANALYSIS

Good cause supports the plaintiffs' request for a sixty-day extension. The plaintiffs cannot reasonably serve effective contention discovery by the September 1, 2026, deadline, and not for a lack of diligence. The defendants answered the operative complaint late (Mr. Nakamura has not answered at all), document productions remain ongoing (months after the court's May 1, 2026, production deadline), and neither of the Coach Defendants have been deposed (Mr. Nakamura has not offered any

United States District Court
Northern District of California

dates).[8] That the Coach Defendants have stipulated to a sixty-day extension of the deposition deadline is itself dispositive of the issue: contention discovery is reserved for the end of discovery, *In re eBay*, 2008 WL 5212170, at *1, and the factual record will not be set until all depositions have taken place.[9] Holding the plaintiffs to the current September 1, 2026, deadline would artificially constrain their ability to conduct close-of-fact discovery and run counter to this district's preference for contention discovery on an "almost complete" record. *Id.*

The Coach Defendants' arguments about diligence do not change this result. That this case has been active since 2022 is irrelevant to the current dispute: the plaintiffs' request concerns close-of-fact discovery, which they cannot serve until the factual record is almost crystallized.[10] Mr. Giarratano's "hundreds of pages of detailed interrogatory responses" are not the same as contention discovery, which is intended to "narrow the issues that will be addressed at trial" and "enable the propounding party to determine the proof required to rebut the respondent's positions" — a function the discovery cannot serve until the record is nearly set. *Retiree Support Grp.*, 2014 WL 7206849, at *3. Both parties share in the fault for Mr. Giarratano's deposition not yet being scheduled; the record shows that both sides contributed to the delay, with Mr. Giarratano taking weeks to offer dates and the plaintiffs pushing for later dates.[11] Mr. Nakamura's opposition to the extension also does not defeat good cause: he has yet to file his answer and he has not offered any dates for his deposition despite the plaintiffs' requests.[12] His representation that he will not be "situated" until September proves that the plaintiffs would not be able to serve informed contention discovery by the current September 1, 2026, deadline.[13]

---

[8] Disc. Letter Br. – ECF No. 557 at 2–3, 6 n.1, 7. Mr. Nakamura represents that he is in the process of moving states and "should be situated in September." *Id.* at 6.

[9] *Id.* at 4.

[10] *Id.* at 5.

[11] *Id.* at 4; Moldovan Decl. – ECF No. 557-1 at 2–3 (¶¶ 9–11).

[12] Disc. Letter Br. – ECF No. 557 at 6.

[13] *Id.*

United States District Court
Northern District of California

This record does not show that the plaintiffs have failed to act diligently, nor does it reflect meaningful prejudice to the defendants. A sixty-day extension of a service deadline reopens nothing and adds no new categories of discovery.

The plaintiffs' request for a sixty-day extension is granted for good cause. The deadline to serve contention interrogatories and requests for admission on the Coach Defendants is extended to November 2, 2026.[14]

The only outstanding question is the scope of the contention discovery. The defendants propose different limitations on the discovery, but the court finds their proposals unnecessary at this time. The plaintiffs' discovery requests remain subject to Rule 26(b)(1)'s proportionality limits, and Rule 33(a)(1)'s numerical limitations still apply: contention interrogatories count against each plaintiff's remaining interrogatories, and the plaintiffs cannot serve more than twenty-five interrogatories total without seeking leave from the court. If the plaintiffs' requests are disproportionate, either in number or in content, the Coach Defendants may promptly raise the issue with the court after the requests are served.

## CONCLUSION

The plaintiffs' request for a sixty-day extension of the deadline to serve contention interrogatories and requests for admission on the Coach Defendants is granted. The deadline is extended from September 1, 2026, to Monday, November 2, 2026. Rule 26(b)(1) and Rule 33(a)(1) govern the scope of this discovery. The Coach Defendants may raise any concerns about disproportionate requests with the court after they are served. This resolves ECF No. 557.

**IT IS SO ORDERED.**

Dated: August 5, 2026

LAUREL BEELER
United States Magistrate Judge

[14] Sixty days from September 1, 2026, is Saturday, October 31. The new deadline is therefore Monday, November 2, 2026. Fed. R. Civ. P. 6(a)(1).