United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JOHN DOE 1, et al.,

Plaintiffs,

v.

UNIVERSITY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 22-cv-01559-LB

**DISCOVERY BRIEF**

Re: ECF No. 547

**INTRODUCTION**

The plaintiffs — nineteen former members of the University of San Francisco's baseball team — claim principally that two baseball coaches abused them and that USF's response violated Title IX.[1] The plaintiffs move to compel USF to submit verified and complete responses to John Doe 4's Interrogatories Nos. 5 and 6, which concern USF's manual searches and collections of hard copy and non-custodial documents.[2] USF objected to the interrogatories and opposes the request. It argues that its responses are sufficient and that the information sought by the plaintiffs is not in its possession, is impermissible discovery on discovery, and is privileged.[3]

[1] Fourth Am. Compl. – ECF No. 532. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 547 at 2.

[3] *Id.* at 4.

The parties met and conferred on June 25, 2026, and exchanged further written correspondence afterwards. They were unable to resolve the dispute.[4] The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

The plaintiffs' motion to compel is granted in part and denied in part. The court's recent order — granting the plaintiffs' motion for sanctions in part after finding USF negligent for failing to collect former USF Athletic Director Joan McDermott's hard-copy notebooks — established a specific, identified deficiency in the exact category of discovery at issue (e.g., hard-copy documents).[5] Later deposition testimony from other witnesses provides reason to question whether the failure as to Ms. McDermott was an isolated incident or a pattern.[6] That showing justifies discovery into the facts underlying USF's manual search and collection efforts: the plaintiffs are entitled to facts about what sources were searched, where, by whom, when, with what limits, and with what results. To the extent that the interrogatories seek privileged information or attorney work product, the motion is denied; privileged communications between USF's counsel and custodians, as well as its counsel's deliberations, reasoning, and mental impressions related to its manual collection efforts, are protected from discovery.

Within fourteen days, USF must serve amended, verified answers to Interrogatories Nos. 5 and 6. If, after a reasonable and good faith inquiry, USF cannot reconstruct any items sought by the interrogatories, it must state so in a declaration that describes the inquiry conducted and the information it was unable to recover.

**STATEMENT**

During her deposition, former USF Athletic Director Joan McDermott testified that she had not been instructed to preserve hard-copy documents, that her hard-copy documents had not been collected, and that she had since destroyed her notebooks from the relevant time period.[7]

---

[4] *Id.* at 2–3.

[5] Order – ECF No. 540.

[6] Disc. Letter Br. – ECF No. 547 at 2.

[7] *Id.*; *see also* Order – ECF No. 540.

United States District Court
Northern District of California

Following this testimony, John Doe 4 served Interrogatories Nos. 5 and 6. Both concern USF's manual search and collection efforts for documents, including hard-copy documents and repositories that it "did not cull for review using search terms or TAR."[8]

Interrogatory No. 5 seeks identification of every individual from whom USF manually collected documents, and for each individual: (a) the categories of records searched; (b) the source and its location ("e.g., custodian X's office filing cabinet"); (c) who conducted or directed the search or collection (e.g., counsel or the custodian); (d) the manner of review and any filters applied; (e) the dates of the search or collection; and (f) whether responsive documents were located.[9]

Interrogatory No. 6 seeks the same information for every non-custodial source from which USF manually collected documents, "including: paper files, filing cabinets, storage boxes, or other physical repositories; and shared drives, network locations, cloud-based repositories or other electronic repositories."[10]

On June 15, 2026, USF timely served its objections and responses. It objected to the interrogatories on multiple grounds: as irrelevant, disproportionate, burdensome, impermissible "discovery on discovery," and seeking privileged information, among others.[11] Its substantive responses to both interrogatories are largely the same, stating that it collected responsive materials "from both custodial and non-custodial sources" and that its counsel "discussed responsive materials with custodians," "conferred with relevant USF personnel," and "determined whether" identified repositories contained responsive material.[12]

---

[8] Disc. Letter Br. – ECF No. 547 at 2; Moldovan Decl. – ECF No. 547-1 at 2–3 (¶¶ 2–3).

[9] Moldovan Decl. – ECF No. 547-1 at 3 (¶ 3).

[10] *Id.* at 3 (¶ 4).

[11] *Id.* at 4–8 (¶¶ 5–6).

[12] *Id.*

United States District Court
Northern District of California

On June 25, 2026, the parties met and conferred about USF's responses.[13] In a follow-up letter on July 2, 2026 letter, USF reaffirmed its objections to the interrogatories and represented that it would not supplement its responses.[14]

Two other sets of events bear on the present motion to compel.

