United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JOHN DOE 1, et al.,

Plaintiffs,

v.

UNIVERSITY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 22-cv-0559-LB

**ORDER RE CASE SCHEDULE**

Re: ECF No. 568

**INTRODUCTION**

The plaintiffs are former University of San Francisco (USF) baseball players who allege that their coaches created a sexualized, hostile environment and that USF knew of and covered up the conduct.[1] USF's intent to move for partial summary judgment on the statute of limitations (SOL) has been a given issue since the case's inception. In August 2026, the court (on a schedule the parties negotiated) reset the motion to address whether the SOL merited dismissal of the claims from October 2026 to December 2026.[2] In their recent case-management statement, the parties dispute who should hear the motion. The plaintiffs ask the court to keep the schedule. The

[1] Fourth Am. Compl. – ECF No. 532; Joint Case-Mgmt. Statement – ECF No. 568. Citations are to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 560 at 2.

United States District Court
Northern District of California

defendants ask the court to continue resolving discovery disputes (through when this court steps down from judicial service in December 2026) but to leave all substantive motions (the SOL motion included) to the reassigned judge.[3]

The SOL motion will remain on the current schedule, and the undersigned will hear it. The schedule is one the parties negotiated and the court ordered, months ago, and the defendants identify no case-management reason to disturb it. The motion is ready for consideration: fact discovery closes November 2, 2026, and the court's earlier orders deferred the fact-bound issues about timeliness to an early summary-judgment motion on a developed record. Deciding the motion in December also advances the case: the ruling will define the timely claims (and the damages periods) before expert disclosures are due on December 18, 2026, and it will narrow what the reassigned judge must manage to trial in 2027.

Under the Civil Local Rules and the current schedule, USF's motion is due no later than October 29, 2026, the opposition is due November 12, 2026, and the reply is due November 19, 2026. Civil L.R. 7-2. The hearing remains set for December 3, 2026, at 9:30 a.m. The court will not readjust these deadlines.

## STATEMENT

Does 1–3 filed this case on March 11, 2022. Does 4–14 were added by amendment.[4] The claims survived three rounds of motions to dismiss, and the court's orders left the fact-dependent issues about the SOL for consideration on a fully developed record.[5] After the court denied class certification on March 5, 2025, Does 15–19 (absent members of the putative class) filed a separate action. The court addressed their motions to dismiss the claims, holding them timely at the pleading stage under *American Pipe* class-action tolling and, independently, California equitable tolling. The court ultimately consolidated the claims of Does 15–19 with this case.[6] The timeliness of the

[3] Joint Case-Mgmt. Statement – ECF No. 568 at 3–4.

[4] Compl. – ECF No. 1; Second Am. Compl. – ECF No. 93; Third Am. Compl. – ECF No. 133.

[5] Orders – ECF Nos. 88, 128 & 149.

[6] Order – ECF No. 312 (class certification); Orders – ECF Nos. 441 & 441-1 at 4–8 (timeliness at the pleading stage); Order – ECF No. 524 (granting leave to amend).

United States District Court
Northern District of California

plaintiffs' claims thus has been litigated repeatedly on the pleadings. What remains is resolution on a fuller record.

The case is in its final phase of fact discovery: seventeen depositions are set for October, and non-expert discovery closes on November 2, 2026.[7] Under the current schedule, initial expert disclosures are due December 18, 2026, rebuttal disclosures are due February 19, 2027, and expert discovery closes March 22, 2027. The remaining dispositive and *Daubert* motions are due February 1, 2027, to be calendared for a hearing on June 17, 2027. The ten-day jury trial begins October 12, 2027, at least on the schedule that the court set (in anticipation that the reassigned judge might be able to accommodate the schedule).[8]

The parties' positions are as follows. The plaintiffs ask the court to keep the existing SOL motion schedule (adjusting only the miscalendared Monday hearing date to the ordinary Thursday), citing the court's familiarity with the limitations issue disputes that the court has resolved, the narrowness and ripeness of the issue, and the costs of deferring it "for determination by an unknown judge at an unknown future date." They recite the court's assessment, at the status conference on August 6, 2026, that it is best positioned to decide the issue at summary judgment.[9] The defendants respond that (1) a decision "just days or weeks before a judicial transition" would bind the new judge on an issue "likely to shape the scope and nature of the upcoming trial," (2) the new judge will decide other expected summary-judgment motions, and (3) rulings "are likely to be more consistent if all substantive motions going forward are addressed by the same judge."[10]

## ANALYSIS

### 1. The Motion Stays on Its Existing Schedule

A case schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The December hearing is part of the case schedule: the parties negotiated it, and

---

[7] Joint Case-Mgmt. Statement – ECF No. 568 at 2.

