United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

JOHN DOE 1, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

THE UNIVERSITY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 22-cv-01559-LB

**DISCOVERY ORDER**

Re: ECF No. 588

**INTRODUCTION**

The plaintiffs — nineteen former members of the University of San Francisco's baseball team — claim principally that two baseball coaches abused them and that USF's response violated Title IX.[1] They challenge 323 entries on USF's privilege log. They contend that (1) USF is withholding ordinary business communications, (2) the log does not let them test USF's claims, and (3) USF has waived the privilege by refusing to support them. They ask the court to order USF to produce all 323 documents and to overrule its privilege claim over a document that it clawed back.[2] USF asks the court to deny the requests.[3]

[1] Fourth Am. Compl. – ECF No. 532. Record citations are to the ECF-stamped page numbers at the top of filed documents.

[2] Disc. Letter Br. – ECF No. 588 at 2–3, 6.

[3] *Id.* at 4–5.

The court grants the requests in part. USF has not waived the privilege: it served detailed logs, re-reviewed the documents that the plaintiffs challenged, and produced hundreds of them. But the clawed-back document is not privileged, and USF's log has three defects. First, entries that describe a document only as "reflecting" legal advice do not allow anyone to assess the claim. Second, USF has withheld whole drafts when redactions would protect what is privileged. And third, six entries omit the author or the recipients. USF must cure those defects or produce the documents, on the terms set forth below. The plaintiffs' challenge to communications that include USF's general counsel fails except for one document and any others like it.

## STATEMENT

USF served privilege logs on August 17 and September 4, 2026, with more than 3,500 entries.[4] On September 25, the plaintiffs sent USF a letter and a spreadsheet challenging 1,227 of the entries. USF did not answer the letter. It re-reviewed the challenged documents and, in October, reproduced 816 of them and stood on its claims for the other 411.[5] On November 2 and 3, USF produced 2,667 more documents and a "global" log with 5,334 entries.[6] Fact discovery closed on November 2.[7]

The plaintiffs then challenged 611 entries.[8] After it received the plaintiffs' part of the letter brief, USF produced 243 of the 245 documents that it had withheld only for privacy, produced two documents that it had withheld or redacted as privileged, and added missing information to

[4] Moldovan Decl. – ECF No. 587-3 at 2 (¶¶ 2–3).

[5] *Id.* (¶¶ 4–5); Weng Decl. – ECF No. 588-2 at 2 (¶ 2).

[6] Moldovan Decl. – ECF No. 587-3 at 2–3 (¶¶ 8–9).

[7] Case Schedule – ECF No. 569 at 1.

[8] Moldovan Decl. – ECF No. 587-3 at 3 (¶¶ 10, 12).

twenty-four entries.[9] The parties filed the letter brief on November 18, the deadline that the court set based on their stipulation.[10] Their joint Exhibit A lists the 323 entries that remain in dispute.[11]

## LEGAL STANDARD

The attorney-client privilege protects confidential communications between a client and a lawyer that are made to obtain or give legal advice. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). The party asserting the privilege bears the burden of establishing it, and the privilege is strictly construed. *Id.* at 607–08. It protects communications, not the underlying facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981). It does not protect business advice, and a communication with both a legal and a business purpose is privileged only if its primary purpose was to give or receive legal advice. *In re Grand Jury*, 23 F.4th 1088, 1091–92 (9th Cir. 2021). No presumption of privilege attaches to communications with in-house counsel, who may act in a business role. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002). The party claiming the privilege for such a communication "must make a clear showing that the speaker made the communication for the purpose of obtaining or providing legal advice." *In re Cal. Bail Bond Antitrust Litig.*, 778 F. Supp. 3d 1051, 1058 (N.D. Cal. 2025) (cleaned up).

A party that withholds a document as privileged must describe it "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). A log that identifies the lawyer and the client, the nature of the document, the people who sent and received it, its date, and its subject can make that showing. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

---

[9] Weng Decl. – ECF No. 588-2 at 2 (¶¶ 4–6). The plaintiffs agree that the productions resolved their challenges to the privacy withholdings. Disc. Letter Br. – ECF No. 588 at 6. The court does not reach those challenges.

[10] Order on Stipulation – ECF No. 577.