First, after Ms. McDermott's testimony, two other deponents testified about USF's preservation and collection efforts. Former Athletic Director Scott Sidwell testified that he did not recall being instructed to preserve documents or whether his notes ever reached counsel, and Ryan Garcia (the architect of USF's misconduct complaint system) testified that he was never instructed to preserve documents.[15]

Second, the plaintiffs filed a motion for sanctions related to Ms. McDermott's testimony and spoliation.[16] On July 8, 2026, the court granted the motion in part, finding that USF was negligent because it failed to collect Ms. McDermott's hard-copy notebooks between the case's filing in March 2022 and her departure from USF in June 2022. USF collected the single responsive notebook that Ms. McDermott did not destroy only after the plaintiffs moved for sanctions.[17]

The plaintiffs argue that the information sought by Interrogatory Nos. 5 and 6 "would reveal whether McDermott's spoliation is an isolated event or symptomatic of a systemic failure to search for and preserve hard copy and non-custodial evidence." They contend that without complete, verified responses to the interrogatories, they cannot assess the "completeness of USF's production or the full scope of prejudice from USF's spoliation."[18]

USF responds that it should not be required to supplement its responses because (1) it does not possess the information the plaintiffs demand (the result of three law firms and its Office of General Counsel's handling document collection over more than four years), (2) the

---

[13] Disc. Letter Br. – ECF No. 547 at 2; Pls.' Letter, Ex. A to Moldovan Decl. – ECF No. 547-2 at 2–9; Defs.' Resp., Ex. B to *id.* – ECF No. 547-3 at 2–5.

[14] Ex. B to Moldovan Decl. – ECF No. 547-3 at 2.

[15] Moldovan Decl. – ECF No. 547-1 at 8–11 (¶¶ 7–8).

[16] Mot. – ECF No. 467.

[17] Order – ECF No. 540.

[18] Disc. Letter Br. – ECF No. 547 at 2.

United States District Court
Northern District of California

interrogatories are impermissible and disfavored discovery on discovery, (3) how its counsel directed and conducted document collection is privileged and work product, and (4) the ESI Protocol only requires a producing party to specify the "technique or techniques" it will use to search for responsive material, which USF did.[19]

**LEGAL STANDARDS**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). "Pretrial discovery is ordinarily accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (cleaned up) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Moreover, "[t]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401).

Discovery into another party's evidence preservation and collection efforts (so-called "discovery on discovery") is generally disfavored, but "such discovery may be warranted if the party requesting it demonstrates that there is a specific deficiency in the other party's production of documents or other information." *Taylor v. Google LLC*, No. 20-cv-07956-VKD, 2024 WL 4947270, at *2 (N.D. Cal. Dec. 3, 2024); *accord Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019). Where a specific deficiency has been shown, the discovery still must be

[19] *Id.* at 4–5.

proportional and otherwise comport with Rule 26(b)(1)'s requirements. Fed. R. Civ. P. 26(b)(1); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 331–32 (N.D. Cal. 1985).

The work-product doctrine protects an attorney's mental impressions, conclusions, opinions, and legal theories. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); Fed. R. Civ. P. 26(b)(3)(B). The doctrine does not extend to the facts underlying an attorney's investigation or collection efforts, including "specifically how [counsel] conducted [its] search, including any restrictions, limitations, or parameters placed upon that search[.]" *Apple, Inc. v. Wi-LAN, Inc.*, No. 14CV2235-DMS(BLM), 2019 WL 13162736, at *5 (S.D. Cal. Nov. 12, 2019). "[T]he steps a party takes to identify responsive documents" are not privileged "when those steps result in an evasion of discovery obligations." *Vasoli v. Yards Brewing Co., LLC*, No. CV 21-2066, 2021 WL 5045920, at *2 (E.D. Pa. Nov. 1, 2021).

**ANALYSIS**

The court need not reach the plaintiffs' threshold argument that the court-ordered ESI Protocol compels the disclosures they seek: the plaintiffs have met their burden of showing a specific deficiency in USF's production. The requested discovery is warranted. *Taylor*, 2024 WL 4947270, at *2.

The record reflects a specific deficiency in USF's manual collection of hard-copy documents. This court has already determined that USF was negligent for failing to collect Ms. McDermott's hard-copy notebooks, an archetype of the documents targeted by Interrogatories Nos. 5 and 6.[20] Mr. Sidwell testified that he "took a lot of notes" as Athletic Director and was never "asked . . . to look to see whether [he] had any documents from [his] time at USF in [his] office at [his] current job."[21] That USF has already produced all responsive materials for Mr. Sidwell is beside the point; Mr. Sidwell's testimony suggests a failure in USF's collections themselves.[22] Mr. Garcia testified that he was never asked to preserve documents for this litigation, and USF's confirmation that he

[20] Order – ECF No. 540.