[8] Scheduling Order – ECF No. 569 at 1–2.

[9] Joint Case-Mgmt. Statement – ECF No. 568 at 3.

[10] *Id.* at 3–4.

the court ordered it, months ago. The defendants identify no case-management ground to vacate it: no discovery issues, no prejudice. Their only ground is the timing of the reassignment addressed below. On every measure, the existing schedule makes sense.

First, there is no ground that merits deferral of the motion. The court declined to resolve the fact-dependent issues about the SOL on the pleadings, fact discovery closes November 2, and the motion will be briefed on a complete fact record, with the hearing date that the parties requested.[11] The separate, targeted motion is the course the court has already authorized, at USF's request. This is a permissible exercise of the court's discretion to manage summary-judgment practice.[12] *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Moreover, it is not a given that a judge on reassignment would allow an early summary-judgment motion like this: many judges allow only one summary-judgment motion.

Second, deferral has costs. This case was filed in 2022. Sending a ripe motion to be heard "at an unknown future date" by a newly assigned judge (who would need to absorb a four-year record and the many orders issued in the case) does not advance judicial economy, the interests of any party, or the efficient management of the case. By contrast, hearing the SOL motion in December advances the case schedule. Deciding the SOL issues, raised by USF throughout the case, fixes the claims and the time periods for them, which will inform the *Daubert* and dispositive motions in 2027.

**2. The Impending Reassignment Does Not Change the Analysis**

The defendants argue that the next judge, not this one, should decide the motion. But the identity of the decisionmaker is not a case-management consideration. Motions are heard by the judge assigned when they become ripe. Cases are structured around schedules, not around transitions on the bench. Where ripeness of a motion and considerations of judicial economy suggest a timely decision (and they do here, given that the court approved the parties' schedule), the fact that a reassignment will follow does not require deferral of the motion and reassignment.

[11] Orders – ECF Nos. 88, 128, 149, & 569 (the last summarizing all calendared hearings and filing dates).

[12] Order – ECF No. 560 at 2; Order – ECF No. 569 at 1–2.

A December ruling does not improperly "bind" the reassigned judge: every interlocutory order binds in that limited sense, and all of them remain revisable before final judgment. Fed. R. Civ. P. 54(b); Civil L.R. 7-9; *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001). What would constrain the new judge is the alternative: a cold record and an unresolved threshold issue about the SOL (a potentially dispositive issue that USF has been pushing) that guides the case schedule and informs the round-two motions. As for consistency, the court has addressed every challenge to the SOL and set out a reasonable motion schedule to address the issues. All will inform the substantive /*Daubert* motions. The defendants' proposal (that the undersigned keep deciding discovery disputes through the transition in December) effectively concedes that the court's job is to decide what is ready to be decided, including the SOL issues and discovery, all resolvable through a hearing on December 3, 2026.

## CONCLUSION

USF's partial summary-judgment motion on the statute of limitations remains set for hearing on December 3, 2026, at 9:30 a.m. Under the Civil Local Rules' default schedule, the motion is due October 29, 2026, the opposition is due November 12, 2026, and the reply is due November 19, 2026. Civil L.R. 7-2(a), 7-3(a), (c). This resolves the scheduling dispute in the parties' joint case-management statement, ECF No. 568.[13]

**IT IS SO ORDERED.**

Dated: October 13, 2026

LAUREL BEELER
United States Magistrate Judge

[13] The plaintiffs rightly construed the earlier hearing date of December 7 as a typographical error that the court approved by entering the parties' stipulation. Joint Case-Mgmt. Statement – ECF No. 568 at 3. They propose a hearing date of December 10, 2026, with this case schedule: motion due November 5, opposition due November 19, and reply due December 3. *Id.* This is not the ordinary five-week schedule under the Local Rules, which call for a reply seven days after the opposition. Civil L.R. 7-1, 7-3–7-4. Logistically, the case must be set for a hearing on December 3.