[11] Disc. Letter Br. – ECF No. 588 at 1; Ex. A – ECF No. 588-3. The court can decide the dispute without a hearing. Civil L.R. 7-1(b). All parties consented to magistrate-judge jurisdiction. Consents – ECF Nos. 35 (Giarratano), 42 (Nakamura), 48 (USF), 15 (plaintiffs), & 397 (plaintiffs); 28 U.S.C. § 636(c).

## ANALYSIS

### 1. USF Has Not Waived the Privilege

The plaintiffs contend that USF waived the privilege for all 323 documents by failing, despite several chances, to support its claims.[12] A deficient log does not automatically waive the privilege. Whether it does depends on the circumstances of the case: (1) how well the log allows the other side and the court to evaluate the claims, (2) whether the log was timely, (3) the size of the production, and (4) anything that made responding to discovery unusually easy or hard. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005). The factors serve "a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process." *Id.*

The factors weigh against waiver. USF's log gives the particulars that a log ordinarily gives — author, sender, recipients, date, subject line, privilege claimed, and a description — and *Burlington* treats that as "presumptively sufficient." *Id.* The plaintiffs do not contend that the logs were late. The production was large: the global log alone has 5,334 entries.[13] And when the plaintiffs challenged its entries, USF re-reviewed the documents and reproduced two-thirds of those first challenged.[14] That many reversals support the plaintiffs' concern that USF over-designated documents. *See Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 864 n.4 (N.D. Cal. 2019). But re-reviewing challenged documents and producing them is what a party should do. It is not tactical manipulation. The defects that remain call for the specific relief below, not forfeiture of the privilege for 323 documents.

### 2. The Clawed-Back Document Is Not Privileged

USF_0356932 is a March 2016 email from USF's risk-services manager to athletics and university staff. No lawyer sent or received it. USF produced it, clawed it back, and redacted one

---

[12] Disc. Letter Br. – ECF No. 588 at 2–3, 6.

[13] Ex. A – ECF No. 588-3; Moldovan Decl. – ECF No. 587-3 at 2–3 (¶ 9).

[14] Moldovan Decl. – ECF No. 587-3 at 2 (¶¶ 4–5); Weng Decl. – ECF No. 588-2 at 2 (¶¶ 2–3).

bullet point as "reflecting legal advice of Donna Jean Davis," its general counsel, "regarding USF Sexual Misconduct policy."[15] The plaintiffs submitted both versions under seal for a ruling, Fed. R. Civ. P. 26(b)(5)(B), and the court has reviewed them.[16]

The bullet is not privileged. It says whether USF offered a particular training, and it mentions that Ms. Davis was reviewing a policy.[17] The first statement is a fact, and the privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts." *Upjohn*, 449 U.S. at 395. The second reports what Ms. Davis was working on. It does not relay her advice or state a request to her.

USF argues that the bullet would reveal a "matter[] about which the client intends to seek legal advice," and it cites other emails showing that Ms. Davis was consulted about the same training and a draft policy.[18] The argument conflates the subject of a request for advice with the request. An employee's report on a training program is not a communication made to obtain legal advice because a lawyer was asked about the same subject elsewhere. Nor does the bullet disclose anything confidential about counsel's role. USF produced, and filed publicly, an email saying that "the next step would be to send the draft to Martha and Donna for their review," and its log tells the plaintiffs the subject of Ms. Davis's advice in hundreds of entries.[19]

USF's claim is overruled. The plaintiffs may use the document, and USF must reproduce it without the redaction within fourteen days.

**3. USF Must Produce or Re-Describe the Documents Logged as "Reflecting" Legal Advice**

The plaintiffs challenge 123 entries for communications on which no lawyer appears and 145 entries that describe a document as "reflecting" a lawyer's legal advice.[20] The absence of a lawyer

[15] Disc. Letter Br. – ECF No. 588 at 3; Ex. A – ECF No. 588-3 at 13.

[16] Ex. B – ECF No. 587-4 at 2, 4.

[17] *Id.* at 4.

[18] Disc. Letter Br. – ECF No. 588 at 4 & n.2; Weng Decl. – ECF No. 588-2 at 7–8 (¶¶ 24–25).

[19] Weng Decl. – ECF No. 588-2 at 8 (¶ 25); Ex. A – ECF No. 588-3.

[20] Disc. Letter Br. – ECF No. 588 at 2–3.

United States District Court
Northern District of California

does not defeat the privilege, but an entry must say what makes the communication privileged, and "reflecting legal advice" does not.