[21] Disc. Letter Br. – ECF No. 547 at 6, Moldovan Decl. – ECF No. 547-1 at 8 (¶ 7).

[22] Disc. Letter Br. – ECF No. 547 at 5.

does not possess any responsive hard-copy documents underscores the problem: USF provided this confirmation the day before the current letter brief was filed, after Mr. Garcia's deposition had ended and four years into the case.[23] This record — an adjudicated finding that USF failed to collect documents, and sworn witness testimony suggesting that this single failure might be a pattern — is precisely the type of "specific deficiency" that warrants discovery on discovery. *Id.* The plaintiffs' requested discovery is justified.

Still, the requested discovery must be proportional; here, it is. Fed. R. Civ. P. 26(b)(1); *In re Convergent*, 108 F.R.D. at 331–32. The plaintiffs represent that they only seek "threshold facts" about USF's manual collections, "not a document-by-document log" of the fifty-eight thousand documents that USF has produced.[24] USF has no meaningful response: its vagueness objection is not credible where "manual collection" and "source" are explicitly defined in the interrogatories and are agreed-to terms from the ESI Protocol, and it offers no evidence quantifying burden.[25] And over the course of discovery, USF has demanded similar information from the plaintiffs, including that they identify every social-media platform collected and searched for each Doe, the limitations imposed on that search (e.g., whether it was limited to public, private, or archived posts), and the user names or handles associated with each account.[26] USF's response — that its request was "simple" — ignores the underlying principle.

USF argues that the information the plaintiffs seek is privileged or protected by the work-product doctrine.[27] But privilege and work product do not bar discovery of the facts underlying its search and collection efforts, e.g., "what USF collected, from whom, when, and by whom (custodian or counsel)."[28] *Apple*, 2019 WL 13162736, at *5. The underlying facts are what Interrogatories Nos. 5 and 6 target, and USF must provide them. USF cannot use privilege as both

[23] *Id.* at 6; Moldovan Decl. – ECF No. 547-1 at 11 (¶ 8).

[24] Disc. Letter Br. – ECF No. 547 at 3, Moldovan Decl. – ECF No. 547-1 at 2 (¶ 2).

[25] Disc. Letter Br. – ECF No. 547 at 3 (making this point).

[26] *Id.* at 3, 5; Moldovan Decl. – ECF No. 547-1 at 11–12 (¶¶ 9–13).

[27] Disc. Letter Br. – ECF No. 547 at 5.

[28] *Id.* at 3 (making this point).

United States District Court
Northern District of California

a sword and a shield by claiming it has "engaged in extensive discovery efforts" while asserting privilege over the specifics.[29] That said, nothing about this order compels USF to disclose its counsel's privileged communications with custodians or USF personnel, or its counsel's protected deliberations, reasoning, and mental impressions related to its manual search and collection process. *Hickman*, 329 U.S. at 510–11.

The court recognizes USF's point that this litigation is years in the making, with three separate law firms and its Office of General Counsel involved in the investigation and collection of documents.[30] But USF's wholesale argument that it "does not possess" the information requested and "cannot reconstruct" its exact collection process does not excuse its obligation to produce the information that is reasonably available to it.[31] Fed. R. Civ. P. 33(b)(1)(B) (a corporation "must furnish the information available" to it when answering interrogatories). Thus, USF must conduct a reasonable and good faith inquiry into the information sought through Interrogatories Nos. 5 and 6. If USF is unable to identify a particular item sought by an interrogatory, it must submit a declaration that says so and explains the inquiry that was conducted.

**CONCLUSION**

The plaintiffs' motion to compel is granted in part and denied in part. Within fourteen days of this order, USF must serve amended, verified answers to Doe 4's Interrogatories Nos. 5 and 6 that state, for each agreed custodian and for each non-custodial source: (1) the categories of records searched; (2) the source and its location; (3) who conducted the search or collection (counsel or custodian); (4) the manner of review, including any limitations applied (e.g., date ranges); (5) the date of the search or collection; and (6) whether responsive documents were found. To the extent that either interrogatory seeks USF's privileged attorney-client communications or protected work product — including its counsel's deliberations, strategy, and reasoning related to its search and

[29] *Id.*; Moldovan Decl. – ECF No. 547-1 at 4–8 (¶¶ 5–6).

[30] Disc. Letter Br. – ECF No. 547 at 4.

[31] *Id.*

United States District Court
Northern District of California

collection efforts — the plaintiffs' motion is denied; USF is not required to disclose any privileged communications or protected work product. If, after reasonable inquiry, USF cannot supply an item requested by either interrogatory, it must provide a declaration that says so and describes the inquiry that was conducted.

**IT IS SO ORDERED.**

Dated: August 6, 2026

LAUREL BEELER
United States Magistrate Judge