Employees who are not lawyers can have privileged communications with each other. The privilege applies when they "discuss or transmit legal advice given by counsel" and when an employee "discusses her intent to seek legal advice about a particular issue." *Dolby*, 402 F. Supp. 3d at 866 (cleaned up). It also applies when employees gather information that counsel needs to give legal advice. *See Upjohn*, 449 U.S. at 394–95; *ChevronTexaco*, 241 F. Supp. 2d at 1077. But a discussion is not privileged because its subject was, is, or will be raised with a lawyer, or because someone later forwarded it to one. *See Upjohn*, 449 U.S. at 395–96; *Sidibe v. Sutter Health*, No. 12-cv-04854-LB, 2018 WL 783808, at *4 (N.D. Cal. Feb. 7, 2018).

When an entry says that a communication among employees relays a named lawyer's advice or states a request for it, the entry allows the plaintiffs to assess the claim.[21] An entry that does not say so falls short. The entry for USF_0012169, for example, says only that two employees were "discussing strategy" about this case.[22]

The entries logged as "reflecting" legal advice have the same defect. A statement that a document reflects "legal advice of Donna Jean Davis regarding" a subject does not say whether the withheld text relays her advice, asks for it, or only concerns something on which she was consulted. That is why "vaguely stating that a business document somehow 'reflects' legal advice" does not establish the privilege. *Sidibe*, 2018 WL 783808, at *4; *accord Dolby*, 402 F. Supp. 3d at 866.

USF's counsel attests that the label covers communications in which employees were "discussing or transmitting legal advice or discussing matters underlying an intent to request legal advice."[23] Read broadly, the last phrase reaches any discussion of a subject that someone plans to raise with counsel. The clawed-back email is logged as "reflecting legal advice" and reflects none.

---

[21] *See, e.g.*, Ex. A – ECF No. 588-3 at 5 (USF_0152819) (email "sharing and discussing legal advice from USF General Counsel" about a named form).

[22] *Id.* at 7. USF's declaration adds that the email's contents were "forwarded to USF's counsel," which does not show that the email was written to obtain her advice. Weng Decl. – ECF No. 588-2 at 3 (¶ 10).

[23] Weng Decl. – ECF No. 588-2 at 3 (¶ 11).

United States District Court
Northern District of California

USF_0250635 is logged the same way, but USF now says that it redacted a draft because the draft was sent to counsel. So is USF_0266468, but USF now says that the redacted text transmits and addresses counsel's request for information. For three other examples, USF says that the redactions discuss "an intent to request legal advice."[24] One label thus covers at least four kinds of content, and at least one of them is not privileged. The plaintiffs cannot assess a claim described that way. Fed. R. Civ. P. 26(b)(5)(A)(ii).

USF must fix these entries now. The plaintiffs objected to the label on September 25, and USF has kept it through its re-reviews and a new log.[25] Within twenty-one days, for each entry that the plaintiffs challenge in the last column of Exhibit A because no lawyer is on the communication or because the document is described as "reflecting" legal advice, USF must produce the document except the text that (1) relays or discusses legal advice that a lawyer gave, (2) states or prepares a request to a lawyer for legal advice, or (3) gathers or transmits information for a lawyer to use in giving legal advice. If USF continues to withhold or redact text, the entry must say which of the three applies and name the lawyer. An entry that describes a document as "reflecting" legal advice does not meet that requirement. Within the same twenty-one days, USF must serve an amended description for each entry that falls short or produce the document in full.

**4. Copying General Counsel Does Not Create or Defeat the Privilege**

The plaintiffs challenge 118 entries on the ground that USF's general counsel, usually Ms. Davis, was one of many recipients. They argue that wide distribution defeats the privilege and that Ms. Davis was only copied on emails that others wrote.[26]

Copying a lawyer on an email does not make it privileged. But sharing a privileged communication with the employees who "need to know" its content does not forfeit the privilege. *Garvey v. Hulu, LLC*, No. 11-cv-03764-LB, 2015 WL 294850, at *2 (N.D. Cal. Jan. 21, 2015).

---

[24] *Id.* at 3 (¶¶ 11–12), 4 (¶¶ 14–15), 6–7 (¶¶ 21–22); Ex. A – ECF No. 588-3 at 7–8, 12–13, 17, 21.

[25] Moldovan Decl. – ECF No. 587-3 at 2–3 (¶¶ 4, 9); Weng Decl. – ECF No. 588-2 at 2 (¶¶ 2–3).

[26] Disc. Letter Br. – ECF No. 588 at 2–3, 6; Moldovan Decl. – ECF No. 587-3 at 12 (¶ 25). The plaintiffs' opening position has 121 entries in this category, and their reply and declaration have 118.

The entries in this category name the lawyer and list the participants, and most say that the communication asked for or gave the lawyer's advice on a stated subject.[27] An entry with that information makes a prima facie showing that the communication is privileged. *In re Grand Jury Investigation*, 974 F.2d at 1071.

The plaintiffs' objections do not rebut those entries. They count recipients — sixty-two of the 118 entries list five or more — but they identify no recipient who lacked a reason to be included. A request for legal advice is written by the client, so it does not matter that the redacted words are not Ms. Davis's. A lawyer who is copied can be the lawyer whose advice is sought. And USF's remark that the plaintiffs should "assume" that a redaction relates to Ms. Davis is beside the point, because the entries say so.[28] The participants in USF_0105331 labeled the thread "ATTY COMMUNICATION," and Ms. Davis answered it with advice that the plaintiffs do not challenge. USF's counsel attests that Ms. Davis's advice appears on the face of USF_0370600. And the author of the redacted email in USF_0382538 labeled it an "Attorney-Client Privileged Communication."[29]

USF has not met its burden for USF_0205618. The visible text shows that the redacted passage is a human-resources employee's list of suggestions to a colleague, with Ms. Davis among six people copied.[30] The log says that the email requests Ms. Davis's legal advice, and USF's declaration says only that her involvement was "critical."[31] That does not explain how one employee's suggestions to another are a request to a lawyer for legal advice. USF must produce the email without that redaction within fourteen days. It must also apply this ruling to the rest of the category: within twenty-one days, it must produce any other redacted text that is one employee's

[27] Entries in this category that describe a document only as "reflecting" legal advice are subject to the ruling in the preceding section.

[28] Moldovan Decl. – ECF No. 587-3 at 2 (¶ 6), 12 (¶ 25); Disc. Letter Br. – ECF No. 588 at 6.

[29] Weng Decl. – ECF No. 588-2 at 5–6 (¶¶ 17–20); Ex. A – ECF No. 588-3 at 16.

[30] Moldovan Decl. – ECF No. 587-3 at 6 (¶ 17); Ex. A – ECF No. 588-3 at 2.

[31] Weng Decl. – ECF No. 588-2 at 3 (¶ 13).

United States District Court
Northern District of California

business communication to another and not a request to a lawyer for legal advice or a lawyer's advice.

**5. A Business Document Is Not Privileged Because Counsel Reviewed It**

The plaintiffs challenge forty entries that withhold business documents written by non-lawyers, such as presentations and communications plans.[32] USF responds that the documents were sent to counsel for review, were prepared at counsel's request, or contain counsel's edits and comments.[33]

When a client sends a draft to a lawyer in confidence and asks for legal advice on it, "that specific copy of the draft" is privileged, and so are the lawyer's comments. *Nat'l TPS All. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-01766-EMC, 2026 WL 2790281, at *2 (N.D. Cal. Sep. 17, 2026). But privilege in one copy "does not immunize other copies of the same draft." *Id.* A business document does not become privileged because someone forwarded it to a lawyer for review. *Sidibe*, 2018 WL 783808, at *4. And when the privileged parts of a document are "distinct and severable," they are redacted, and the rest is produced. *United States v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015) (cleaned up).

USF's two examples show that it has withheld more than the privilege covers. It withheld all of USF_0383170, a draft communications plan, "because the document on its face includes specific requests for legal advice," and it produced another iteration of the plan, without the requests, in full. The cover email sent the draft to the athletic director and copied Ms. Davis and three others.[34] On USF's account, then, the requests are the privileged part, and they are severable. USF must produce the plan with only those requests redacted.

USF_0250635 is a draft statement to the university community. USF redacted the draft "because it was sent to counsel for legal advice."[35] But the draft was also circulated for approval. The copy at issue is a forward from Angie Davis to Julie Orio under the subject line "approve

---

[32] Disc. Letter Br. – ECF No. 588 at 3.

[33] *Id.* at 5.

[34] Weng Decl. – ECF No. 588-2 at 3 (¶ 10), 9 (¶¶ 26–27).

[35] *Id.* at 4 (¶¶ 14–15).

soccer statement?", and an email that USF produced reports that "Joan and Paul have both approved."[36] USF's showing — that the draft went to counsel "among other recipients" — does not establish that its primary purpose was legal advice, and privilege in the copy that Ms. Davis received would not reach a copy that others forwarded among themselves. USF must produce the draft. It may keep redacted any specific request to Ms. Davis for legal advice. USF must make both productions within fourteen days.

Within twenty-one days, USF must apply these rules to the rest of the category. It must produce each document, redacting only requests to a lawyer for legal advice and a lawyer's comments, edits, or advice. USF may withhold a document in full only if all of it is privileged, and it must then serve an amended description that says why and, for a draft sent to counsel, who sent that copy to which lawyer and when.

**6. USF Must Complete the Six Incomplete Entries**

Six entries still lack basic information: two drafts have no author or custodian, and four email chains have no sender or recipients.[37] An entry that does not say who wrote or received a document does not show a confidential communication with a lawyer. The plaintiffs ask for waiver, but USF supplied the same information for twenty-four other entries by reviewing the documents by hand, and it can do that here.[38] Within fourteen days, USF must supply the missing information for USF_PRIV0000004, USF_PRIV0000094, USF_PRIV0005039, USF_PRIV0005084, USF_PRIV0005086, and USF_PRIV0005087. It must produce any document whose entry it does not complete.

[36] Ex. A – ECF No. 588-3 at 17; Weng Decl. – ECF No. 588-2 at 4 (¶ 15).

[37] Moldovan Decl. – ECF No. 587-3 at 12–13 (¶ 26); Ex. A – ECF No. 588-3 at 2, 4–5.

[38] Disc. Letter Br. – ECF No. 588 at 6; Weng Decl. – ECF No. 588-2 at 2 (¶ 6).



United States District Court
Northern District of California

United States District Court
Northern District of California

**7. Further Briefing Is Unnecessary**

The plaintiffs ask for additional briefing because of the number of challenges and the complexity of the issues.[39] The letter brief, the declarations, and the exhibits are enough to decide the dispute. The request is denied.

**CONCLUSION**

The court grants in part and denies in part the plaintiffs' requests and orders as follows.

1. The request for a finding that USF waived the privilege for the 323 documents listed in Exhibit A is denied.

2. USF's privilege claim over USF_0356932 is overruled. The plaintiffs may use the document, and USF must reproduce it without the redaction within fourteen days.

3. Within fourteen days, USF must produce (a) USF_0205618 without the redaction of the suggestions in the April 30, 2013 email, (b) USF_0383170 with only its specific requests for legal advice redacted, and (c) USF_0250635 with the draft statement unredacted, except that USF may keep redacted any specific request to Ms. Davis for legal advice.

4. Within fourteen days, USF must supply the missing author, custodian, sender, and recipient information for USF_PRIV0000004, USF_PRIV0000094, USF_PRIV0005039, USF_PRIV0005084, USF_PRIV0005086, and USF_PRIV0005087, and it must produce any document whose entry it does not complete.

5. Within twenty-one days, for each entry that the plaintiffs challenge in the last column of Exhibit A because no lawyer is on the communication or because the document is described as "reflecting" legal advice, USF must produce the document except the text that (a) relays or discusses legal advice that a lawyer gave, (b) states or prepares a request to a lawyer for legal advice, or (c) gathers or transmits information for a lawyer to use in giving legal advice. If USF continues to withhold or redact text, the entry must say which of the three applies and name the lawyer. An entry that describes a document as "reflecting" legal advice does not meet that

[39] Disc. Letter Br. – ECF No. 588 at 1.

requirement. Within the same twenty-one days, USF must serve an amended description for each entry that falls short or produce the document in full.

6. Within twenty-one days, for each entry that the plaintiffs challenge as a business document written by a non-lawyer, USF must produce the document, redacting only requests to a lawyer for legal advice and a lawyer's comments, edits, or advice. USF may withhold a document in full only if all of it is privileged, and it must then serve an amended description that says why.

7. Within twenty-one days, for the entries that the plaintiffs challenge because USF's general counsel was one of many recipients, USF must produce any other redacted text that is one employee's business communication to another and not a request to a lawyer for legal advice or a lawyer's advice. The challenge to those entries is otherwise denied.

8. The plaintiffs' challenges to the documents withheld for privacy are moot. Their request for additional briefing and their other requests are denied.

This resolves ECF No. 588.

**IT IS SO ORDERED.**

Dated: November 23, 2026

LAUREL BEELER
United States Magistrate Judge